# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
HVT, INC.,

        Plaintiff,

-against-

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,

        Defendant.
------------------------------------------------------------

Case No.:

**COMPLAINT**

CV 15  5867

(BROOKLYN DIVISION)

BRODIE, J.

SCANLON, M.J.

FILED
CLERK
2015 OCT 13 AM 8:45
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

FOR ITS COMPLAINT, THE PLAINTIFF ALLEGES AS FOLLOWS:

## JURISDICTION AND VENUE

1. Plaintiff brings a declaratory judgment/ civil rights action pursuant to 42 U.S.C. §1983 and §1988 for deprivation of Plaintiff's rights secured by the Fourteenth Amendment to the United States Constitution.

2. Jurisdiction is conferred on this Court by 28 U.S.C. §§1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in the Court for all suits brought pursuant to 42 U.S.C. §1983.

3. Jurisdiction is conferred on this Court by 28 U.S.C. §1331 because the cause of action rises under the Constitution and laws of the United States.

4. The supplemental jurisdiction of the District Court is invoked pursuant to 28 U.S.C. §1367 for inter-related state law claims which arise from the occurrences giving rise to the Federal claims and which have a common nucleus of operative fact.

5. Venue lies in the Court pursuant to 28 U.S.C. §1391(b)(ii) in that Queens County is the underlying county for purposes of venue and where a substantial part or all of the events occurred.

## PARTIES

6. Plaintiff HVT, Inc. (hereinafter "HVT") is a corporation organized and existing by virtue of laws of the State of Delaware and the holder of the duly recorded ownership interest in the 2012 Honda Odyssey vehicle bearing vehicle identification number 5FNRL5H27CB101687, which is hereinafter described as The Subject Vehicle; HVT is an affiliate of Honda Motor Co. Ltd and its regular business is the leasing of Honda vehicles.

7. Defendant Port Authority of New York and New Jersey (hereinafter "PANYNJ") is a bi-state agency between New York and New Jersey and the entity currently in control of The Subject Vehicle.

## INTRODUCTION

8. The PANYNJ deprived HVT of its right, secured by the Fourteenth Amendment to the United States Constitution, to be free from State deprivations of property without due process of law. The PANYNJ seized The Subject Vehicle and failed to take any action to obtain judicial review of the seizure and detention and failed to pursue judicial disposition of the vehicle within a reasonable amount of time. Without any prior notice to HVT, PANYNJ impressed a supposed lien for $4,491.09 in towing and storage charges against The Subject Vehicle which would supposedly supersede HVT's interests in The Subject Vehicle. After asserting the ex parte lien for $4,491.09 against The Subject Vehicle, PANYNJ assessed further storage charges at the rate of $100.00 per day which supposedly superseded HVT's rights, without having afforded HVT a hearing before an impartial decision-maker, with adequate notice, whereat HVT could protect its interests in The Subject Vehicle. PANYNJ continues to hold and detain The Subject Vehicle and continues to assert that it is entitled to a lien for towing and storage charges, accrued and continuing to accrue at the rate of $100.00 per day, which purportedly has priority over HVT's rights. PANYNJ's actions also deprive HVT of its right to Due Process secured by Article I, Section 6 of the New York State Constitution.

## FACTS

9. On July 21, 2012, an individual named B. Jean-Laurent leased The Subject Vehicle from an automobile dealership in Brooklyn, NY pursuant to a closed-end vehicle lease agreement. (hereinafter "The Lease Agreement")

10. The Lease Agreement was assigned to and became the property of HVT.

11. Title to The Subject Vehicle was issued by The New York State Department of Motor Vehicles in the name of HVT as owner.

12. HVT has remained the owner of The Subject Vehicle from the date title issued to present.

13. On or about March 14, 2015, PANYNJ seized The Subject Vehicle pursuant to an arrest made under NYPL 170.20 (criminal possession of a forged instrument) at the John F. Kennedy International Airport through actions of PANYNJ police officers acting within their duties as law enforcement officers at the airport.

