# EXHIBIT H

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HVT, INC.,

                            Plaintiff,

        -against-

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY,

                           Defendants.
------------------------------------------------------------------X

CV-15-5867 (MC) (VMS)

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant, The Port Authority of New York and New Jersey (hereinafter, "Port Authority"), for its responses to Plaintiff's, interrogatories, states, upon information and belief, the following:

**GENERAL RESPONSES AND OBJECTIONS**

    A.    Port Authority objects to the interrogatories to the extent that they seek information as to the knowledge and facts held by persons or entities other than the Port Authority. To provide such a response calls for speculation on the part of the Port Authority and would not be reasonably calculated to lead to the discovery of evidence that would be admissible or relevant at the time of trial.

    B.    Port Authority objects to the interrogatories to the extent that they call for information, which was generated by and/or for Plaintiff and/or has already been made available to Plaintiff, and is already in the possession, custody and/or control of Plaintiff.

    C.    Port Authority objects to the interrogatories to the extent they purport to call for information already known or available to Plaintiff, or readily available to Plaintiff from sources other than the Port Authority.

1

D. Port Authority objects to the interrogatories to the extent that they seek information that is attainable from another source that is more convenient, less burdensome, and less expensive.

E. Port Authority objects to each specific request that is repetitious, duplicative, or cumulative of another request.

F. Port Authority reserves its right to amend these interrogatories.

## DEFINITIONS AND INSTRUCTIONS

1. "Complaint" shall mean the Plaintiff's Complaint in this action, dated October 1, 2015.

2. "Answer" shall mean the Defendant's Answer dated January 12, 2016.

3. "Plaintiff" shall mean HVT, Inc., or any agent or representative, affiliate, parent, subsidiary, officer, employee, accountant, or anyone else acting or purporting to act on behalf of HVT, Inc..

4. "Defendant" or "Port Authority" shall mean The Port Authority of New York and New Jersey, or any agent or representative, affiliate, parent, subsidiary, officer, employee, accountant, or anyone else acting or purporting to act on behalf of The Port Authority of New York and New Jersey or the Port Authority Police Department ("PAPD").

5. "Subject Vehicle" shall mean a 2012 Honda Odyssey vehicle bearing vehicle identification number 5FNRL5H27CB101687

6. "Airport" shall mean John F. Kennedy International Airport, Jamaica, New Jersey.

7. "TLC" shall mean the Taxi and Limousine Commission, or any agent or representative, affiliate, parent, subsidiary, officer, employee, accountant, or anyone else acting or purporting to act on behalf of the TLC.

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1**
With regard to the statement in the "Sixth Affirmative Defense" in Defendant's Answer that "Defendant had authority to take possession of Plaintiff's property due as a result of a law enforcement action", state:
a) The date and place of the law enforcement action
    **Defendant's Response:** *March 14, 2015, Terminal Parking Lot, at the Airport.*
b) The names of all persons arrested:
    **Defendant's Response:** *Barnabas Jean-Laurant*
c) The charges of illegal conduct underlying the law enforcement action:
    **Defendant's Response:** *Violation of Vehicle Traffic Law (VTL)1220-B - Unlawful Solicitation of Ground Transportation Services At An Airport*
d) All facts upon which Defendant will rely to establish that the law enforcement activity was justified:
    **Defendant's Response:** *Defendant objects to this Interrogatory in which Defendant has asked Plaintiff to identify all facts to the extent that it would be unduly burdensome for Defendant to identify all facts. Subject to, and without waiving the forgoing objection, Barnabas Jean-Laurant was observed violating VTL 1220-B and was arrested. At the time of his arrest, the Subject Vehicle, which was registered to him, was seized as permitted in sections 19-506 of the New York City Administrative Code, Rules and Regulations, and also pursuant to §68-17 of Taxi and Limousine Commission (TLC Procedures) and the Port Authority Rule and Regulations noted in 21 NYCRR §§1260 (also referred to as "Port Authority Rules") because it was used in the operation in an illegal activity.*

