UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

HVT, INC.,

                              Plaintiff,

                    v.

PORT AUTHORITY OF NEW YORK AND NEW
JERSEY,

                              Defendant.

-----------------------------------------------------------------

**MEMORANDUM & ORDER**
15-CV-5867 (MKB) (VMS)

MARGO K. BRODIE, United States District Judge:

        Plaintiff HVT, Inc. commenced this action on October 13, 2015 against Defendant Port

Authority of New York and New Jersey, pursuant to 42 U.S.C. §§ 1983 and 1988, alleging

deprivation of property without due process in violation of the Fourteenth Amendment and the

New York State Constitution.  (Compl., Docket Entry No. 1.)  Plaintiff also brings claims for

declaratory relief, replevin, and municipal liability.  (*Id.*)  Plaintiff alleges that Defendant

deprived it of its right to a 2012 Honda Odyssey (the "vehicle"), without due process, by

impounding the vehicle after the driver of the vehicle was arrested at John F. Kennedy

International Airport ("JFK").  (*Id.* ¶¶ 6, 8, 13.)  The parties cross-moved for summary judgment

and the Court referred the motions to Magistrate Judge Vera M. Scanlon for a report and

recommendation.  (Def. Mot. for Summ. J. ("Def. Mot."), Docket Entry No. 18; Def. Mem. of

Law in Supp. of Def. Mot. ("Def. Mem."), Docket Entry No. 20; Decl. of Margaret Taylor-

Finucane ("Taylor-Finucane Decl."), Docket Entry No. 19; Pl. Mot. for Summ. J. ("Pl. Mot."),

Docket Entry No. 25; Pl. Mem. of Law in Supp. of Pl. Mot. ("Pl. Mem."), Docket Entry No. 25-

4.)  For the reasons discussed below, the Court adopts the report and recommendation in its entirety.

I.     **Background**

On March 14, 2015, the Port Authority Police Department (the "PAPD") arrested Barnabas Jean-Laurent, the registered owner of the vehicle, at JFK for allegedly operating an illegal taxi, and impounded the vehicle.  (Pl. Statement of Material Facts Pursuant to Local R. 56.1 ("Pl. 56.1") ¶ 6, Docket Entry No. 25-1; Def. Statement of Material Facts Pursuant to Local R. 56.1 ("Def. 56.1") ¶¶ 24–25, Docket Entry No. 21.)

On March 16, 2015, Defendant sent the registered owner "a Notice of Vehicle Seizure" pursuant to New York City Administrative Code section 19-506 (h)(l).  (Def. 56.1 ¶ 27.)  On April 27, 2015, Plaintiff received notice of the impound by letter dated April 22, 2015.  (Pl. 56.1 ¶ 10; Def. 56.1 ¶¶ 30, 33; Decl. of Ramsey Simmons ("Simmons Decl.") ¶ 4, Docket Entry No. 25-2.)  The letter stated that $4,491.09 in charges had already been assessed for towing and storage, (Def. 56.1 ¶ 31), storage costs would accrue at a rate of $100.00 plus tax per day, (*id.* ¶ 32), and if Plaintiff did not claim the vehicle by May 12, 2015, "the abandoned vehicle would . . . become the property of the Port Authority," (*id.* ¶ 34).  To recover the vehicle, Plaintiff offered to pay the towing fee.  (Letter Offer, annexed to Taylor-Finucane Decl. as Ex. J, Docket Entry No. 19-10.)  Thereafter, Defendant agreed to the release of the vehicle to Plaintiff if Plaintiff posted a $35,000 bond as security.  (Pl. 56.1 ¶ 16; Consent Stipulation, annexed to Taylor-Finucane Decl. as Ex. L, Docket Entry No. 19-12.)  Plaintiff posted the bond and Defendant released the vehicle to Plaintiff without collecting any towing or storage fees.  (Pl. 56.1 ¶ 16; Def. 56.1 ¶ 39.)

After engaging in discovery and unsuccessfully attempting to settle the matter, (*see* Scheduling Order, Docket Entry No. 13), the parties cross-moved for summary judgment in

October of 2016, (Def. Mot.; Pl. Mot.).  The Court referred the motions to Judge Scanlon for

report and recommendation on April 26, 2017.[1]  (Order dated Apr. 26, 2017.)

## II.      Report and recommendation

By report and recommendation dated February 15, 2018 (the "R&R"), Judge Scanlon

found that Defendant's official policy and practice of seizing and attaching a lien to vehicles for

towing and storage deprived Plaintiff of its protected possessory interest in the vehicle by

denying Plaintiff possession of the vehicle.  (R&R 8, 14, 18, Docket Entry No. 32.)  Further,

Judge Scanlon determined that Defendant's procedure deprived Plaintiff of its property without

any opportunity for a hearing in violation of Plaintiff's "constitutionally guaranteed right to an

opportunity to be heard."[2]  (*Id.* at 18.)  She found Defendant's internal impoundment protocols to

be constitutionally deficient because they failed to "provide an opportunity for a hearing."  (*Id.* at

28.)  Moreover, Judge Scanlon found that the New York Lien Law that Defendant relied on is

inapplicable and constitutionally inadequate because Defendant's procedures do not incorporate

New York Lien Law explicitly or by reference, (*id.* at 23), and because "the New York Lien Law

has been examined previously and judged unconstitutional on similar grounds as those raised

here," (*id.* at 24).  In addition, Judge Scanlon found that Article 78 proceedings provide

insufficient due process to Plaintiff because the due process violation resulted from "an

established state procedure" as opposed to "random and arbitrary acts of state employees."  (*Id.*

at 25 (internal citation and quotation marks omitted)).  She also determined that "qualified

_____

[1]  After the Court referred the motions for report and recommendation, Judge Scanlon ordered the parties to file counterstatements to the Statements of Material Facts pursuant to Local Rule 56.1, together with revised memoranda of law in support of their respective motions on or before July 14, 2017, at which point the motions were fully briefed.  (Order dated July 5, 2017.)

[2]  Judge Scanlon focused on post-deprivation remedies because "the parties appear[ed] to agree that in situations such as these, a pre-deprivation hearing is impractical . . . ."  (R&R 18–19, Docket Entry No. 32.)

immunity is not available" because municipalities are not immune from damages resulting from their constitutional violations. (*Id.* at 9.) Lastly, Judge Scanlon found that, as the prevailing party, Plaintiff may seek an award of attorneys' fees. (*Id.* at 30.)

Judge Scanlon recommended that the Court (1) order Defendant to release Plaintiff's bond except as to the $80.00 towing fee, (2) award Plaintiff nominal damages in the amount of $1.00 against Defendant, (3) direct the parties, within sixty days of the adoption of the R&R to submit joint proposed revised regulations or procedures consistent with the R&R, and (4) permit Plaintiff to move for compensatory damages within sixty days of the adoption of the R&R. (R&R 28–31.) No party has objected to the R&R.

## III.    Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts

the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1).  The Court grants in part and denies in part the parties' cross-motions.  The Court orders Defendant to release Plaintiff's bond except as to the $80.00 towing fee, awards Plaintiff nominal damages in the amount of $1.00 against Defendant, and permits Plaintiff to move for compensatory damages and attorneys' fees within sixty days of the date of this Memorandum and Order.  The Court further directs the parties, within sixty days of this Memorandum and Order, to submit for the Court's review joint proposed revised regulations or procedures consistent with the R&R.  If the parties cannot agree, they shall submit a joint letter detailing their differences.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: March 21, 2018
        Brooklyn, New York