UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
HVT, INC.,

                    Plaintiff,

        -against-

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY,

                    Defendants.
---------------------------------------------------------------x

Case No.: 1:15-cv-05867-(MKB)-(VMS)

**DECLARATION**

RUDOLPH J. MEOLA, declares pursuant to 28 U.S.C. § 1746 under penalty of perjury under the laws of the United States of America, that the following is true and accurate.

1. I am an attorney duly licensed in the state of New York and counsel to Plaintiff HVT, Inc. ("HVT"). I make this declaration in support of HVT's application for attorney's fees and costs.

2. I have been practicing law in New York State continuously since 1992. I have regularly represented HVT and its affiliated companies since 1996. For the first 17 years my practice focused on creditor's rights with an emphasis on representing companies engaged in the automotive finance industry. Typically, this practice involved recovering vehicles following contractual default in bankruptcy or replevin matters as well as recovering vehicles from third-party claims such as government impounds and garage lien claims. In 2009, I formed my own Firm in order to concentrate my practice on recovering vehicles from the third-party claimants. At this point, ninety-nine percent of my practice involves representing, automotive finance/leasing companies in recovering vehicles from third-party claimants.

3. As a result of my concentration in this narrow field of practice, I have developed a regular base of clients, including:

| | |
|---|---|
| HVT/American Honda Finance | Manufactures & Traders Trust Co. |
| Nissan Motor Acceptance Corp. | Exeter Financial |
| Toyota Motor Credit Company | Flagship Financial |
| Mercedes-Benz Financial | Westlake Financial |
| VW Credit, Inc. | TD Bank |
| Hyundai Motor Finance | Chrysler Capital |
| Ally Financial, Inc. | JPMorgan Chase Bank, N.A. |
| GM Financial | Credit Acceptance Corporation |
| Santander Consumer USA, Inc. | |

I presently have over 570 open cases from this client base.

4. The general categories of third-party claimants that I regularly deal with include the New York City Police Department, which seizes vehicles for a range of reasons (from safekeeping to evidence to forfeiture), the NYC Taxi & Limo Commission, the NYC Department of Finance (seizing to enforce traffic violations), The Port Authority, Federal law enforcement agencies, (FBI, CBP, IRS) Nassau County and Suffolk Counties (seizure and forfeiture for DUI offenses) numerous cities and towns (enforcing local laws) and private persons who are asserting garage lien claims under the New York Lien Law.

5. I am the sole attorney in my Firm and as a result of my concentration in this field of law I have developed considerable knowledge of both procedural Due Process, as it applies to governmental seizure, detention and forfeiture of vehicles, and the New York State Lien Law. When New York State Lien Law 184(5) was on the verge of being enacted in 1999, I was asked to provide input on behalf of the automotive finance interests in terms of whether the proposed enactment would satisfy the Due Process void that existed at that time in the law.

6. I am a litigator at both the trial and appellate level. When several automotive finance companies joined together to challenge the constitutionality of Nassau County's DUI forfeiture program, in the case of General Motors Acceptance Corp., et al. v County of Nassau, E.D.N.Y. 2:03-01177, I was counsel for two of the Plaintiffs--American Honda Finance/HVT and Nissan Motor Acceptance Corp.

7. In 2009, I represented American Honda Finance in the case of American Honda Finance v Sharnjit Manhani and The Port Authority of New York and New Jersey, 24 Misc. 3rd 745. In that case, The Port Authority was attempting to detain a vehicle upon demand for thousands in towing and storage fees without having provided any sort of procedural due process to American Honda Finance. I brought Michael A. Rosenberg into the case because I was aware of Mr. Rosenberg's skills and expertise and I was confident that this would be in the client's best interest.

8. We were successful, but the State Court did not address the fundamental problem with the lack of Due Process in The Port Authority's practices. Over the next few years, I had many vehicle seizure cases with the Port Authority which were resolved on an *ad hoc* basis. There was no order or process. Basically, we had to seek release at the favor of The Port Authority and negotiate an amount to pay to recover the vehicle.

9. I was aware that the Second Circuit Court of Appeals had made landmark rulings on the topic of Due Process in vehicle seizures in Krimstock v Kelly, 306 F.$^{3d}$ 40 and Ford Motor Credit Co. v NYC Police, 503 F.$^{3d}$ 186. When HVT engaged me to handle the instant case in 2015, it seemed that the application of these principles to The Port Authority's lack of procedures might finally resolve the long-standing problem with recovering vehicles seized by The Port Authority. I explained to my client that Federal Court litigation could take several years to resolve and would cost more in legal fees than the amount that The Port Authority was demanding for release of the vehicle. The client felt strongly that obtaining a decision on the Due Process problem itself was necessary since a remedy had been tried in State Court already that had resulted in no real change by The Port Authority. To mitigate

the cost burden, I agreed that the legal fees incurred would be sought from The Port Authority if we were successful. I brought Michael A. Rosenberg into this case to act as lead counsel because of his expertise, his proximity to the Court, and our prior work together which had benefited the client.

10. Being a case of first impression, a great deal of attention was devoted to planning and researching so that the case presented was thought through from beginning to end, anticipating the opposition as much as possible. Courts in the Second Circuit have been at the forefront of developments in Due Process pertaining to vehicle seizure and impound by law enforcement. Particularly important was a mastery and thorough outline of all Second Circuit authority relating to Due Process and vehicle seizures as well as authority from around the Country addressing towing and storage liens.

11. I maintained contemporaneous time records of the work performed including the date, work performed, and time expended in tenths of an hour. I have reviewed these records in conjunction with this motion and marked no charge for various entries, such as those which pertain to State Law claims.

Dated: Albany, New York
May 21, 2018

RUDOLPH J. MEOLA