# DRAFTED MOTION TO RELEASE VEHICLE ON BOND

# Exhibit "2"

November 16, 2015

Magistrate Judge Vera M. Scanlon
**United States District Court**
**Eastern District of New York**
225 Cadman Plaza East, 505 North
Brooklyn, NY 11201

**RE:** HVT, INC. v PORT AUTHORITY OF NEW YORK AND NEW JERSEY
Case No.: 1:15-CV-05867-MKB-VMS

Dear Judge Scanlon:

I represent the Plaintiff, HVT, Inc. ("HVT") in moving this Court for an Order declaring and directing that defendant Port Authority of New York and New Jersey ("PANYNJ") shall release the motor vehicle described herein to HVT upon Court approval of the bond presented by HVT. This letter motion is supported by a proposed bond in the sum of $35,000.00 and the Declaration of Victor Flores.

**SUMMARY OF THE MOTION**

HVT alleges that it has been deprived of its constitutionally protected property interest in a certain 2012 Honda vehicle ("The Subject Vehicle") which HVT owns by the actions of PANYNJ. Specifically, PANYNJ seized The Subject Vehicle for infractions which in no way involved HVT and then PANYNJ charged storage fees at the rate of $100.00 per day as a purported lien against The Subject Vehicle without having provided prior notice of such charges to HVT and without having provided any hearing to HVT whereat HVT could protect its interests from such lien charges. PANYNJ will continue to detain The Subject Vehicle and continue to charge storage fees of $100.00 per day against the vehicle during the pendency of this case.

On this motion, HVT seeks an order approving the bond presented herewith as substitute collateral for PANYNJ's alleged lien charges thereby making continued detention of The Subject Vehicle by the PANYNJ as security for its purported charges unnecessary and declaring that The Subject Vehicle be released to HVT.

This motion is made pursuant to Federal Rule of Civil procedure 64(a) as an undifferentiated motion [See: Gordon v Heimann, 715 F. 2d 531,534, n. 6 (11th Cir. 1983)] for the corresponding and equivalent remedy for release of property on bond following seizure [See: Kimstock v Kelly, 306 F.3d 40,67 (2nd Cir. 2002)] and substitution of bond as security for purported lien charges. [See: Reeder v Warner, 112 AD2d 677 (3rd Dept. 1985)]

## FACTS

HVT holds the duly titled ownership interest in The Subject Vehicle which was created prior in time to PANYNJ's claim against the vehicle. (Declaration of Victor Flores, dated November 12, 2015)

HVT leased The Subject Vehicle to an individual lessee in the ordinary course of its business as an automotive financing and leasing company. (Declaration of Victor Flores, dated November 12, 2015)

HVT had no knowledge of or involvement with the incidents underlying PANYNJ's seizure of The Subject Vehicle and HVT has not been charged with any wrongdoing relative thereto. (Declaration of Victor Flores, dated November 12, 2015)

HVT has a valid and immediate right to possess The Subject Vehicle as HVT is the titled owner of the vehicle. (Declaration of Victor Flores, dated November 12, 2015)

PANYNJ is holding The Subject Vehicle as security for payment of purported towing and storage charges in an amount exceeding $4,491.09. (Declaration of Victor Flores, dated November 12, 2015)

The bond presented by HVT on this motion guarantees that up to the sum of $35,000.00 will be available to pay PANYNJ within 10 days following order of this Court which determines that PANYNJ prevails on its claim against The Subject Vehicle.

## SUMMARY OF THE ARGUMENT

Even a brief and provisional deprivation of property pending judgment must satisfy constitutional requirements. [See: Fuentes v Shevin, 407 U.S. 67, 84-85, addressing deprivation of property during pendency of litigation; Mennonite Bd. of Missions v Adams, 462 U.S. 791, 798, addressing deprivation caused by subordination of pre-existing property interest to a later acquired lien claim) also, Krimstock v Kelly, 306 F.3d 40, 51-53 (2nd Cir. 2002) regarding detention of a vehicle pendent lite where the government asserts a financial claim against the vehicle]

The Courts have long favored release of property on Bond over continued detention as a means of avoiding deprivations which would arise from detaining property pendent lite. [See: U.S. v James Daniel Good Real Property, 510 U.S. 43, 62; U.S. v Standard Auto Parts, Inc., 971 F.2d 896, 905 (2nd Cir. 1992); Krimstock v Kelly, 306 F.3d 40, 67 (2nd Cir. 2002)]

