UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

---

HVT, INC.,

                Plaintiff,

-against-

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,

                Defendant.

Case No.: CV-15-5867 (MKB)(VMS)

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ATTORNEYS' FEES AND COSTS**

Dated: New York, New York
May 21, 2018

Respectfully submitted,

Michael A. Rosenberg (8870)
**LAW OFFICE OF MICHAEL A. ROSENBERG**
**Counsel for Plaintiff HVT, INC.**
rosenbergesq@aol.com
875 Third Avenue, 8th Floor
New York, New York 10022
Phone: (212) 972-3325

## TABLE OF CONTENTS

PRELIMINARY STATEMENT................................................................................... 1

STATEMENT OF ACTS ........................................................................................... 1

LEGAL ARGUMENT................................................................................................ 1

    I.    LEGAL STANDARD................................................................................ 1

    II.   REASONABLE HOURLY RATES............................................................ 2

        A.  The Range of Rates for Attorneys' Fees.......................................... 2

        B.  Relevant Factors to be Considered................................................. 3

    III.  COUNSELS' EXPERTISE WARRANTS THE COURT GRANTING

        THE APPLICATION IN ALL RESPECTS............................................. 4

    IV.  REASONABLE HOURS EXPENDED AT REASONABLE

        HOURLY RATES...................................................................................... 7

    V.   THE COURT'S INSIGHT........................................................................ 8

    VI.  CONCLUSION........................................................................................... 9

## TABLE OF CASES

| CASES | PAGE |
|---|---|
| *LeBlanc-Sternberg v Fletcher*, 143 F.3d 748, 758 (2nd Cir. 1988) | 1 |
| *Arbor Hill Concerned Citizens Neighborhood Assoc. v Cnty. Of Albany*, 522 F.3d 182, 183 (2nd Cir. 2008) | 1 |
| *Sass v MTA Bus Co.*, 6 F. Supp 3d 238 | 2 |
| *Ebbert v Nassau County*, 05-CV-5445 (AKT) 2011 WL 8626121 | 2 |
| *Medina v Donaldson*, 10 Civ. 5922 (Vera M. Scanlon) 2015 WL 77430 | 2 |
| *BMW v Property Clerk*, 293 AD2d 378 | 5 |
| *General Motors Acceptance Corporation v County of Nassau*, E.D.N.Y. 2:03-01177-ADS | 5 |
| *D'Annunzio v Ayken, Inc.*, No. 11-CV-3303 (WFK) (WDW) 2015 WL 5308094 | 5 |
| *Grant v Martinez*, 973 F. 2d 96, 99 (2nd Cir. 1992) | 7 |
| *Matter of Agesen v Catherwood*, 26 NY2d 521, 525 | 8 |

## PRELIMINARY STATEMENT

Plaintiff, HVT, INC., presents this Memorandum in support of its application for award of attorney's fees and costs. The Court previously determined by its Report and Recommendation, dated February 15, 2018, adopted by Order dated March 21, 2018, that the Plaintiff was the "prevailing party" and was given permission to move, by Notice of Motion, to have the Court set reasonable attorneys' fees and costs.

## STATEMENT OF FACTS

The factual matters, incorporated by reference, and underpinning this litigation were set forth in the Motion and Cross-Motion by the litigants each requesting Summary Judgment. The Court, when issuing its Report and Recommendation capsulized the factual matters leading to a finding in Plaintiff, HVT, INC.'s favor, and denying the requested relief to the Defendant, PORT AUTHORITY. As a consequence of the Court determining Plaintiff, HVT, INC. to be the prevailing party, the Court thereafter reserved to itself the assessment of entitlement by determining the reasonable hourly rate for counsel, and the reasonable number of hours expended.

