```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
HVT, INC.,                                              :
                                                        :
                        Plaintiff,                      :         **MEMORANDUM AND ORDER**
                                                        :
        -against-                                       :         15 Civ. 5867 (MKB) (VMS)
                                                        :
PORT AUTHORITY OF NEW YORK AND                          :
NEW JERSEY,                                             :
                                                        :
                        Defendant.                      :
                                                        :
----------------------------------------------------------- X
```

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff HVT, Inc. ("Plaintiff" or "HVT") brings this action against the Port Authority of New York and New Jersey ("Defendant" or the "Port Authority") pursuant to 42 U.S.C. §§ 1983 and 1988 for relief in connection with the alleged deprivation of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution. Compl, ECF No. 1 ¶ 1. Presently before the Court is Plaintiff's motion for attorneys' fees pursuant to 42 U.S.C. § 1988. For the reasons stated herein, this Court grants in part and denies in part Plaintiff's motion for attorneys' fees, and awards Plaintiff as against Defendant $190,001.00 in attorneys' fees and $548.68 in costs for a total award of $190,549.68.

**I.     DISCUSSION**

The facts and background of the case are set forth in this Court's report and recommendation recommending the grant of Plaintiff's motion for summary judgment and the denial of Defendant's motion for summary judgment. See Report & Recommendation, ECF No. 32, adopted by, No. 15 Civ. 5867 (MKB) (VMS), 2018 WL 1409821, at *2 (E.D.N.Y. Mar. 21, 2018).

1

### a. Attorneys' Fees

#### i. Applicable Law

In civil rights cases, the court has discretion to award reasonable attorneys' fees and costs to the "prevailing party." See 42 U.S.C. § 1988(b). In determining the amount of attorneys' fees to award, the court sets a "reasonable hourly rate," bearing in mind all the case-specific variables; the court then uses that reasonable hourly rate to calculate the "presumptively reasonable fee" by multiplying the rate by the number of hours reasonably expended. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 & n.4 (2d Cir. 2008); Porzig v. Dresdner, Kleinwort, Benson, North America LLC, 497 F.3d 133, 141 (2d Cir. 2007) ("The presumptively reasonable fee analysis involves determining the reasonable hourly rate for each attorney and the reasonable number of hours expended, and multiplying the two figures together to obtain the presumptively reasonable fee award.").

Although the court in Arbor Hill did not explicitly explain what should happen once the "presumptively reasonable fee" was set, courts have adjusted the "presumptively reasonable fee" as circumstances require. See, e.g., McDow v. Rosado, 657 F. Supp. 2d 463, 467 (S.D.N.Y. 2009) ("unstated, but again presumed, is that the presumptively reasonable fee is just that–a presumptive figure that can be further adjusted as circumstances warrant"). Thus, the process as a practical matter requires four steps, as the court must: "(1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the two to calculate the presumptively reasonable fee; and (4) make any appropriate adjustments to arrive at the final fee award." Adorno v. Port Auth. of N.Y. & N.J., 685 F. Supp. 2d 507, 511 (S.D.N.Y. 2010).

A reasonable hourly rate is "the rate a paying client would be willing to pay." Arbor Hill, 522 F.3d at 190. In setting the reasonable hourly rate, the court is to consider the traditional

factors first enumerated in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87, 92-93, 96 (1989):

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Arbor Hill, 522 F.3d at 186 n.3 (citing Johnson, 488 F.2d at 717-19). The court must also bear in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 186.

A court may determine the reasonable hourly rate by relying both on "its own knowledge of comparable rates charged by lawyers in the district," Morris v. Eversley, 343 F. Supp. 2d 234, 245 (S.D.N.Y. 2004); see Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 174-76 (2d Cir. 2009) (courts in this Circuit employ the "forum rule," where "the hourly rates [in the] district in which the [] court sits" are presumptively reasonable), as well as on "evidence proffered by the parties," Farbotko v. Clinton County of N.Y., 433 F.3d 204, 209 (2d Cir. 2005). "[C]urrent rates, rather than historical rates, should be applied in order to compensate for the delay in payment." LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 764 (2d Cir. 1998).