14. HVT had no involvement with or knowledge of the operation of The Subject Vehicle at the time it was seized by PANYNJ police officers.

15. HVT has not been charged with any wrong doing relating to The Subject Vehicle.

16. On April 27, 2015, HVT received a letter from PANYNJ dated April 22, 2015 (a copy of which is attached hereto as Exhibit "1") which stated that $4,491.09 in charges had been assessed on The Subject Vehicle through April 22, 2015; that further charges would accrue at the rate of $100.00 per day; that HVT would have to pay all such charges in order to recover The Subject Vehicle; and that if HVT did not recover the vehicle it would be sold by PANYNJ.

17. The above described letter was the first notice that HVT had that The Subject Vehicle was impounded by PANYNJ or subjected to charges by PANYNJ.

18. Between April 27, 2015 and May 18, 2015 and in an effort to recover The Subject Vehicle, HVT representatives made numerous telephone calls to the PANYNJ number provided on the PANYNJ letter dated April 22, 2015.

19. PANYNJ did not respond to HVT's attempts to recover the vehicle until May 18, 2015 when PANYNJ Officer DeRosa telephoned HVT to advise that The Subject Vehicle would not be released to HVT until the Queens County District Attorney provided a release of The Subject Vehicle.

20. During the May 18, 2015 telephone call, PANYNJ Officer DeRosa advised HVT that storage charges had accrued on The Subject Vehicle at the rate of $100.00 per day beginning on the date of impound and would continue to accrue at $100.00 per day until PANYNJ released The Subject Vehicle.

21. After impounding The Subject Vehicle on March 14, 2015, PANYNJ did not take action to secure judicial review of the seizure.

22. After impounding The Subject Vehicle on March 14, 2015, PANYNJ did not take action to secure judicial review over the continued retention of The Subject Vehicle.

23. After impounding The Subject Vehicle on March 14, 2015 PANYNJ did not pursue judicial disposition or forfeiture proceedings within a reasonable amount of time.

24. Prior to sending HVT the letter dated April 22, 2015 which asserted that $4,491.09 in charges had been assessed against The Subject Vehicle PANYNJ had not provided any hearing before an impartial decision-maker, with adequate notice, whereat HVT could protect its interests in recovering the vehicle and avoiding storage charges accruing at the rate of $100.00 per day.

25. PANYNJ continues to hold and detain The Subject Vehicle and continues to assert that it is entitled to a lien for towing and storage which has priority over HVT's rights.

26. HVT's lease agreement for The Subject Vehicle provides that HVT has the right to take possession of The Subject Vehicle if the vehicle is subject to seizure or confiscation.

## CAUSES OF ACTION

### COUNT I

### Violation of Civil Rights Pursuant to title 42 U.S.C. §1983
### (Deprivation of Property Without Due Process of Law)

27. HVT realleges and incorporates herein by reference the allegations set forth in paragraphs 9-25 of the complaint.

28. Prior to PANYNJ's involvement with The Subject Vehicle HVT held the duly recorded ownership interest in The Subject Vehicle.

29. HVT had the immediate right to take possession of The Subject Vehicle pursuant to the terms of HVT's lease agreement.

30. PANYNJ acted under color of state law to deprive HVT of a valuable property interest, namely possession of The Subject Vehicle, by seizing and detaining The Subject Vehicle without providing any form of notice or hearing whereat HVT could protect its interests.

31. PANYNJ acted under color of state law to deprive HVT of its interests in The Subject Vehicle by assessing towing and storage fees against The Subject Vehicle without having provided any notice to HVT that PANYNJ was accruing charges or fees that would supposedly supersede HVT's interests and without having provided a hearing whereat HVT could protect its interests from such supposed lien.

32. PANYNJ's action in using state law to deprive HVT of its property rights in The Subject Vehicle without notice of such deprivation and the opportunity for a hearing violates the Due Process requirement of the Fourteenth Amendment to the United States Constitution.