e) Whether Defendant will claim that Defendant's law enforcement officers had probable cause to believe that The Subject Vehicle held contraband or was evidence of a crime, and if so, state all relevant facts:
    **Defendant's Response:** *Defendant's law enforcement officers had probable cause to arrest the driver of the Subject Vehicle since the driver was observed violating VTL 1220-B and the vehicle was seized, pursuant to NYC Admin. Code 19-506(h)(1), since it was used as an illegally operated For Hire Vehicles (FHV). The Subject Vehicles did not have a livery or TLC license plate and the drive/owner of the vehicles was observed soliciting a fare and returning to the vehicles with a passenger. Further, pursuant to Port Authority Rules "[t]he operation of taxicabs or other motor vehicles for hire for the purpose of soliciting or searching for passengers is prohibited in or upon portions of air terminal highways where signs prohibiting "cruising" are posted. See 21 NYCRR 1262.10. The Port Authority's Airport Rules and Regulation ("Airport Rules") state:*

    *V. GROUND TRANSPORTATION*

3

> B. SOLICITATION OF GROUND TRANSPORTATION SERVICES IS PROHIBITED
> 1. No person shall, within an Air Terminal, solicit another person's use of ground transportation services.
> 2. No person shall operate a vehicle within an Air Terminal for the purpose of soliciting another person to use ground transportation services, or to attract ground transportation passengers.

*See 21 NYCRR 1262.10, and Bates No. PA0112 from the attached document (Bates No.PA0111-PA0126) which are relevant pages of The Port Authority Of New York And New Jersey Airport Rules And Regulations dated Issued August 4, 1999, (pages were inadvertently not included in Defendant's Rule 26 Initial Disclosures Dated February 26, 2016)*

f) Whether Defendant obtained any judicial or administrative review of its actions in taking possession of The Subject Vehicle and if so, state the facts showing such judicial or administrative review occurred, including copies of all judicial or administrative documents and determinations:

**Defendant's Response:** *Defendant did not obtain a judicial review immediately upon seizing the Subject Vehicle on March 14, 2015. Pursuant to New York City Administrative Code §19-506(h)(1) the driver, who was also the registered owner of the Subject Vehicle, received a Notice of Vehicle Seizure ("Seizure Notice") [see Bates No. PA0014 provided in Defendant's Rule 26 Initial Disclosure dated February 26, 2016 ("Rule 26 Disc.")]. The Seizure Notice clearly states that a hearing on the summons would take place on March 26, 2015 at the New York City Office of Administrative Trials and Hearings. ("OATH"), or the registered owner could report to a TLC Office to post a bond in order to redeem the Subject Vehicle.*

g) Whether Defendant will claim that Defendant's action in taking possession of The Subject Vehicle was performed in accordance with Defendant's rules and regulations governing law enforcement actions at John F. Kennedy International Airport, and if so, provide a copy of such rules and regulations.

**Defendant's Response:** *Defendant seizure of the Subject Vehicle was pursuant to §1262.16 of the Port Authority Rules which states that:*

> *The manager may remove from any area of an air terminal any vehicle which is disabled, abandoned, parked in violation of the rules and regulations set forth in this Part, or which presents an operational problem, to any other area at the terminal and may store the same thereat, all of the foregoing being at the owner's or operator's expense and without liability for damage which may result in the course of such removing, towing or storage.*

*Further, PAPD seized the Subject Vehicle pursuant to Section 68-17 of the TLC Rules (the relevant TLC Rules are attached as Bates Nos. PA0127-PA0181), which states "(a) Right to Seize Vehicle.*

> *1. The Commission and/or any police officer may seize any vehicle where probable cause exists to believe that the*

4

*vehicle is operated or engaged in Unlicensed Activity as set forth in sections 19-506 and 19-529.2 of the Administrative Code."*

See Bates No. PA0170. Further, a vehicle with passenger car plates cannot be licensed as a FHV and is subject to seizure pursuant to the PAPD's "For Hire Vehicle Violations Procedure" dated June 17, 2003 (previously provided in Def's Rule 26 Disc, Bates No. PA0057 to PA0063).