The United States Supreme Court decision in Mathews v Eldridge, 424 U.S. 319 provides a three factor balancing test for determination of what process is appropriate to ameliorate continued deprivation of property. [See: Ford Motor v NYC Police, 503 F.3d 186, 192, applying the Mathews v Eldridge test to deprivation caused to a creditor by procedural delay; Krimstock v Kelly, 464 F.3d 246 (2nd Cir. 2006), applying the test to a vehicle held for evidence of a crime; Stypmann v City of San Francisco, 557 F.2d 1338 (9th Cir. 1977), applying the test to a vehicle seized for traffic enforcement and subjected to tow and storage lien]

### The MATHEWS v ELDRIDGE Test Supports Release Of The Subject Vehicle Upon Bond

**A. HVT'S Interest**

As to the first factor, the commercial interest of an automotive financing company in recovering a vehicle has been recognized as having "considerable" weight. [See: Ford Motor v NYC Police, 503 F.3d 186, 194 (2nd Cir. 2007)]

In the present case, HVT is the owner and lessor of the Subject Vehicle. HVT's interests are those of both direct ownership and commercial interest. Included in the commercial interest is the obligation to mitigate damages caused by loss of the vehicle which are ultimately chargeable to the lessee under HVT's lease agreement. By recovering The Subject Vehicle on the bond, HVT stops the accrual of further purported storage charges which needlessly erode the equity in the vehicle. By recovering The Subject Vehicle on the bond, HVT mitigates its potential damages to the overall benefit of all interested persons. As such, HVT's interest in recovering The Subject Vehicle during the pendency of this case is compelling.

**B. Alternatives and Potential Harm**

The second factor, the adequacy of measures other than continued detention of The Subject Vehicle and risk of erroneous deprivation weigh heavily in HVT's favor.

A bond is the ideal alternative (to continued detention) for protection of various monetary claims during the pendency of litigation. Here, PANYNJ's only interest in detaining The Subject Vehicle is that the vehicle provides security for the payment of purported storage fees that have already accrued. The bond is better security that The Subject Vehicle because the bond by far exceeds the amount of PANYNJ's claim and does not depreciate as does the vehicle. (Krimstock v Kelly, 306 F.3d 40, 65 (2nd Cir. 2006)

Additionally, funds from the bond are readily obtainable upon presentation of a court order in favor of PANYNJ's claim while funds can be obtained from The Subject Vehicle only after expending additional time and expense of auctioning the unit. (See: Krimstock v Kelly, 306 F.3d 40, 65 (2nd Cir. 2006) (See: Krimstock v Kelly, 306 F.3d 40, 65, noting that a Bond obviates storage and sale costs)

Furthermore, substitution of the bond as collateral for PANYNJ's claim relieves PANYNJ of the liability and burden of maintaining and protecting a bulky vehicle.

There is a risk of erroneous deprivation because it is judicially recognized that vehicles depreciate over time. (See: Ford Motor v NYC Police, 503 F.3d 186, 192) Thus, PANYNJ if is to detain The Subject Vehicle for months or years and PANYNJ is ultimately found to have improperly detained the vehicle, HVT will have lost the value of its interest in the vehicle which cannot be recovered.

Releasing The Subject Vehicle on the bond benefits both HVT and PANYNJ and effectuates an expedient and cost effective resolution of the Due Process concerns caused by continued detention of the vehicle during the course of litigation.

**C. PANYNJ'S Interest**

The final factor, PANYNJ's interest in detaining The Subject Vehicle during the course of litigation as security for its claimed charges, is rendered moot by the bond which is better security for PANYNJ than a depreciating vehicle. PANYNJ's interest is purely monetary; it has no interest in the physical vehicle. Moreover, PANYNJ has an obligation to mitigate its damages which will continue to accrue in the form of costs of storage and care for The Subject Vehicle if it is detained during the pendency of this case. By accepting the bond as substitute collateral for The Subject Vehicle PANYNJ avoids

making its damages greater than are necessary. The fact that PANYNJ's obligation to mitigate its damages can be discharged by release of The Subject Vehicle upon Court approval of the bond strongly supports HVTs' position on this motion.