## LEGAL ARGUMENTS

### I. LEGAL STANDARD

"The district court retains discretion to determine...what constitutes a reasonable fee." *LeBlanc-Sternberg v Fletcher*, 143 F.3d 748, 758 (2nd Cir. 1988) (internal quotation marks omitted). The lodestar method--that is, the product of a reasonable hourly rate and the reasonable number of hours required by the case--creates a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Assoc. v Cnty. Of Albany*, 522 F.3d 182, 183 (2nd Cir. 2008)

In calculating the presumptively reasonable fee, the Court should look to what a "reasonable, paying client" would expect to pay as an hourly rate for the objective of the particular case presented. *Arbor Hill Concerned Citizens Neighborhood Assoc.*, 522 F.3d at 184.

1

The objective of the litigation at bar was not simply or merely to recover a vehicle or remedy an isolated wrong. Rather, the purpose was to correct the PORT AUTHORITY's institutional reliance upon a haphazard and constitutionally outdated process for seizing and impounding vehicles. As MAGISTRATE SCANLON noted, the PORT AUTHORITY's entire process required overhaul. Despite prior litigation brought against the PORT AUTHORITY in State Court, the PORT AUTHORITY continued its antiquated processes nonetheless and in spite of their deficiencies. Consequently, a paying client seeking to effect an institutional change of the entrenched processes of a powerful governmental agency would expect to pay an hourly rate for counsel (with the skills to achieve success) at the upper end of the spectrum.

## II. REASONABLE HOURLY RATES

### A. The Range of Rates for Attorneys' Fees

In determining what a reasonable, paying client would be willing to pay when setting a reasonable hourly rate, strong consideration is given to the hourly rates previously approved by the Courts in the subject forum. The range of rates approved by Courts in the Eastern District of New York for lawyers with extensive experience are found in the range of $400.00 to $790.00. *Sass v MTA Bus Co.*, 6 F. Supp$^{3d}$ 238, 261 (Margo K. Brodie); *Ebbert v Nassau County*, 05-CV-5445 (AKT) 2011 WL8626121 at *15, (E.D.N.Y. Dec. 22, 2011) Where years of legal practice result in work of a superior quality, manifesting a most carefully litigated case, a higher hourly rate may be justified. *Medina v Donaldson*, 10 Civ. 5922 (Vera M. Scanlon) 2015 WL 77430, at *6 (E.D.N.Y. Jan. 6, 2015)

### B. Relevant Factors to be Considered

In this litigation against the PORT AUTHORITY, the novelty and difficulty of the determinative questions was noteworthy. It was not that the underlying principles of Due Process were novel, but more so the application of a hearing requirement to the conduct of a governmental agency attempting to summarily confiscate property in order to secure payment of towing and storage charges. A significant amount of legal research was expended to ensure that Plaintiff's

2

theory of the case was sound early on, and from every conceivable vantage point which included anticipating and preparing for defenses based upon Defendant's stance that, as a bi-state agency, it is entitled to follow its own internal procedures in all cases and without other concerns. This work in preparation and strategy was invaluable as it permitted Plaintiff to keep the case focused, and neutralized the defense tactic of muddling the case with self-serving issues. Similarly, the depth of analysis, preparation and drafting of the complaint was designed to ward off any pre-answer motion to dismiss and thereby keep the case from getting bogged down in early motion practice. A high level of skill and attention to detail made the strategy successful. The fee arrangement was a contingent fee which required success in order to recover any fees from the Defendant. Counsel's willingness to proceed on speculation, with confidence in their ability to achieve results, weighs in favor of an hourly rate on the higher end of the scale.

    Because of the extensive amount of effort expended on this case, Plaintiff's counsel had to forego working on other matters, resulting in their lost opportunities. Since Plaintiff's counsel are both sole practitioners, in specialty practices, there are no other lawyers to pick up the slack. Accordingly, losses were not retrieved. This factor also favors a higher hourly rate.

    The nature of length of the professional relationship with the client is unusually strong in this case. For many years, Plaintiff's counsel have been trying to get the PORT AUTHORITY to afford Plaintiff (and, by extension, all other similarly situated vehicle owners) the basic Due Process that the law requires. Plaintiff sought redress in State Court nearly ten years ago (and prevailed), but the Defendant would not modify its unconstitutional practices. The Plaintiff was now willing to take a stand, and risk protracted Federal litigation provided it had the lawyers who it trusted to get the job done efficiently, quickly and definitively as possible. Plaintiff's evident long-standing confidence in the ability of its counsel is a strong indication that a reasonable paying client would agree to an hourly rate at the higher scale in order to secure that quality of representation.