The Court is bound by the Second Circuit's forum rule as to hourly rates. See Simmons, 575 F.3d at 174. Nonetheless, the Court acknowledges that the hourly rates charged by attorneys with similar levels of experience in the Southern District of New York,[1] which is located less

---

[1] The range of hourly rates awarded to seasoned attorneys in the Southern District of New York is $250 to $600 per hour. See Golding v. City of N.Y., No. 15 Civ. 03498 (ALC) (SN), 2016 WL 6553759, at *3 (S.D.N.Y. Nov. 4, 2016).

3

than two miles away from this District, and in the District of Columbia[2] are higher than those typically awarded in this District. The Court believes that from a financial perspective, the difference between practicing in this District as opposed to the Southern District or the District of Columbia is minimal. In reality, attorneys practicing in this District also practice in the Southern District, and often have their offices in Manhattan, as Plaintiff's counsel does. It may be unreasonable to expect that those attorneys would charge their clients different hourly rates based on whether a case was brought in this District or the Southern District.

The court should make adjustments to the number of hours based on case-specific factors, including, for example, deductions for "excessive, redundant or otherwise unnecessary hours." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999); see Nature's Enters., Inc. v. Pearson, No. 08 Civ. 8549 (JGK), 2010 WL 447377, at *10 (S.D.N.Y. Feb. 9, 2010).

### ii. Application

As a threshold matter, an interim award of counsel fees is permitted when a party has prevailed on the merits of at least some of his claims in a § 1983 claim. See Hanrahan v. Hampton, 446 U.S. 754, 758 (1980). Plaintiff is the prevailing party herein and is entitled to an award of attorneys' fees. See Report & Recommendation. Plaintiff requests fees of $408,708.68 in its fee application. Rosenberg Decl. at 13, ECF No. 41-2. Taking into account the Johnson and other relevant factors, the Court will determine the reasonable hourly rates; determine the reasonable number of hours expended; multiply the two to arrive at the "presumptively

---

[2] The Laffey Matrix is a fee schedule used to determine the reasonable hourly rates in the District of Columbia for attorneys' fee awards under federal fee-shifting statutes. For the 2018-2019 calendar year, the Laffey Matrix provides for fees of $572 per hour for attorneys with 21 to 30 years of experience, and $613 per hour for attorneys with over 31 years of experience. See https://www.justice.gov/usao-dc/file/796471/download (last visited 9/20/2018).

reasonable fee"; and make appropriate adjustments to arrive at the final fee award.

### 1. Hourly Rates

Plaintiff seeks an hourly rate of $600 per hour for Rudolph J. Meola who has 25 years of experience and primarily represents companies engaged in automotive financing litigation matters. See Meola Decl. ¶¶ 2-3, 5, ECF No. 41-1. Plaintiff seeks an hourly rate of $600 per hour for Michael A. Rosenberg who has 48 years of experience and has handled matters concerning due process violations involving impounded vehicles. See Rosenberg Decl. ¶ 12.

Courts in the Eastern District of New York typically award hourly rates ranging from $200 to $450 per hour for partners. See Kindle v. Dejana, 308 F. Supp. 3d 698, 713 (E.D.N.Y. 2018). This Court has previously awarded an hourly rate of $525 for a very experienced attorney. See infra, n.2.

Both Mr. Meola's and Mr. Rosenberg's rates are well above the reasonable hourly rates for partners in the Eastern District of New York. See D'Annunzio v. Ayken, Inc., No. 11 Civ. 3303 (WFK) (WDW), 2015 WL 5308094, at *4-5 (E.D.N.Y. Sept. 10, 2015). Plaintiff has failed to assert any convincing reasons to rebut the forum rule's presumption[3] or cite to a case in this District in which the court approved an hourly rate of $600.[4] See Simmons, 575 F.3d at 175. Applying the Johnson factors, the Court finds that a reasonable plaintiff would pay a rate of $525 per hour for Mr. Meola and Mr. Rosenberg's services in this District, and reduces their hourly

---

[3] On September 5, 2018, the Court held a status conference during which Plaintiff's counsel was asked to rebut the presumption created by the forum rule. See Tr. 8:18-24, ECF No. 50. In response, Plaintiff's counsel highlighted the length of his legal career, the success he had in this case, and the importance of the constitutional question at issue. See Tr. 10:14-11:13.