33. As a result of the PANYNJ's violation of HVT's rights to Due Process under the Fourteenth Amendment to the United States Constitution, PANYNJ is precluded from detaining The Subject Vehicle and must release The Subject Vehicle to HVT.

34. As a result of PANYNJ's violation of HVT's rights to Due Process under the Fourteenth Amendment to the United States Constitution, any charges asserted as a lien against The Subject Vehicle should be declared to be null and void with PANYNJ declared to no longer have any right to possess the vehicle as against the claims of HVT.

35. PANYNJ knew or should have known that it was unlawful and unconstitutional to create a towing and storage lien based upon possession created by police authority which possession was not promptly confirmed following notice and judicial review.

36. PANYNJ knew or should have known that it was unconstitutional to create a towing and storage lien for the period of time that the PANYNJ was detaining the vehicle for criminal law enforcement purposes where notice and a hearing upon the validity of such lien had not been afforded to the persons with property interests in The Subject Vehicle.

37. As a direct and proximate result of PANYNJ's violation of HVT's rights to Due Process under the Fourteenth Amendment to the United States Constitution HVT has suffered general and special monetary damages based upon the lost value of The Subject Vehicle and is entitled to relief under 42 U.S.C. §1983.

38. At the time of PANYNJ's impound of The Subject Vehicle the vehicle had a value of $16,300.00 according to the NADA valuation guidebook value.

39. The current value of The Subject Vehicle is $15,650.00 according to the NADA valuation guidebook value.

40. The conduct of PANYNJ in not seeking to have a prompt judicial review of the seizure and detention The Subject Vehicle was consistent with and part of the standard procedure and policy utilized by PANYNJ.

41. The conduct of PANYNJ in not pursing judicial disposition of The Subject Vehicle prior hereto was consistent with and part of the standard procedure and policy utilized by PANYNJ.

42. The conduct of PANYNJ in charging storage fees as a lien on The Subject Vehicle at the rate of $100.00 per day beginning with the first day of impound on March 14, 2015 and continuing every day thereafter that PANYNJ possesses The Subject Vehicle is consistent with and part of the standard procedure and policy utilized by PANYNJ.

43. The conduct of PANYNJ in charging storage fees as a lien on The Subject Vehicle at the rate of $100.00 per day for the period between the date of impound of March 14, 2015 and the date PANYNJ first sent notice of the impound to HVT on April 22, 2015 is consistent with and part of the standard procedure and policy utilized by PANYNJ.

44. The conduct of PANYNJ in refusing to release The Subject Vehicle to HVT unless HVT paid towing and storage fees of $4,491.09 which were assessed before PANYNJ sent notice to HVT is consistent with and part of the standard procedure and policy utilized by PANYNJ.

## COUNT II
### Replevin

45. HVT realleges and incorporates herein by reference the allegations set forth in paragraphs 9-25 of the complaint.
46. HVT's lease agreement for The Subject Vehicle is in default by reason of the seizure and confiscation occurring with the impound of the vehicle by PANYNJ on March 14, 2015.
47. Such default entitles HVT to take possession of The Subject Vehicle.
48. HVT has made demand upon PANYNJ that The Subject Vehicle be released to HVT but PANYNJ has failed and refused to permit HVT to enter PANYNJ premises for purposes of HVT taking possession of The Subject Vehicle.
49. PANYNJ has no lawful basis to detain The Subject Vehicle from HVT.
50. HVT demands a judgment for possession of The Subject Vehicle.

## COUNT III

### Violation of New York Constitution Article I, Sec. 6
### (Deprivation of Property Without Due Process of Law)

51. HVT realleges and incorporates herein by reference the allegations set forth in paragraphs 9-25 of the complaint.

52. Prior to PANYNJ's involvement with The Subject Vehicle HVT held the duly recorded ownership interest in The Subject Vehicle.

53. HVT had the immediate right to take possession of The Subject Vehicle pursuant to the terms of HVT's lease agreement.