h) Did Defendant provide notice to Plaintiff that Defendant took possession of Plaintiff's property, and if so, provide all facts upon which Defendant will rely for its answer.
  **Defendant's Response:** *Defendant immediately provided notice to the registered owner that it took possession of his vehicle. See Def's Rule 26 Disc., Bates No. PA0013. Upon receipt of information regarding Plaintiff's title ownership of the Subject Vehicle, Defendant immediately provided notice that it had impounded the Subject Vehicle due to the registered owner's arrest. See Def's Rule 26 Disc, Bates No. PA0004. Pursuant to PAPD's "Airport Procedures and Orders, revised February 3, 2000, ACD Procedures – JFKIA"("ACD Procedures") attached as Bates Nos. PA0184-0195, the vehicle plate and VIN is run through the Central Police Desk in order to ascertain ownership and lienholder information.*

i) Did Defendant afford Plaintiff an opportunity for a hearing relative to Defendant s taking possession of Plaintiff s property, and if so, provide all facts upon which Defendant will rely for its answer.
  **Defendant's Response:** *Pursuant to the Seizure Notice, the registered owner of the Subject Vehicle received notice of a hearing before OATH within 14 days following the seizure. See Bates No. PA0014. Further, the registered owner of the Subject Vehicle had an opportunity to report to the TLC Office noted in the Seizure Notice to redeem the Subject Vehicle before such hearing by posting a bond. See TCL Rule §68-17(c), attached as Bates No. PA0171. As noted in Response 1(h), the ACD procedure requires a search of all owners of vehicles at the time of impound. See, Bates Nos. PA0184 -PA0189. At the time the Subject Vehicle was seized, the PAPD did not initially conduct a search of the all "owners" of a seized vehicle, other than the registered owner of such vehicle. A secondary search for the title owner of the Subject Vehicle was conducted after the above referenced hearing. The Port Authority has since revised its impound procedures and conducts a search for all owners, include title owners upon the initial impound of any vehicle and all required notices are served at that time.*

**Interrogatory No. 2**
With regard to the impoundment of The Subject Vehicle as referenced in paragraph "13" of the Defendant's Answer, state:
a) The facts that Defendant will rely upon to justify impoundment.
  **Defendant's Response:** *Defendant objects that this interrogatory is repetitious, duplicative, or cumulative of another request. Subject to, and without waiving the foregoing objections, Defendant states Barnabas Jean-Laurant was observed violating VTL 1220-B and arrested. At the time of his arrest, the Subject Vehicle, registered to him, was seized because it was used in the operation in an illegal activity. This seizure was permitted in sections 19-506 of the New York City Administristrative Code, pursuant to §68-17 of Taxi and Limousine Commission (TLC procedures) and 21 NYCRR §§1260. Defendant also refers Plaintiff to its Interrogatory Response #1d.*

b) Whether Defendant took possession of The Subject Vehicle pursuant to a warrant, and if so, provide the facts supporting a positive response.

**Defendant's Response:** *Defendant did not take seizure of the Subject Vehicle pursuant to a warrant.*

c) Whether at the time of the impoundment, Defendant had rules and regulations allowing Defendant to impound vehicles seized at the John F. Kennedy International Airport, described in publication entitled "Airport Rules and Regulations", or in any other format, and if so, provide a copy thereof.

**Defendant's Response:** *Defendant objects that this interrogatory is repetitious, duplicative or cumulative of another request. Subject to, and without waiving the foregoing objections, Defendant states that at the time of the impoundment, Defendant had rules and regulations allowing Defendant to impound vehicles seized at the Airport. The applicable rules states that:*

> *"The manager may remove from any area of an air terminal any vehicle which is disabled, abandoned, parked in violation of the rules and regulations set forth in this Part, or which presents an operational problem, to any other area at the terminal and may store the same thereat, all of the foregoing being at the owner's or operator's expense and without liability for damage which may result in the course of such removing, towing or storage." 21 NYCRR §1262.16*

*Defendant also refers Plaintiff to Port Authority Administrative Instruction, Impounded Vehicles #AI40-2.15, Bates Number PA0019-PA0021, provided in Def's Rule 26 Disc., and relevant pages of the Airport Rules attached to this response, Bates Number PA0111- PA0125. In addition to the above referenced rules and regulations, the Port Authority also complied with New York City Administrative Code 19-506 with respect to its seizure of the Subject Vehicle. Defendant also refers Plaintiff to its Interrogatory Response 1(g) above.*

d) Whether the impoundment of The Subject Vehicle was conducted in accordance with Defendant's rules and regulations governing impoundment of vehicles, and if so, provide all facts upon which Defendant will rely for its answer.