D. Balancing Favors the Relief Sought

In summary, the Mathews v Eldridge factors support issuance of an Order approving the bond presented as an appropriate alternative to continued detention of the vehicle during pendency of this case and declaring that PANYNJ shall release The Subject Vehicle to HVT forthwith.

Very truly yours,


Michael A. Rosenberg (8870)
**LAW OFFICE OF MICHAEL A. ROSENBERG**
**Counsel for Plaintiff**
875 Third Avenue, 8th Floor
New York, New York 10022
Phone: (212) 972-3325


Cc: Margaret Taylor-Finucane

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

HVT, INC., Case No.: **1:15-cv-05867-MKB-VMS**

Plaintiff,

-against-

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,

Defendant.

---

**DECLARATION OF VICTOR FLORES**

Victor Flores declares pursuant to 28 U.S.C. § 1746:

1. I am a duly authorized representative of the Plaintiff.
2. Attached hereto as Exhibit "1" is a true and correct copy of the title to the motor vehicle which is the subject of this action ("The Subject Vehicle").
3. Attached hereto as Exhibit "2" is a true and correct copy of the District Attorney release for The Subject Vehicle.
4. Attached hereto as Exhibit "3" is a true and correct copy of the letter received by Plaintiff from Defendant relative to The Subject Vehicle.
5. Plaintiff is an affiliate of Honda Motor Co. Ltd. and its regular business is the leasing of Honda vehicles.
6. Plaintiff leased The Subject Vehicle to an individual lessee in the ordinary course of Plaintiff's business.
7. Plaintiff had no knowledge of or involvement with the incidents underlying Defendant's seizure of The Subject Vehicle and Plaintiff has not been charged with any wrongdoing relative to The Subject Vehicle.
8. Plaintiff has a valid and immediate right to possess The Subject Vehicle as Plaintiff is the titled owner of The Subject Vehicle.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Irving, Texas
November 12, 2015

VICTOR FLORES

# EXHIBIT "1"

HVT INC
600 KELLY WAY
HOLYOKE MA 01040

000113

CERTIFICATE OF TITLE

NEW YORK STATE

www.dmv.ny.gov

| Title and Identification No. | Year | Make | Model Code | Body/Hull | Document No. |
|---|---|---|---|---|---|
| 5FNRL5H27CB101687 | 2012 | HONDA | ODY | SUBN | 368818N |

| Color | Wt./Sts./Lgth. | Fuel | Cyl./Prop. | New or Used | Type of Title | Date Issued |
|---|---|---|---|---|---|---|
| GY | 4224 | GAS | 6 | NEW | VEHICLE | 8/16/12 |

Name and Address of Owner(s)

HVT INC
600 KELLY WAY
HOLYOKE MA 01040

ODOMETER READING: 00001

ACTUAL MILEAGE

This document is your proof of ownership for this vehicle, boat or manufactured home. Keep it in a safe place, not with your license or registration or in your vehicle or boat. To dispose of your vehicle, boat or manufactured home, complete the transfer section on the back and give this title to the new owner.

Lienholder: * NO LIENS RECORDED *

Lienholder: * NO LIENS RECORDED *

Lienholder: * NO LIENS RECORDED *

Lienholder: * NO LIENS RECORDED *

MV-999 (1/11)

VOID IF ALTERED

DEPARTMENT OF MOTOR VEHICLES

ANY CHANGE OR ERASURE WILL VOID THIS TITLE – ANY FALSE STATEMENT IS A MISDEMEANOR

SECTION I - Transfer by Owner

[illegible]

ODOMETER READING

[illegible]

DAMAGE DISCLOSURE STATEMENT (To be Completed by Owner Named on Face of Title)

[illegible]

SECTION II - Transfer by Manufactured Home Dealer or Registered Used Dealer

[illegible]

# EXHIBIT "2"

OFFICE OF THE DISTRICT ATTORNEY
COUNTY OF QUEENS

THE PEOPLE OF THE STATE OF NEW YORK

—against—

LAURENT, BARNABAS Defendant(s)

DOCKET NO.

ARREST #150613221
VOUCHER NO.