### III. COUNSELS' EXPERTISE WARRANTS THE COURT GRANTING THE APPLICATION IN ALL RESPECTS

The Plaintiff, HVT, INC. is a wholly-owned subsidiary of AMERICAN HONDA FINANCE CORPORATION. That entity, a well-known and well-branded financing arm of the hugely successful auto manufacturer, AMERICAN HONDA could have hired any attorney, or firm of attorneys, from its roster of qualified and approved counsel. With unlimited resources, the cost was never an object or concern. The Plaintiff only wanted satisfaction over a principle that had, for an inordinate length of time, been a thorn in its side. It selected, these attorneys, however, based upon its years of experience with each, both having previously represented the client on matters impacting the value, or loss of value, of the client's property, and in the context of liens and due process. It was not by accident that the Plaintiff opted to employ these two seasoned attorneys, because, after due consideration, it made a calculated judgment as to how it anticipated the litigation to be prosecuted and how these two attorneys could best bring to bear their particular sensitivity, expertise and skill.

After many months of consultation with its business units, Plaintiff, HVT, INC. made a determination, having been educated as to the law, that the best strategy to be employed was to take on the PORT AUTHORITY in a most direct manner, exhibiting a forceful, strong and aggressive offense. The Plaintiff called upon these attorneys to thoroughly research and strategize its position, well in advance of the commencement of suit. The development of the analysis, research and strategy, took considerable time and effort, resulting ultimately, however, in an extraordinary outcome. If one were to judge the value of their efforts solely upon the length of the Report and Recommendation (31 pages), it becomes apparent that the Court too accepted, almost in its entirety, the Plaintiff's posture advanced by its selection of counsel. It is of no small moment that herculean efforts were made, or that there was an extraordinary expenditure of time. The outcome speaks for itself.

Mr. Rosenberg was selected as lead counsel based on both his prior representation of the Plaintiff, HVT, INC., as well as his extensive litigation experience in the underlying area. Having been admitted to practice in 1970, and holding admissions in the State and Federal Courts, his career has spanned 48 years. He and his firm have handled literally hundreds of cases involving seizure/forfeiture/liens of vehicles at the hands of governmental agencies and claiming authorities, with hundreds more open and active files. He is one of a handful of attorneys with experience in representing automotive finance interests when championing the rights of owners/lienholders challenging offensive and questionable governmental practices resulting in the impound of vehicles. Significantly, and as indicated by his work in *BMW v Property Clerk* and *General Motors Acceptance Corporation v County of Nassau*, Mr. Rosenberg has exhibited his aggressive posture and years of experience when representing a very specific industry, over a very specific concern. His litigation skills, together with his many years of practice justify a rate at the upper range of attorney's fees. (*D'Annunzio v Ayken, Inc.*, No. 11-CV-3303 (WFK) (WDW) 2015 WL 5308094, at *4 (E.D.N.Y. Sept. 10, 2015)). The result achieved in this case, by these attorneys, was nothing short of exceptional. The litigation was analyzed and researched well in advance, allowing for a streamlined approach, with no diversions through wasteful discovery or unnecessary motion practice. That streamlined methodology conserved client and counsels' resources, and thereby allowed the litigation to proceed at almost lightening speed. Consequently, an hourly rate for Mr. Rosenberg of $600.00 is requested, and is reasonable under the circumstances.