[4] This Court awarded at rate of $525.00 per hour for an attorney with 40 years' experience. See Chawla v. Metro. Oral Surgery Assocs., P.C., No. 11 Civ. 6248 (RRM) (VMS), 2014 WL 4678023, at *11 (E.D.N.Y. Sept. 19, 2014)

5

rates accordingly.  Mr. Meola and Mr. Rosenberg each have over twenty years of experience in automotive-title cases.  See Rosenberg Decl. ¶ 12; Meola Decl. ¶¶ 2-3, 5.  In this case, they represented HVT, the leasing arm of Honda.  The Court believes that a company as prominent as Honda would be willing to pay $525 per hour for counsel with experience in the specific area of automotive-related rights to litigate a potentially significant case of first impression in federal court.  Defendant does not argue that Plaintiff could have obtained a similar result at less cost by hiring attorneys based in this District.  Certainly Honda's choice of counsel proved to be a good one, as counsel successfully made a dispositive motion about a novel legal question.

This Court has reviewed hourly rates awarded in this District and has found that as far back as 2002,[5] courts in this District awarded $450 per hour for senior partner-level attorneys.  That amounts to $640.69 in today's money.[6]  Thus, with an eye to the realities of the practice of law in this District, and inflation, the Court awards the hourly rate of $525 per hour for Mr. Meola and Mr. Rosenberg, which is at high end of rates currently awarded in this District for attorneys with similar experience, but significantly below those rates provided in the Laffey Matrix and awarded in the Southern District of New York for attorneys with similar experience.  Under the forum rule, the Court finds that this hourly rate is fair and reasonable in light of the overall experience, skill and contribution that these attorneys made to this litigation.  See Kindle, 308 F. Supp. 3d at 713.

As for the paralegals, Plaintiffs have not submitted any information on their credentials or

---

[5] See Weil v. Island Savings Bank, FSB, 188 F. Supp. 2d 265, 268-69 (E.D.N.Y. 2002) (holding rates of the law firm Hogan & Hartson which ranged from $371 to $450 an hour for senior partner in charge of the case were not patently objectionable).

[6] The Court used a CPI inflation calculated which can be found at: https://data.bls.gov/cgi-bin/cpicalc.pl?cost1=450.00&year1=200201&year2=201808 (last visited 9/20/2018).

experience, and have not itemized the work they performed. Courts in the Eastern District of New York typically award hourly rates $70 to $100 per hour for paralegals, see D'Annunzio, 2015 WL 5308094, at *4-5. As a result, the Court reduces the requested rate of $100 per hour to $80 per hour.

### 2. Reasonable Number Of Hours

Plaintiff seeks fees for 671.1 hours of attorney time expended and 49 hours of paralegal time expended. See ECF No. 41-4 at 3. Plaintiff has broken down the attorney time expended into categories. See id. at 2. Plaintiff has billed 39.2 hours of pre-filing work and strategizing, see id. at 4-6; 57.9 hours for the preparation of the pleadings, see id. at 7-11; 26.4 hours to obtain the release of vehicle, including preparation of a motion that was never filed, see id. at 12-13; 7.2 hours for reviewing Defendant's answer, see id. at 14; 26.1 hours for preparation for attendance at three court conferences, see id. at 14-16, 20; 67.3 hours for preparation of initial disclosures and responding to Defendant's interrogatories, see id. at 16-19; 178 hours for preparation of its summary judgment motion and reply papers, see id. at 21-28, 34-35; 115.6 hours for opposing Defendant's cross motion for summary judgment and reviewing its reply, see id. at 29-37; 12.7 hours for reviewing this Court's report and recommendation, see id. at 38; 2.3 hours for analyzing the District Judge's order adopting the report and recommendation, see id. at 39; 4.9 hours for attempting to negotiate an attorneys' fee settlement, see id. at 40; 108.3 hours preparing the instant fee application, see id. at 41-42; 23.20 hours spent corresponding, see id. at 43-48; and 2 hours for travel time billed at a ½ rate of $300 per hour, see id. at 49.

Defendant objects to Plaintiff's fee application on two grounds: 1) that Plaintiff should not be awarded fees for Mr. Meola's time because he did not appear in the action and he is not formally associated with Mr. Rosenberg, Plaintiff's counsel of record, and 2) that Plaintiff's fee

7

request is excessive. See Def.'s Memo., ECF No. 43. It does not suggest a more appropriate fee award.