54. PANYNJ acted under color of state law to deprive HVT of a valuable property interest, namely possession of The Subject Vehicle, by seizing and detaining The Subject Vehicle without providing any form of notice or hearing whereat HVT could protect its interests.

55. PANYNJ acted under color of state law to deprive HVT of its interests in The Subject Vehicle by assessing towing and storage fees against The Subject Vehicle without having provided any notice to HVT that PANYNJ was accruing charges or fees that would supposedly supersede HVT's interests and without having provided a hearing whereat HVT could protect its interests from such supposed lien.

56. PANYNJ's action in using state law to deprive HVT of its property rights in The Subject Vehicle without notice of such deprivation and the opportunity for a hearing violates the Due Process requirement of Article I, Section 6 of the New York State Constitution.

57. As a result of the PANYNJ's violation of HVT's rights to Due Process under Article I, Section 6 of the New York State Constitution, PANYNJ is precluded from detaining The Subject Vehicle and must release the vehicle to HVT.

58. As a result of PANYNJ's violation of HVT's rights to Due Process under Article I, Section 6 of the New York State Constitution, any charges asserted as a lien against The Subject Vehicle should be declared to be null and void with PANYNJ declared to no longer have any right to possess the vehicle as against the claims of HVT.

59. PANYNJ knew or should have known that it was unlawful and unconstitutional to create a towing and storage lien based upon possession created by police authority which possession was not promptly confirmed following notice and judicial review.

60. PANYNJ knew or should have known that it was unconstitutional to create a towing and storage lien for the period of time that the PANYNJ was detaining the vehicle for criminal law enforcement purposes where notice and a hearing upon the validity of such lien had not been afforded to the persons with property interests in The Subject Vehicle.

61. As a direct and proximate result of PANYNJ's violation of HVT's rights to Due Process under Article I, Section 6 of the New York State Constitution HVT has suffered general and special monetary damages based upon the lost value of The Subject Vehicle and is entitled to relief under.

62. At the time of PANYNJ's impound of The Subject Vehicle the vehicle had a value of $16,300.00 according to the NADA valuation guidebook value.

63. The current value of The Subject Vehicle is $15,650.00 according to the NADA valuation guidebook value.

64. The conduct of PANYNJ in not seeking to have a prompt judicial review of the seizure and detention The Subject Vehicle was consistent with and part of the standard procedure and policy utilized by PANYNJ.

65. The conduct of PANYNJ in not pursing judicial disposition of The Subject Vehicle prior hereto was consistent with and part of the standard procedure and policy utilized by PANYNJ.

66. The conduct of PANYNJ in charging storage fees as a lien on The Subject Vehicle at the rate of $100.00 per day beginning with the first day of impound on March 14, 2015 and continuing every day thereafter that PANYNJ possesses The Subject Vehicle is consistent with and part of the standard procedure and policy utilized by PANYNJ.

67. The conduct of PANYNJ in charging storage fees as a lien on The Subject Vehicle at the rate of $100.00 per day for the period between the date of impound of March 14, 2015 and the date PANYNJ first sent notice of the impound to HVT on April 22, 2015 is consistent with and part of the standard procedure and policy utilized by PANYNJ.

68. The conduct of PANYNJ in refusing to release The Subject Vehicle to HVT unless HVT paid towing and storage fees of $4,491.09 which were assessed before PANYNJ sent notice to HVT is consistent with and part of the standard procedure and policy utilized by PANYNJ.

## COUNT IV
### Declaratory Relief

69. An actual controversy has arisen and now exists between HVT and PANYNJ warranting declaratory relief pursuant to 28 U.S.C. 2201.

70. HVT seeks a declaration that PANYNJ must release The Subject Vehicle to HVT and that all monetary charges asserted against The Subject Vehicle are null and void against HVT.

71. HVT seeks a declaration that Due Process violations occurring by reason of PANYNJ's continued detention of The Subject Vehicle during the pendency of this action may be mitigated by release of The Subject Vehicle to HVT upon HVT presenting a Bond for approval by the Court in a sum exceeding the total of PANYNJ's monetary claim against The Subject Vehicle.