**Defendant's Response:** *Defendant objects that this interrogatory is repetitious, duplicative, or cumulative of another request. Subject to, and without waiving the foregoing objections, Defendant refers Plaintiff to Defendant's Response to Interrogatory 2(c).*

e) All facts upon which Defendant will rely to establish that it notified Plaintiff of the impoundment, including copies of all writings that Defendant claims constitutes notice.

**Defendant's Response:** *Defendant objects to this Interrogatory in which Defendant has asked Plaintiff to identify all facts to the extent that it would be unduly burdensome for Defendant to identify all facts. Subject to, and without waiving the forgoing objection, Defendant notified Plaintiff of the impoundment in the April 22, 15 Letter, following notification to the registered owner of the impoundment of the Subject Vehicles on March 16, 2015. See Bates Nos. PA0004 and PA0013.*

f) Whether Defendant obtained any judicial or administrative review of the impoundment, and if so, provide the facts showing such judicial or administrative review occurred, including copies of all judicial or administrative documents and determinations;
   **Defendant's Response:** *Port Authority objects to this interrogatory to the extent that it seeks information as to the knowledge and facts held by persons or entities other than the Port Authority. To provide such a response calls for speculation on the part of the Port Authority and would not be reasonably calculated to lead to the discovery of evidence that would be admissible or relevant at the time of trial. Subject to, and without waiving the foregoing objections, Defendant sent the Seizure Notice to the registered owner of the Subject Vehicle, which referenced that a hearing was scheduled on March 26, 2015 regarding the summons before a Taxi and Limousine Tribunal pursuant to NY Admin. Code 19-506 and TCL Rules §68-17. Defendant has no knowledge as to any determination at the March 26, 2015 hearing since the registered owner of the Subject Vehicle never provided a TLC release form or other documents regarding the hearing to PAPD.*

g) Did Defendant afford Plaintiff an opportunity for a hearing in relation to Defendant's impoundment of The Subject Vehicle, and if so, provide all facts upon which Defendant will rely for its answer.
   **Defendant's Response:** *Defendant objects that this interrogatory is repetitious, duplicative, or cumulative of another request. Subject to, and without waiving the foregoing objections, Defendant refers Plaintiff to Defendant's Response to Interrogatory 2(f).*

**Interrogatory No. 3**
With regard to the April 22, 2015 Letter, state:
a) Whether the letter was sent by certified mail, and if not, the manner of mailing used.
   **Defendant's Response:** *The April 22, 2015 Letter was sent by Defendant by certified mail on April 22, 2015.*
b) Whether the letter was sent in accordance with Defendant's standard procedures and/or rules and regulations governing impoundment of vehicles at John F. Kennedy International Airport, and if so describe or attach a copy of such procedure, and/or rules and regulations;
   **Defendant's Response:** *The April 22, 2015 Letter was sent pursuant to the ACD Procedures attached as Bates No. PA0184-PA0195, however the amount demanded in the letter may not have been correct since the notice letter was not timely send to Plaintiff.*

c) Whether Defendant obtained any judicial or administrative review of the monetary charges stated in the letter, and if so, provide the facts showing that such judicial or administrative review occurred, including copies of all judicial or administrative documents and determinations.
   **Defendant's Response:** *Pursuant to the Port Authority rules and regulation, Defendant was not required to obtained any review of the monetary charges. Pursuant to 21 NYCRR §1262.16, Defendant has been empowered to charge a fee for the storage and towing of the Subject Vehicle. See also attached Bates No. PA0182-PA0195.*