IMPOUND #97/15
STATUS OF CASE

Active

IMPOUND
#97/15

The property described below will not be required by the District Attorney of Queens County in the prosecution of the above entitled case. The property in this case is in the possession of the PROPERTY CLERK OF THE POLICE DEPARTMENT.

DESCRIPTION OF PROPERTY

1X 2012 Honda Odyssey
VIN 5FNRL5H27CB101687

RICHARD A. BROWN
DISTRICT ATTORNEY, QUEENS COUNTY
By:

[signature]

Dated: 10/2/15

CLAIMANTS COPY

WE CAN

Office of the Queens County District Attorney
Case Tracking 2010
Case Summary
Printed 9/23/2015

**Defendant: LAURENT,BARNABAS**

Arrest #: 613221/15
DOB: 07/05/1967

Arrest Date: 03/14/2015
Address: 227 WILEY ST, BRENTWOOD NY

NYSID: 06670766N

| Case ID | Sealed Status | Last Transaction | Next Dt/Part | Top Disp Chg |
|---|---|---|---|---|
| D-2015QN012568 | | ADJOURNMENT | 09/18/2015 - AP2 | |

Charges:

| | Section | Description | Class | Type |
|---|---|---|---|---|
| Top Complaint: | PL 170.20 | CRIMINAL POSSESSION OF A FORGED INSTRUMENT IN THE THIRD DEGREE | A | M |
| Top Indictment: | | | | |

Narrative:

AT T/P/O A/O OBSERVED AND OVERHEARD THE ABOVE DEFE
NDANT OFFER A TAXI TO AN ARRIVING AIRLINE PASSENGE
R WITHOUT THE PERMISSION OR AUTHORITY TO DO SO BY

# EXHIBIT "3"

156194752

THE PORT AUTHORITY of NY & NJ
POLICE - AUTO CRIME UNIT

John F. Kennedy International Airport
Jamaica, NY 11430
(718) 244-4345

-NRC-

RECEIVED
APR 30 2015

Building #254
John F. Kennedy International Airport
Jamaica, NY 11430

April 22, 2015

HVT INC
600 KELLY WAY
HOLYOKE, MA 01040

Date of Letter : 04/22/2015 -
Vehicle Description : 2012, HONDA, ODYSSEY
Vehicle Identification Number : 5FNRL5H27CB101687
License Plate Number : NY - GJP9348
Last Registered Owner :
Address :

Impound # : 0097-15
Impound Reason : ARREST

Dear Sir/Madam,

The impounded vehicle, described above, was removed by The Port Authority of New York and New Jersey Police Department at Building #254, John F. Kennedy International Airport after being left unattended.

You may claim this vehicle until 05/12/2015 by appearing at Building #254, John F. Kennedy International Airport.

However, whether you claim the vehicle or not, you must pay the cost of its removal and storage which is presently $4,491.39. This amount will continue to accrue storage charges in the amount of $100.00 plus 8.875% tax per day until it is released.

Unless you claim the vehicle by the date listed in the preceding paragraph, The Port Authority of New York and New Jersey will acquire ownership of the vehicle. It will then be sold. Sale, removal and storage costs will be deducted from the proceeds of the sale. If those charges exceed the proceeds of the sale, you may be responsible for the difference. If the sale price exceeds the charges, you may claim the remaining funds, within one year, by contacting the undersigned.

If you have any questions, please contact The Port Authority Police Auto Crime Unit at (718) 244-4345.

Sincerely,

Lieutenant Thomas Lomonaco
Auto Crime Unit
John F. Kennedy International Airport

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**BOND NO. 106382292**
**Docket No.: 1:15-CV-05867-MKB-VMS**

---

HVT, INC.,

Plaintiff,

-against-

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,

Defendant.

**BOND IN THE SUM OF $35,000.00**

---

**WHEREAS**, PLAINTIFF being the titled owner of a certain 2012 Honda Odyssey bearing vehicle identification number 5FNRL5H27CB101687 has commenced an action in part to limit, redeem and/or cancel a purported in rem claim asserted by Defendant against the 2012 Honda Odyssey for towing, storage and care of the said 2012 Honda Odyssey; and

**WHEREAS** PLAINTIFF intends to give a Bond in an amount exceeding the value of the purported in rem claim by Defendant as measured by the value of the said 2012 Honda Odyssey and to recover possession of said vehicle;

**NOW, THEREFORE**, the undersigned, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a corporation authorized to do business under the laws of the State of New York, and having an office and principal place of business at One Tower Square, Hartford, CT 06183, does hereby pursuant to the law as made and provided, undertake and become bound to pay to Defendant within 30 days of judgment the value of the said 2012 Honda Odyssey which is determined by the Court to be encumbered by an in rem claim by Defendant which has priority over Plaintiff's ownership interest in the 2012 Honda Odyssey not exceeding the sum of $35,000.00.