Mr. Meola, has represented this Plaintiff, HVT, INC., for over twenty (20) years, and in many matters almost identical to the case in chief. He has had litigation experience over a period approximating 25 years, and has developed a particular expertise in this industry of the Plaintiff, and many of the Plaintiff's competitors. It was with this background that the Plaintiff sought out his insight and counsel when it made the conscious decision that it was going to adopt a new policy *vis-a-vis* claiming authorities, and the PORT AUTHORITY, in particular. The Plaintiff, HVT, INC. requested that attorney, Meola, in combination with its business people, create a strong

5

strategy for pursuing a determined and proactive approach. This claiming authority, the PORT AUTHORITY, was to be the direct, albeit unhappy, beneficiary of an extensive analysis, research and drafting process allowing the client, the best possible effort at achieving the most expeditious and concise result. Mr. Meola was given authority to extensively research the law, the applicable fact patterns of existing cases, in an effort to hone the contents of the complaint so that it would be almost "bullet proof".

Mr. Meola, too, is the founder of a small practice with almost 10 years devoted exclusively to representing automotive finance/leasing companies in the recovery of vehicles from those governmental agencies and lienholders exerting deprivation of property under the auspice of police power and/or the New York State Lien Law. His extensive knowledge of this particular subject matter, coupled with his having handled thousands of similar cases involving the issues before the Court, were among the fundamental and influential factors leading to the outcome of this case. Notably, Mr. Meola's experience litigating vehicle-impound cases against the PORT AUTHORITY provided a unique prospective, advantage and value in this litigation. The Court's attention is again respectfully called to the matter litigated in 2009, before Justice Nicholas Figuroa in the Supreme Court, New York County (*Manhaini*), which was the genesis of Plaintiff, HVT, INC.'s directive here. This experience, and special vantage point, allowed Plaintiff, HVT, INC., to anticipate and distinguish the state law defenses offered, and to be offered, by the PORT AUTHORITY to justify its position in this matter. The Court, in reaching its conclusion, apparently placed a lesser value on the Defendant's arguments. Because of Mr. Meola's in depth research and analysis, *ab initio*, the PORT AUTHORITY's reliance upon its internal operations pursuant to its Airport Rules and Regulations, and the New York State Lien Law, that and all other defenses, were quickly and swiftly defused and defeated. An hourly rate of $600.00, for Mr. Meola likewise reflects his unique expertise, which expertise directly contributed to the exceptional outcome achieved.

## IV. REASONABLE HOURS EXPENDED AT REASONABLE HOURLY RATES

As previously noted, the bedrock of any application such as this, requires counsel to educate the Court with a recitation of their services rendered, time spent and the reasonable value of the hourly billing. To determine whether the number of requested hours is reasonable, the Court must examine those hours expended by counsel and the value of the work product of the particular expenditures, all to the benefit of the client's case. In this case, as well as all others, the relevant issue is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures". (*Grant v Martinez*, 973 F. $^{2d}$ 96, 99 (2nd Cir. 1992)) In support of the instant application, Plaintiff, HVT, INC.'s counsel, Messrs. Meola and Rosenberg, have presented their contemporaneous time records from in or about September, 2015 through May, 2018, including the date, nature of work performed, and amount of time spent. This exhibition of contemporaneously maintained time records, even those preceding the institution of suit, are both detailed and extensive. There is sufficient information to permit the Court a reasoned determination as to whether the specific services were "reasonably expended" at "reasonably stated rates" in pursuit of the Plaintiff, HVT, INC.'s claims. Counsel opines that the application reflects both the reasonable expenditure of time at reasonably quoted rates resulting in a more than successful outcome to the Plaintiff's benefit. As a consequence, counsel also opines that they should be fully compensated in full compliance with the Court's guidelines and previous precedent at the higher end of the scale.

It is apparent, and more than noteworthy, that Plaintiff, HVT, INC., prevailed on virtually all aspects of its case. Counsel, when performing their function on Plaintiff's behalf, were more than mindful to restrict the time spent to the Federal due process concern. The very limited amount of work performed on the state law claims (which are not subject to recompense) have been noted on the contemporaneously maintained time records, and designated as "no charge" in this application.