As an initial point, the use of two attorneys is not problematic, see McKever v. Vondollen, 681 F. Supp. 999, 1002-03 (N.D.N.Y. 1988), and using multiple attorneys is not unreasonable per se, see DeMarco v. Ben Krupinski Gen. Contractor, Inc., No. 12 Civ. 0573 (SJF) (ARL), 2014 WL 3696020, at *8 (E.D.N.Y. July 22, 2014) (citations omitted). Multiple attorneys are allowed to recover fees on a case if they show that the work reflects the distinct contributions of each lawyer. See Kapoor v. Rosenthal, 269 F. Supp. 2d 408, 414 (S.D.N.Y. 2003). The moving party, however, must demonstrate the need for each attorney's expertise. See Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc., 277 F. Supp. 2d 323, 325 (S.D.N.Y. 2003). The Court finds that Mr. Meola and Mr. Rosenberg have met that burden here. Their submissions note the expertise of each attorney, and their billing shows that the work was divided between them and was not duplicative. There is no allegation that ghost writing occurred. The fact that Mr. Meola did not file a notice of appearance in this case does not prevent him from performing legal services on behalf of a client and billing that client accordingly. The prevailing party's entitlement to attorneys' fees "is limited neither by some artificial boundary on the number of attorneys he may engage, nor by some maximum amount of work that his attorneys may perform 'behind the scenes,' but only by the principle that the fees be reasonable."); Cruceta v. City of N.Y., No. 10 Civ. 5059 (FB) (JO), 2012 WL 2885113, at *3 (Feb. 7, 2012) (awarding fees to an attorney who did not file a notice of appearance), R&R adopted, 2012 WL 2884985 (E.D.N.Y. July 13, 2012). The prevailing rule is plain: "'To permit the [losing defendant in a fee shifting case] to avoid paying the attorney's fee for [an attorney's] work simply because a formal . . . entry of appearance was not made, would be contrary to the

policies and objectives of [Section 1988].'" Id. at *4 (quoting Shadis v. Beal, 692 F.2d 924, 927 (3d Cir. 1982) (upholding portion of fee award attributable to the work of an attorney who had consulted with a legal services organization after leaving the organization's employment); accord Augustine v. Dep't of Veterans Affairs, 503 F.3d 1362, 1366 (Fed. Cir. 2007) (rejecting "out of hand as . . . completely unsupported" the argument that a prevailing plaintiff's entitlement to fees does not attach until her attorney enters a notice of appearance); Kooritzky v. Herman, 178 F.3d 1315, 1324 (D.C. Cir. 1999) (fee award does not depend on attorney's notice of appearance; fees may be awarded "for a professional who has in fact acted in an attorney-client relationship with the fee claimant"); Case v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1252 (10th Cir. 1998) (notice of appearance is not "the relevant question"; fees are properly awarded for the work of junior associates and legal assistants who remain "unknown to the court"); McDonald v. City of Florissant, 2011 WL 1576766, at *2-3 (E.D. Mo. Apr. 26, 2011) (rejecting, without discussion, defendants' argument that an attorney's fee request should be denied on the basis of his failure to enter an appearance).

Plaintiff's counsel describes himself and his co-counsel, Mr. Meola, as having significant experience handling cases about deprivations of property without due process, including prior litigations with Defendant. See Rosenberg Dec. ¶¶ 5, 13. HVT is Mr. Meola's client, and Mr. Meola retained Mr. Rosenberg to co-counsel the case with him. Mr. Meola is a solo practitioner, and Mr. Rosenberg has a small firm. From a policy perspective, the Court believes that cutting Mr. Meola's fees simply because he is not associated with Mr. Rosenberg's firm and instead worked behind the scenes would discourage the solo and small firm practice models. That is not a statement the Court wishes to make.