## MONELL LIABILITY

72. The Deprivation of HVT's rights in The Subject Vehicle described herein, namely, seizure, detention and assertion of an ex parte lien of $4,491.09 for towing and storage charged at the rate of $100.00 per day and further storage charged at the rate of $100.00 per day, without PANYNJ ever having provided a hearing before an impartial decision-maker, with adequate notice thereof, whereat HVT could protect its interests is the responsibility of PANYNJ for the following reasons.

73. It is PANYNJ's official policy under its own regulations, 21 NYCRR § 1260 et seq. as evidenced by official Airport Rules and Regulations issued and published by PANYNJ on August 4, 2009 governing vehicles seized or taken into the possession of PANYNJ for any reason at the John F. Kennedy International Airport, Chapter VI (B) (17), to authorize PANYNJ police and agents thereof to seize, detain, charge towing and storage fees, and hold out such towing and storage fees as a de facto lien taking priority, without ever affording a hearing or notice of said actions to the vehicle owner or secured party maintaining a duly recorded lien on such vehicle.

74. The official decisions attributable to PANYNJ were made and executed by a ranking officer of the PANYNJ police department (Lieutenant) with actual and apparent authority as evinced by his issuance of the letter to HVT dated April 22, 2015 on PANYNJ letterhead which is attached as an Exhibit to this complaint.

75. The PANYNJ practices in seizing, detaining, charging towing and storage fees at the rate of $100.00 per day and holding out such charges as a de facto lien giving PANYNJ the priority right of possession are persistent, regular and widespread thereby constituting custom and usage implying constructive notice by PANYNJ policy making officials.

76. The PANYNJ letter attached hereto as Exhibit "1" identifies The Subject Vehicle as seizure number 97-2015 indicating that The Subject Vehicle was the 97th vehicle seized by PANYNJ during the first four months of the year 2015.

11

77. PANYNJ does not maintain any procedural mechanism for providing hearings after seizure to parties holding interests in such seized vehicles; the denial of the opportunity for a hearing in 97 instances during the first four months of 2015 constitutes regular and persistent activity.

78. The <u>failure</u> by official PANYNJ policy makers to properly train or supervise subordinates in the PANYNJ police department regarding the process due in conjunction with the seizure, detention and assertion of charges and liens against vehicles, as made clear by numerous controlling court decisions, including <u>Krimstock v Kelly</u>, 306 F.$^{3d}$ 40 (2nd Cir. 2002) holding that Due Process requires a hearing pendent lite where the government asserts a financial interest in a vehicle; <u>Hines v City of Albany</u>, 520 Fed. Appx. 5; <u>Krimstock v Kelly</u>, 464 F.$^{3d}$ 246 (2nd Cir. 2006); and <u>County of Nassau v Canavan</u>, 1 NY$^{3d}$ 134, 145 (2003), as well as authoritative precedents, including <u>Tedeschi v Blackwood</u>, 410 F. Supp 34 (D. Conn. 1976), <u>Stypmann v San Francisco</u>, 557 F.$^{2d}$ 1338 (9th Cir. 1977), and <u>Craig v Carson</u>, 449 F. Supp. 385 (M. D. Florida 1978) confirming that assertion of towing and storage charges against a vehicle after police seizure must comply with Due Process, amounts to deliberate indifference to the rights of persons who have interests in vehicles that are seized, detained, subjected to charges and liened by PANYNJ police.

79. But for PANYNJ's wrongful policy, decisions, practices and failures above described, HVT would have had the right to recover and would have recovered The Subject Vehicle: without delay or with minimal delay by reason of measures that preserve the legitimate interests of PANYNJ but are less intrusive than continued detention of the vehicle, such as release upon bond; without incurring liability for towing and storage charges impressed ex parte; and without incurring liability for further storage charges continually accruing at the rate of $100.00 per day charged after initial assertion of the ex parte lien for $4,491.09.