**Interrogatory No. 4**

7

With regard to the statement in the "Seventh Affirmative Defense" in Defendant's answer that "Defendant has a lawfully lien in the Plaintiff's property and was entitled to rely on its right to take possession of the personal property until its claim for storage said property was paid", state:

a) All facts upon which Defendant will rely to establish that it had a lien, including the factual basis for each element of any lien claim.
b) All rules and regulations or authority upon which Defendant will rely to establish that it was entitled to hold possession of The Subject Vehicle until Defendant's claim for storage fees was paid.
c) Whether Defendant provided any notice to Plaintiff of its lien in The Subject Vehicle before such lien was created, and if so, state all facts supporting the answer;
d) Whether Defendant provided any opportunity for a hearing to Plaintiff regarding Defendant's lien, and if so, slate all facts supporting the answer
e) How many vehicles did Defendant take possession of in 2015 where Defendant asserted a lien and the right to hold the vehicle until Defendant's storage fee claim was paid?

**Defendant's Response:** *Defendant objects to this Interrogatory in which Defendant has asked Plaintiff to identify all facts to the extent that it would be unduly burdensome for Defendant to identify all facts. Subject to, and without waiving the forgoing objection, pursuant to the Airport Rules:*

> *A vehicle which has been placed in the lawful possession of the Port Authority because it was illegally parked, or for non-payment of fees, or for any other reason, and in respect of which any fee or charge, including towing and storage charges, are due, may be detained by the Airport Manager until said fees or charges have been paid. Such fees may be paid under protest, and a claim may be asserted for refund pursuant to applicable law.*

*See Section VI.A.17 attached as Bates No. PA0118. Further,*

> *[t]he manager may remove from any area of an air terminal any vehicle which is disabled, abandoned, parked in violation of the rules and regulations set forth in this Part, or which presents an operational problem, to any other area at the terminal and may store the same thereat, all of the foregoing being at the owner's or operator's expense and without liability for damage which may result in the course of such removing, towing or storage. <u>21 NYCRR 1262.16</u>*

*The Port Authority's right to retain the Subject Vehicle until storage fees are paid under is noted in N.Y. Unconsol. Law §184 (McKinney 1979) ("Lien Law §184"), as follows:*

> *A person who tows and stores a motor vehicle at the request of a law enforcement officer authorized to remove such motor vehicle shall be entitled to a lien for the reasonable costs of such towing and storage,*

*provided that such person . . . mails the owner of said motor vehicle a notice. . . ..*

*The Port Authority mailed notification to the title owner of the Subject Vehicle on April 22, 2015 and is entitled to receive the towing and storage charges that accrued from that date and after the April 22, 2015 Letter was mailed pursuant to Lien Law §184. See attached Bates No. 182-195.*

*In 2015, the Port Authority impounded 302 vehicles because of an arrest or violation under the Vehicle Traffic Law and asserted a lien and the right to hold these vehicles until storage and towing fee claim. See Lien Laws §184, 21 NYCRR §1260, ACD Procedures attached Bates Nos. PA0182-PA0195, and Airport Rules, Bates No. PA0118.*

JAMES M. BEGLEY, ESQ.
Attorney for Defendant
THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY

By: _____
      Margaret Taylor Finucane, Esq.

Dated: New York, New York
       March 10, 2016

To:   Michael A. Rosenberg
      Law Office of Michael A. Rosenberg
      875 Third Avenue, 8th Floor
      New York, New York 10022
      Phone: (212) 972-3325

9

## CERTIFICATION

I am a Lieutenant in the Public Safety Department of the Port Authority and am familiar with the contents of these Answers to Interrogatories and the information set forth in response thereto. The responses to these Answers to Interrogatories have been prepared with the assistance of counsel and are based upon a diligent review of the files and materials in the possession of the Defendant that are or might reasonably be relevant to the Interrogatories propounded. I know of no facts that would lead me to believe the information set forth herein is willfully or deliberately false and non-privileged information available to the plaintiff and responsive to the interrogatories has been provided, subject only to objections, which have been asserted herein upon advice of counsel.

_H.T. Lomonaco_
Signature
Name: Lt. Thomas Lomonaco

Sworn to before me this
___ day of _March_, 2016

MARGARET M FINUCANE
NOTARY PUBLIC STATE OF NEW YORK
NASSAU COUNTY
LIC. #01FI5052167
COMM. EXP. 11-20-17

1