DATED THIS 11th DAY OF NOVEMBER, 2015

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

[signature]

Kimberly G. Sherrod, Attorney in Fact

WARNING: THIS POWER OF ATTORNEY IS INVALID WITHOUT THE RED BORDER

# POWER OF ATTORNEY

Farmington Casualty Company
Fidelity and Guaranty Insurance Company
Fidelity and Guaranty Insurance Underwriters, Inc.
St. Paul Fire and Marine Insurance Company
St. Paul Guardian Insurance Company

St. Paul Mercury Insurance Company
Travelers Casualty and Surety Company
Travelers Casualty and Surety Company of America
United States Fidelity and Guaranty Company

Attorney-In Fact No. 229957

Certificate No. 006514555

KNOW ALL MEN BY THESE PRESENTS: That Farmington Casualty Company, St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company are corporations duly organized under the laws of the State of Connecticut, that Fidelity and Guaranty Insurance Company is a corporation duly organized under the laws of the State of Iowa, and that Fidelity and Guaranty Insurance Underwriters, Inc., is a corporation duly organized under the laws of the State of Wisconsin (herein collectively called the "Companies"), and that the Companies do hereby make, constitute and appoint

Douglas R. Wheeler, Maureen McNeill, Wayne G. McVaugh, Elizabeth Marrero, Jaquanda S. Martin, Marina Tapia, Patricia A. Rambo, Sara Owens, Kimberly G. Sherrod, and Michael J. Herrod

of the City of Philadelphia, State of Pennsylvania, their true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign, execute, seal and acknowledge any and all bonds, recognizances, conditional undertakings and other writings obligatory in the nature thereof on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

IN WITNESS WHEREOF, the Companies have caused this instrument to be signed and their corporate seals to be hereto affixed, this 22nd day of September, 2015.

Farmington Casualty Company
Fidelity and Guaranty Insurance Company
Fidelity and Guaranty Insurance Underwriters, Inc.
St. Paul Fire and Marine Insurance Company
St. Paul Guardian Insurance Company

St. Paul Mercury Insurance Company
Travelers Casualty and Surety Company
Travelers Casualty and Surety Company of America
United States Fidelity and Guaranty Company

State of Connecticut
City of Hartford ss.

By: [signature]
Robert L. Raney, Senior Vice President

On this the 22nd day of September, 2015, before me personally appeared Robert L. Raney, who acknowledged himself to be the Senior Vice President of Farmington Casualty Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of the corporations by himself as a duly authorized officer.

In Witness Whereof, I hereunto set my hand and official seal.
My Commission expires the 30th day of June, 2016.

Marie C. Tetreault
Marie C. Tetreault, Notary Public

58440-8-12 Printed in U.S.A.

WARNING: THIS POWER OF ATTORNEY IS INVALID WITHOUT THE RED BORDER

WARNING: THIS POWER OF ATTORNEY IS INVALID WITHOUT THE RED BORDER

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Boards of Directors of Farmington Casualty Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company, which resolutions are now in full force and effect, reading as follows:

**RESOLVED**, that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President, any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, and any of said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

**FURTHER RESOLVED**, that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

**FURTHER RESOLVED**, that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary and duly attested and sealed with the Company's seal by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

**FURTHER RESOLVED**, that the signature of each of the following officers: President, any Executive Vice President, any Senior Vice President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Resident Vice Presidents, Resident Assistant Secretaries or Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached.

I, Kevin E. Hughes, the undersigned, Assistant Secretary, of Farmington Casualty Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which is in full force and effect and has not been revoked.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seals of said Companies this 11th day of November, 20 15

Kevin E. Hughes, Assistant Secretary

To verify the authenticity of this Power of Attorney, call 1-800-421-3880 or contact us at www.travelersbond.com. Please refer to the Attorney-In-Fact number, the above-named individuals and the details of the bond to which the power is attached.