## V. THE COURT'S INSIGHT

Magistrate Judge Vera M. Scanlon's lengthy and precise Report and Recommendation (ECF #32) includes a directive that the Defendant, PORT AUTHORITY, be compelled to work with, and seek input, from Plaintiff's counsel in re-writing the Defendant's otherwise deficient procedures. As a matter of fact, Magistrate Judge Scanlon observed, as did Plaintiff's counsel, the weakness and deficit in the New York State Lien Law. Perhaps Magistrate Judge Scanlon, when observing that particular element, was harkening back to the words of Justice Figuroa in *Manhaini* when he said "…the Authority's autonomy is limited to its 'internal operations' (*Matter of Agesen v Catherwood*, 26 NY2d 521, 525)". The Plaintiff, HVT, INC., held the position in 2009, and echoed that position again in 2015, that the PORT AUTHORITY's internal Rules and Regulations were completely devoid of any procedures approximating constitutional due process. None of the procedures passed muster, or for that matter, even existed, and to that proposition, the PORT AUTHORITY has no choice but to agree. None of its procedures spoke to any established hearing process allowing innocent owners/lienholders an opportunity to be heard, and afforded an opportunity to protect their proprietary and property interests. Plaintiff, HVT, INC., suspects that Magistrate Judge Scanlon recognized the value to be added by Plaintiff's counsel to the procedures yet to be written. Had it been otherwise, the Report and Recommendation would likely not have included a directive that the parties submit to the Court for its review, a joint proposed revised regulations or procedures consistent with the Report and Recommendation. We believe that Magistrate Judge Scanlon, with the Second Circuit's precedent in mind, recognized the expertise exhibited by Plaintiff's counsel, and that such expertise and facility might, and did in fact, result in a difference of opinion with that of the Defendant. That recognition being the case, the Court suggested that the parties may, if unable to satisfactorily work together, submit a joint letter detailing their respective differences.

Apparently, the PORT AUTHORITY must have recognized, albeit tacitly, that these attorneys did in fact offer "value added". The Defendant did not object to any portion of the Report and Recommendation, and in particular, did not object to the required joint effort yet to come. As we are sure the Court is aware, the process of re-working the PORT AUTHORITY's regulations or procedures is, indeed, to be a time consuming process. It is for that reason, a reason recognized by both litigants, that a joint application was made to the Court requesting an extension of time to accomplish the directed revisions. These two attorneys have had extensive experience in performing this task. They would not be re-inventing the wheel by assisting the PORT AUTHORITY in this particular instance. Both have had experience in performing this very task, and one need only look to the procedures employed by New York City and Nassau County to recognize their input. District Judge Margo K. Brodie must also have agreed with this interpretation, when the Report and Recommendation was adopted, in its entirety, by the Court's Order entered March 21, 2018. (ECF #34) The Court then further consented to an extension of compliance until September 18, 2018 by a subsequent Order entered on May 1, 2018, granting the same. (ECF #35)

If the Plaintiff, HVT, INC.'s, assumptions are correct, that is, that the Court exhibited insight and incisiveness by directing that the parties employ a "joint" effort to achieve procedural due process, then Plaintiff would be equally correct in assuming that the directive was occasioned by counsel's representation and presentation in the litigation. That being the case, then Plaintiff, HVT, INC., would rightfully conclude that not only was its choice of, and reliance upon, counsel appropriately placed, but that those attorneys well earned their fees to date, with the expectation of more in the future.

## VI. CONCLUSION

Upon all of the foregoing, and as set forth in the accompanying Declarations of Rudolph J. Meola, Esq., and Michael A. Rosenberg, Esq., together with the contemporaneous time records presented as Exhibits thereto, and this Memorandum of Law, the Plaintiff, HVT, INC., respectfully requests that the within application for attorneys' fees and costs be granted in all regards, together with such other and further relief as this Court deems just and proper, including, but not limited to, preserving Plaintiff, HVT, INC.'s, right to make further application upon the termination of the case in chief to include the additional time to be expended.

Dated: New York, New York
       May 21, 2018

Michael A. Rosenberg (8870)
**LAW OFFICE OF MICHAEL A. ROSENBERG**
**Counsel for Plaintiff HVT, INC.**
rosenbergesq@aol.com
875 Third Avenue, 8th Floor
New York, New York 10022
Phone: (212) 972-3325