Although this case raised a question of first impression, it was not a heavily litigated

9

case. The Court will briefly summarize the ways in which this was a streamlined case from its inception to show why the Court finds that experienced counsel contributed to its favorable resolution for Plaintiff, but that the number of hours expended was excessive. The case involved little discovery, only three conferences before the Court, only two motions (including the instant one), and no trial. The driving observation in Court's review of the fee request is that the case involved almost a pure question of law: whether Defendant is required by Federal constitutional due process to provide notice and an opportunity to be heard upon the seizure of a vehicle to the title owner, as was not done in this case; the Court determined that such process is required. This legal issue was obvious from the outset of the case and is identified in the Complaint. Compl. ¶ 8. It was discussed during the first conference with the Court. It was arguably necessary for Plaintiff to invest significant time in developing its pleadings, but discovery added little to the case, except some fine tuning. The key discovery production used for the dispositive motion may have been the Port Authority regulations, which are publicly available.[7] Thus, the summary judgment motion could largely have been written at the outset of the case, possibly with the exception of the damages analysis. The non-constitutional legal issue in the case that required significant analysis was the relationship between the Federal Constitution and the State lien law, but the parties' briefings were only of limited use to the Court on this point.

The fee question as to hours is thus largely whether, aside from ancillary issues noted below, Plaintiff's counsels' time investment for which compensation is requested was reasonably necessary in light of the posture of the case. See Hensley v. Eckerhart, 461 U.S. 424, 431, 103 S. Ct. 1933, 1938 (1983) ("[s]ince plaintiffs prevailed on the merits and achieved excellent results .

---

[7] See https://www.panynj.gov/airports/pdf/Rules_Regs_Revision_8_04_09.pdf (last visited 9/20/2018).

. . , plaintiffs' counsel are entitled to an award of fees for all time reasonably expended in pursuit of the ultimate result achieved") (citation & quotation marks omitted); Tucker v. City of N.Y., 704 F. Supp. 2d 347, 354 (S.D.N.Y. 2010) ("the court looks initially to the amount of time spent on each category of tasks, as reflected in contemporaneous time records, and then decides how much of that time was reasonably expended") (citations & quotation marks omitted). Having prepared the report and recommendation after a careful review of the submissions, the Court is constrained to say, in significant part, no.

In this posture, with the relative clarity of the legal issues and the record, Plaintiff's preparation of its submissions should have been and could have been done more efficiently, and it would be unreasonable for Defendant to pay fees for the unnecessary hours. Thus, the Court reduces the hours accordingly.

The 57.9 hours spent preparing the pleadings is excessive considering the 39.2 hours spent on pre-filing work and strategizing. See, e.g., Henderson v. Crimmins, 147 F. Supp. 3d 780, 788 (N.D. Iowa 2015) (attorney's 38 hours spent preparing complaint in a civil rights case was excessive and reduced to 6 hours). The combined 97.1 hours spent on pre-filing work, strategizing and preparing the pleadings is reduced to 50 hours.

The 293.6 hours cumulatively spent on the cross-motions for summary judgment is excessive on its face given the fact that there was a very small record consisting primarily of documents that were publicly available at the outset of this case, with no issues of material fact to develop with regard to the liability. The requested hours for motion practice are the equivalent of a single attorney working exclusively on the motions, eight hours a day, five days a week, for nearly two months. After reviewing the detailed billings and summary judgment documents filed, the Court finds that Plaintiff's counsel spent unnecessary time on these

motions, and their hours must be reduced. Notably, courts of this jurisdiction have rejected fee requests relating to a single motion as "excessive" based on much less time than what Plaintiff has claimed. See, e.g., Reiter v. Metro. Transp. Auth. of State of N.Y., No. 01 Civ. 2762 (GWG), 2007 WL 2775144, at *11 (S.D.N.Y. Sept. 25, 2007) (finding the expenditure of more than 700 hours dedicated to summary judgment motion practice to be excessive); Brady v. Wal-Mart Stores, Inc., 455 F. Supp. 2d 157, 212 (E.D.N.Y. 2006) (200 hours plaintiff spent on successful effort to oppose summary judgment is unreasonable; 10% reduction); Nike, Inc. v. Top Brand Co., No. 00 Civ. 8179 (KMW) (RLE), 2006 WL 2946472, at *7 (S.D.N.Y. 2006) (more than 241.5 hours on a motion for summary judgment is "excessive" and "not commensurate with this kind of memorandum;" 25% reduction granted); Sea Spray Holdings, 277 F. Supp. 2d at 325-26 (123.75 hours on a motion to dismiss is "excessive on its face;" 15% reduction applied); see also Blumenschine v. Prof'l Media Group, LLC, 3:02 Civ. 2244 (HBF), 2007 WL 988192, at *17 (D. Conn. March 30, 2007) (136.2 hours spent researching and drafting plaintiff's summary judgment motion disallowed because the motion "was denied on all grounds"; all but one ninth of the time plaintiff spent opposing the defendant's motion for summary judgment disallowed; and 24.35 hours dedicated to the reply disallowed). The approximately 300 hours attributable to the summary judgment motions is excessive and is reduced by 35% to 190.84 hours.