## PRAYERS FOR RELIEF

**WHEREFORE,** HVT requests that this Court:

12

80. Grant judgment in favor of HVT and against PANYNJ on all causes of action asserted herein;
81. Declare that PANYNJ violated HVT's Due Process rights under the Fourteenth Amendment of the United States Constitution by failing to send notice of the seizure to HVT promptly after the seizure occurred.
82. Declare that PANYNJ violated HVT's Due Process rights under the Fourteenth Amendment of the United States Constitution by failing to seek any judicial review following seizure of The Subject Vehicle;
83. Declare that PANYNJ violated HVT's Due Process rights under the Fourteenth Amendment of the United States Constitution by failing to pursue judicial disposition or forfeiture of The Subject Vehicle within a reasonable amount of time;
84. Declare that PANYNJ violated HVT's Due Process rights under the Fourteenth Amendment of the United States Constitution by creating a supposed towing and storage lien against The Subject Vehicle without having first provided and notice and hearing thereof to HVT.
85. Declare that PANYNJ violated HVT's Due Process rights under Article I, Section 6, of the New York Constitution by failing to send notice of the seizure to HVT promptly after the seizure occurred.
86. Declare that PANYNJ violated HVT's Due Process rights under Article I, Section 6, of the New York Constitution by failing to seek any judicial review following seizure and in failing to pursue judicial disposition of The Subject Vehicle or forfeiture within a reasonable amount of time;
87. Declare that PANYNJ violated HVT's Due Process rights under Article I, Section 6, of the New York Constitution by creating a supposed towing and storage lien against The Subject Vehicle without having first provided and notice and hearing thereof to HVT;

13

Dated: New York, New York
       October 1, 2015

_____
Michael A. Rosenberg (5770)
**LAW OFFICE OF MICHAEL A. ROSENBERG**
**Counsel for Plaintiff**
875 Third Avenue, 8th Floor
New York, New York 10022
Phone: (212) 972-3325

# EXHIBIT "1"

156194752

**THE PORT AUTHORITY of NY & NJ**
**POLICE - AUTO CRIME UNIT**

John F. Kennedy International Airport   -NRC-
Jamaica, NY 11430
(718) 244-4345

RECEIVED
APR 3 0 2015



Building #254
John F. Kennedy International Airport
Jamaica, NY 11430

April 22, 2015

HVT INC
600 KELLY WAY
HOLYOKE, MA 01040

Date of Letter : 04/22/2015
Vehicle Description : 2012, HONDA, ODYSSEY
Vehicle Identification Number : 5FNRLSH27CB101687
License Plate Number : NY - GJP9348
Last Registered Owner :
Address :

Impound # : 0097-15
Impound Reason : ARREST

Dear Sir/Madam,

The impounded vehicle, described above, was removed by The Port Authority of New York and New Jersey Police Department at Building #254, John F. Kennedy International Airport after being left unattended.

You may claim this vehicle until 05/12/2015 by appearing at Building #254, John F. Kennedy International Airport.

However, whether you claim the vehicle or not, you must pay the cost of its removal and storage which is presently $4,491.09. This amount will continue to accrue storage charges in the amount of $100.00 plus 8.875% tax per day until it is released.

Unless you claim the vehicle by the date listed in the preceding paragraph, The Port Authority of New York and New Jersey will acquire ownership of the vehicle. It will then be sold. Sale, removal and storage costs will be deducted from the proceeds of the sale. If those charges exceed the proceeds of the sale, you may be responsible for the difference. If the sale price exceeds the charges, you may claim the remaining funds, within one year, by contacting the undersigned.

If you have any questions, please contact The Port Authority Police Auto Crime Unit at (718) 244-4345.

Sincerely,


Lieutenant Thomas Lomonaco
Auto Crime Unit
John F. Kennedy International Airport

Michael D. Rosenberg
Norris McLaughlin

NORRIS MCLAUGHLIN

OCT 08 2015

& MARCUS, PA