WARNING: THIS POWER OF ATTORNEY IS INVALID WITHOUT THE RED BORDER

2nd Draft 9/21/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

XXXXXXXXXXXXXXXXXXXXXXXXXXXX, Civil A. No.:

Plaintiff(s),

-against- ECF CASE

XXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXX,

Defendant(s).

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RELEASE OF PROPERTY ON BOND**

Michael A. Rosenberg (8770)
875 Third Avenue, 8th Floor
New York, New York, 10022
(212) 972-3325

Counsel for Plaintiff

Plaintiff, HVT, Inc. ("HVT") hereby moves this Court for an Order declaring and directing that defendant Port Authority of New York and New Jersey ("PANYNJ") shall release the motor vehicle described herein to HVT upon Court approval of the bond presented by HVT.

## PRELIMINARY STATEMENT

HVT alleges that it has been deprived of its constitutionally protected property interest in a certain ________________ vehicle ("The Subject Vehicle") which HVT owns by the actions of PANYNJ. Specifically, PANYNJ seized The Subject Vehicle for infractions which in no way involved HVT and then PANYNJ charged storage fees at the rate of $100 per day as a purported lien against The Subject Vehicle without having provided prior notice of such charges to HVT and without having provided any hearing to HVT whereat HVT could protect its interests from such lien charges. PANYNJ will continue to detain The Subject Vehicle and continue to charge storage fees of $100 per day against the vehicle during the pendency of this case.

On this motion, HVT seeks an Order approving the bond presented herewith as substitute collateral for PANYNJ's alleged lien charges thereby making continued detention of The Subject Vehicle by the PANYNJ as security for its purported charges unnecessary and declaring that The Subject Vehicle be released to HVT.

This motion is made pursuant to Federal Rule of Civil procedure 64(a) as an undifferentiated motion [See: Gordon v Heimann, 715 F. 2d 531,534, n. 6 (11th Cir. 1983)] for the corresponding and equivalent remedy for release of property on bond following seizure [See: Kimstock v Kelly, 306 F.3d 40,67 (2nd Cir. 2002)] and substitution of bond as security for purported lien charges. [See: Reeder v Warner, 112 AD2d 677 (3rd Dept. 1985)]

## FACTS

HVT holds the duly titled ownership interest in The Subject Vehicle which was created prior in time to PANYNJ's claim against the vehicle. (Declaration of __________, dated September 2015)

HVT leased The Subject Vehicle to an individual lessee in the ordinary course of its business as an automotive financing and leasing company. (Declaration of __________, dated September 2015)

HVT had no knowledge of or involvement with the incidents underlying PANYNJ's seizure of The Subject Vehicle and HVT has not been charged with any wrongdoing relative thereto. (Declaration of __________, dated September 2015)

HVT has a valid and immediate right to possess The Subject Vehicle as HVT is the titled owner of the vehicle. (Declaration of _____________, dated September, 2015)

PANYNJ is holding The Subject Vehicle as security for payment of purported towing and storage charges in the total amount of $_______________. (Declaration of __________, dated September 2015)

The bond presented by HVT on this motion guarantees that up to the sum of $_________________ will be available to pay PANYNJ within 10 days following order of this Court which determines that PANYNJ prevails on its claim against The Subject Vehicle.

## ARGUMENT

### Summary of the Argument

Even a brief and provisional deprivation of property pending judgment must satisfy constitutional requirements. [See: Fuentes v Shevin, 407 U.S. 67, 84-85, addressing deprivation of property during pendency of litigation; Mennonite Bd. of Missions v Adams, 462 U.S. 791, 798, addressing deprivation caused by subordination of pre-existing property interest to a later

acquired lien claim) also, Krimstock v Kelly, 306 F.3d 40, 51-53 (2nd Cir. 2002) regarding detention of a vehicle pendent lite]

The Courts have long favored release of property on Bond over continued detention as a means of avoiding deprivations which would arise from detaining property pendent lite. [See: James Daniel Goode Real Property, 510 U.S. 43, 62; U.S. v Standard Auto Parts, Inc., 971 F.2d 896, 905 (2nd Cir. 1992); Krimstock v Kelly, 306 F.3d 40, 67 (2nd Cir. 2002)]

**The Standard for Due Process**

The United States Supreme Court decision in Matthews v Eldridge, 424 U.S. 319 provides a three factor balancing test for determination of what process is appropriate to ameliorate continued deprivation of property. (See: Ford Motor v NYC Police, 503 F.3d 186, 192, applying the Matthews v Eldridge test to deprivation caused to a creditor by procedural delay)

**The MATTHEWS v ELDRIDGE Test Supports Release Of The Subject Vehicle Upon Bond**

A. HVT'S Interest

As to the first factor, the commercial interest of an automotive financing company in recovering a vehicle has been recognized as having "considerable" weight. [See: Ford Motors v NYC Police, 503 F.3d 186, 194 (2nd Cir. 2007)]

In the present case, HVT is the owner and lessee of the Subject Vehicle. HVT's interests are those of both direct ownership and commercial interest. Included in the commercial interest is the obligation to mitigate damages caused by loss of the vehicle which are ultimately chargeable to the lessee under HVT's lease agreement. By recovering The Subject Vehicle on the bond, HVT stops the accrual of further purported storage charges which needlessly erode the equity in the vehicle. By recovering The Subject Vehicle on the bond, HVT mitigates its

potential damages to the overall benefit of all interested persons. As such, HVT's interest in recovering The Subject Vehicle during the pendency of this case is compelling.

B. Alternatives and Potential Harm

The second factor, the adequacy of measures other than continued detention of The Subject Vehicle and risk of erroneous deprivation weigh heavily in HVT's favor.

A bond is the ideal alternative (to continued detention) for protection of various monetary claims during the pendency of litigation. Here, PANYNJ's only interest in detaining The Subject Vehicle is that the vehicle provides security for the payment of purported storage fees that have already accrued. The bond is better security that The Subject Vehicle because the bond by far exceeds the amount of PANYNJ's claim and does not depreciate as does the vehicle.

Additionally, funds from the bond are readily obtainable upon presentation of a court order in favor of PANYNJ's claim while funds can be obtained from The Subject Vehicle only after expending additional time and expense of auctioning the unit.

Furthermore, substitution of the bond as collateral for PANYNJ's claim relieves PANYNJ of the liability and burden of maintaining and protecting a bulky vehicle. OR disposing of it to turn to cash.

There is a risk of erroneous deprivation because it is judicially recognized that the vehicles depreciate over time. (See: Ford Motors v NYC Police, 503 F.3d 186, 192) Thus, PANYNJ if is to detain The Subject Vehicle for months or years and PANYNJ is ultimately found to have improperly detained the vehicle, HVT will have lost the value of its interest in the vehicle which cannot be recovered.

Releasing The Subject Vehicle on the bond benefits both HVT and PANYNJ and effectuates an expedient and cost effective resolution of the Due Process concerns caused by continued detention of the vehicle during the course of litigation.

C. PANYNJ'S Interest

The final factor, PANYNJ's interest in detaining The Subject Vehicle during the course of litigation as security for its claimed charges, is rendered moot by the bond which is better security for PANYNJ than a depreciating vehicle. PANYNJ's interest is purely monetary; it has no interest in the physical vehicle. Moreover, PANYNJ has an obligation to mitigate its damages which will continue to accrue in the form of costs of storage and care for The Subject Vehicle if it is detained during the pendency of this case. By accepting the bond as substitute collateral for The Subject Vehicle PANYNJ avoids making its damages greater than are necessary. The fact that PANYNJ's obligation to mitigate its damages can be discharged by release of The Subject Vehicle upon Court approval of the bond strongly supports HVTs' position on this motion.

D. Balancing Favors the Relief Sought

In summary, the Matthews v Eldridge factors support issuance of an Order approving the bond presented as an appropriate alternative to continued detention of the vehicle during pendency of this case and declaring that PANYNJ shall release The Subject Vehicle to HVT forthwith.

## CONCLUSION

For the forgoing reasons, HVT"s motion for relief pendente lite approving the bond presented herewith and declaring that PANYNJ shall release The Subject Vehicle to HVT should be granted.

Dated: New York, New York
September 17, 2015

Michael A. Rosenberg
**LAW OFFICE OF MICHAEL A. ROSENBERG**
875 Third Avenue, 8th Floor

New York, New York 10022
Phone: (212) 972-3325