The 26.1 hours spent preparing for and attending three conferences before the Court are excessive given that January 29, 2016 conference took 38 minutes, see 01/29/2016 Dkt. Entry, and the March 29, 2016 conference took 6 minutes, see 03/29/2016 Dkt. Entry. The Court does not have information as to the duration of the July 13, 2016 conference held before Judge Margo K. Brodie, but it reduces the total amount of hours spent preparing for and attending three court

conferences from 26.1 hours to 8 hours.

The 26.4 hours spent obtaining the release of the vehicle and preparing a motion that was never filed is excessive and is reduced to 15 hours.

The 67.3 hours spent preparing initial disclosures and responding to Defendant's interrogatories is excessive considering there were no issues of fact with regard to liability to be uncovered in this case and is reduced to 20 hours. See, e.g., Fleming v. Kemper Nat. Servs., Inc., 373 F. Supp. 2d 1000, 1009 (N.D. Cal. 2005) (7.55 hours spent on preparation of initial disclosures was reasonable). The information exchanged between parties appears to have been minimal. See Finucane Decl., ECF No. 19.

The 12.7 hours spent reviewing this Court's report and recommendation granting Plaintiff's motion for summary judgment is unreasonable and reduced to 2 hours.

The 108.3 hours spent preparing the instant motion is unreasonable and is reduced to 30 hours. The work performed was described in a fairly straight-forward manner, included the time records of only two attorneys and a paralegal, and did not involve any unusual legal or factual issues. See, e.g., Luessenhop v. Clinton Cty., N.Y., 558 F. Supp. 2d 247 (N.D.N.Y. 2008), aff'd, 324 F. App'x 125 (2d Cir. 2009) (fifty-two hours expended to research and prepare motion for attorney fees under § 1988 was unreasonable, warranting a reduction to 30 hours); Fink v. City of N.Y., 154 F. Supp. 2d 403 (E.D.N.Y. 2001) (reduction of time spent preparing motion for attorney fees from 46 hours to 30 hours was warranted, although case involved novel issues). The remainder time spent the Court deems reasonable and calculates the attorneys' fees as follows:

Pleadings, pre-filing work and strategizing    reduced to 50 hours

Review of answer                                 7.2 hours

| | | |
|---|---|---|
| Initial disclosures and interrogatories | reduced to 20 hours | |
| Court conferences | reduced to 8 hours | |
| Release of vehicle | reduced to 15 hours | |
| Summary judgment motion practice | reduced to 190.84 hours | |
| Review of Court's R & R | reduced to 2 hours | |
| Review of District Judge's Order | 2.3 hours | |
| Attorneys' fee settlement negotiations | 4.9 hours | |
| Instant motion practice | reduced to 30 hours | |
| Correspondence | 23.20 hours | |
| **Total attorney hours at $525 per hour** | **353.44 hours** | **$185,556.00** |
| Travel time billed at ½ rate ($262.50/hour) | 2 hours | $525.00 |
| Paralegal time billed at $80/hour | 49 hours | $3,920.00 |
| **Total** | | **$190,001.00** |

Thus, this Court awards $190,001.00 in attorneys' fees, finding that such a fee award is presumptively reasonable under the circumstances.

### b. Costs

Plaintiff seeks costs of $548.68 in costs for filing fees, service of process fees and stenography expenses. The Court finds that these costs were reasonably and necessarily incurred.

## II.     CONCLUSION

For the reasons stated above, this Court grants in part and denies in part Plaintiff's motion for attorneys' fees and costs, and awards Plaintiff as against Defendant $190,001.00 in attorneys' fees and $548.68 in costs for a total award of $190,549.68.

Dated:  Brooklyn, New York
           November 21, 2018

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge