```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
HVT, INC.,                                                   :
                                                             :
                    Plaintiff,                               :     REPORT AND RECOMMENDATION
                                                             :
         -against-                                           :     15 Civ. 5867 (MKB) (VMS)
                                                             :
PORT AUTHORITY OF NEW YORK AND                               :
NEW JERSEY,                                                  :
                                                             :
                    Defendant.                               :
                                                             :
------------------------------------------------------------ X
```

**Vera M. Scanlon, United States Magistrate Judge:**

Presently before the Court are Plaintiff HVT, Inc.'s ("Plaintiff" or "HVT") and Defendant Port Authority of New York and New Jersey's ("Defendant" or the "Port Authority") submissions on proposed revised rules and regulations for post-seizure procedures for notice and opportunity for a hearing. ECF Nos. 69, 70. The Court assumes familiarity with the factual background of the case. For the reasons stated herein, this Court respectfully recommends that the District Court approve the parties' four agreed-upon proposed remedies, and direct the parties to prepare additional submissions on proposed revised rules and regulations for post-seizure procedures for notice and opportunity for a hearing.

**I.      BACKGROUND**

    **a.      Procedural History**

Plaintiff brought this action against Defendant pursuant to 42 U.S.C. §§ 1983 and 1988. See generally Compl., ECF No. 1. The Complaint alleges that Defendant deprived Plaintiff of its right to a 2012 Honda Odyssey (the "Subject Vehicle") without due process when it impounded the Subject Vehicle following an arrest of the vehicle driver made at John F. Kennedy International Airport ("JFK") on March 14, 2015. Compl. ¶¶ 6, 8, 13. Plaintiff, the title owner

1

of the Subject Vehicle, first received notice of the impound on April 27, 2015, at which point $4,491.09 in charges had already been assessed for towing and storage. Id. ¶¶ 16-17. Fees continued to accrue. Plaintiff eventually recovered the Subject Vehicle, but fees remained outstanding, subject to payment by bond if Plaintiff failed in this action.

The parties cross-moved for summary judgment, and the Court referred the motions to the undersigned for a report and recommendation. Pl.'s Mot. for Summ. J., ECF No. 25; Def.'s Cross-Mot. for Summ. J., ECF No. 18. Plaintiff argued that Defendant violated the Due Process clause of the Fourteenth Amendment when it seized and detained the Subject Vehicle without providing Plaintiff adequate notice of the deprivation and an opportunity for a post-deprivation hearing. Pl.'s Memo., ECF No. 25-4 at 1, 5-16. Plaintiff argued that the notice it received on April 27, 2015 was inadequate because 1) it was not sent to Plaintiff within a reasonable time after the deprivation; 2) it was sent to Plaintiff after the imposition of some of the towing and storage fees; and 3) it did not provide for a hearing. Id. at 7-8. Plaintiff argued that Defendant's rules and regulations which authorized the seizure and charging of storage fees, 21 NYCRR 1262.16, are unconstitutional on their face as they do not contain any notice requirement or provide hearing procedures. Id. at 11-14.

Defendant, on the other hand, argued that it was entitled to seize the Subject Vehicle pursuant to a lawful arrest and to promote road safety, and that it did not violate the procedural due process protections of the Fourteenth Amendment. Def.'s Memo., ECF No. 20 at 5-7. The Port Authority argued that impound of the Subject Vehicle was necessary under the circumstances, because after the arrest of the driver, no other individual was able to operate the Subject Vehicle such that the vehicle was abandoned, to which it consequently impeded traffic. See Def.'s Memo. at 6-8. Defendant argued that in such a circumstance, the Port Authority

2

Police Department ("PAPD") was authorized to remove "from any area of an air terminal any vehicle which is disabled, abandoned, parked in violation of the rules and regulations set forth in this part, or which presents an operational problem . . . at the owner or operator's expense." See 21 NYCRR 1262.16; Def.'s Memo. at 7.

      The Port Authority briefly claimed that the Subject Vehicle "may have also been impound as evidence." Def.'s Memo. at 10. In their respective briefings, neither party asserted, much less litigated, that the Subject Vehicle had been seized because it constituted arrest evidence. Neither party asserted that the Subject Vehicle was seized for forfeiture. Plaintiff argued this case does not arise from vehicles impounded for evidence or forfeiture, see, e.g., Pl.'s Memo. at 1, and Defendant repeatedly stated that the PAPD seized and impounded the vehicle for road safety incident to the driver's arrest. See, e.g., Def.'s Rule 56-1 Stmt., ECF No. 21 ¶ 25 ("PAPD officers impounded the Subject Vehicle at the time of driver, Jean-Laurent's arrest because the unoccupied vehicle was located in an area in which parking was not permitted. N.Y. Unconsol. Laws §6831(8) (McKinney 2015), 21 NYCRR §1262.16."), ¶ 30 ("On April 22, 2015, the Port Authority sent a notice to Plaintiff that it had possession of the Subject Vehicle because it had been left unattended and that HVT could claim the Subject Vehicle."); Def.'s Memo. at 9-10 (arguing Krimstock v. Kelly ("Krimstock I"), 306 F.3d 40 (2d Cir. 2002) inapplicable because it was "limited to vehicles seized for civil forfeiture proceedings or for evidentiary purposes," and because the Subject Vehicle was seized "for a community caretaking function."), 12 (arguing Harrell v. City of New York, 138 F. Supp. 3d 479 (S.D.N.Y. 2015) inapplicable because the Subject Vehicle was seized "in response to the registered owner's arrest and the vehicle left [sic] abandoned and impeding traffic and safety."), 13 (". . . the public safety concerns that prompted PAPD to seize the Subject Vehicle stemmed from the disruption that would be caused by the

abandoned vehicle after the registered owner's arrest. . . . The vehicle was left in an unauthorized parking area of JFK and would have been disruptive of traffic flow, which risked the safety of pedestrians, drivers, and other airport patrons."); Def.'s Opp. to Pl.'s Mot. for Summ. J., ECF No. 23 at 5 ("PAPD's seizure of the Subject Vehicle was necessary to secure the important governmental and public interest of safety on the roads. . . . Here, when the driver, who was the registered owner was arrested, the Subject Vehicle remained unoccupied within JFK roadway, and removal by PAPD was necessary for safety."), 9 ("Unlike Krimstock, PAPD seized the Subject Vehicle to secure important governmental and public interest of safety on the roads. . . . [T]he purpose of the seizure was to further police community caretaking functions."); Def.'s Reply ISO Mot. for Summ. J., ECF No. 24 at 2 ("The Port Authority Police Department ("PAPD")'s seizure of the Subject Vehicle was necessary to secure the important governmental and public interest of safety on the roads. . . . Here, when the driver who was the registered owner was arrested, the Subject Vehicle remained unoccupied in an unauthorized area within JFK, and removal by PAPD was necessary for road safety."), 4-5 ("The Port Authority's procedure of impounding vehicles that are impeding traffic at its airport terminals and requiring the payment of towing and storage fee [sic] of such vehicle prior to its release, without a hearing, does not violate due process."). Plaintiff did not dispute Defendant's legal right to arrest the registered owner or to tow and impound the Subject Vehicle.

Instead, Plaintiff's main concern is that the Port Authority impounded and assessed 39 days-worth of fees against the Subject Vehicle before providing Plaintiff with notice of the seizure and that the Port Authority conditioned the Subject Vehicle's release upon payment of charges Plaintiff did not know were accruing. Pl.'s Memo. at 11-12, 17. Plaintiff also argued the Port Authority failed to provide any opportunity for Plaintiff to not only contest the amount

4

of the fees, but to contest whether Plaintiff should be responsible for the fees at all. See Pl.'s Memo. at 10 n.3, 12-14, 18; see also June 19, 2020 Hearing Tr., ECF No. 74 at 14:18-15:1. Thus, the issue on summary judgment was what notice and process was due to the owner of the Subject Vehicle under these circumstances.

After finding New York Lien Law did not apply to this case, the undersigned limited the Court's review to the constitutionality of the Port Authority's Rules and Regulations, 21 NYCRR 1260.1 et seq., and found they violate the Constitution by permitting seizure and retention of vehicles without providing due process. HVT, Inc. v. Port Authority of New York and New Jersey ("R&R I"), No. 15 Civ. 5867 (MKB) (VMS), 2018 WL 3134414, at *6 & n.4 (E.D.N.Y. Feb. 15, 2018). The undersigned recommended that the Court direct the parties to submit joint proposed revised regulations or procedures consistent with R&R I. Id. at *11. The undersigned also recommended that, at a minimum, that proper procedures include that the notice must be sent to titled owners, registered owners and record lienholders of the seized vehicles; that notice must be sent promptly after the seizure; that the notice must clearly provide an opportunity for a hearing; and that the government must be responsible for arranging and conducting the hearing. Id. The Court adopted the unopposed report and recommendation. HVT, Inc. v. Port Authority of New York and New Jersey, No. 15 Civ. 5867 (MKB) (VMS), 2018 WL 1409821 (E.D.N.Y. Mar. 21, 2018). Plaintiff filed a motion for clarification as to the scope of the Court's holding, and the undersigned reiterated that the holding of the Court is limited to when the Port Authority seizes a vehicle incident to an arrest.[1] Report and Recommendation ("R&R II"), ECF No. 66 at 4, report & recommendation adopted, Sept. 7, 2019 Order.

The parties exchanged multiple drafts of proposed rules and regulations and submitted

---

[1] Neither party opposed the undersigned's denial of Plaintiff's motion for clarification.

letters to the Court outlining their respective positions. See ECF Nos. 53, 61, 64, 67-70, 73, 75. The parties have been unable to agree on a complete joint submission to the Court, requiring the undersigned's intervention.

### b. Submissions Regarding Proposed Rules And Regulations

The parties submitted partially competing proposed procedures, ECF Nos. 69 and 70, regarding the process for a post-deprivation notice and a hearing. At the outset, the Court notes the parties agree on multiple items in their respective submissions, and as to these provisions, the Court agrees that they should be adopted by Defendant in partial satisfaction of the need to provide due-process protections. Both parties agree that within five business days of a vehicle seizure, the PAPD must send notice of the seizure to titled owners, registered owners and lienholders via certified mail. ECF No. 69-1 at 2; ECF No. 70-2 at 2. The parties agree that the notice should indicate the right to a hearing, see ECF No. 69-1 at 2; ECF No. 70-2 at 2; and the notice should explain the hearing process, see ECF No.69-1 at 4; ECF No. 70-2 at 2. The parties agree that an appropriate forum for the hearing is the Office of Administrative Trials and Hearings ("OATH").[2] ECF No. 53 at 2; see ECF No. 69-1 at 2; ECF No. 70-2 at 2. The parties also agree that the vehicle owner is responsible for the towing fee when a car must be seized and towed for safekeeping after the arrest of the driver. See, e.g., Feb. 27, 2020 Hearing Tr., ECF No. 72 at 25:5-7, 101:15-102:8; June 19, 2020 Hearing Tr. at 54:13-55:1; see also R&R I, 2018

---

[2] It appears the parties' submissions only agree on OATH hosting post-deprivation procedures relating to vehicles seized for forfeiture, as Defendant's submission only addressed forfeiture procedures. See ECF No. 69-1 at 3, 4. In their next submissions, the parties must confirm whether OATH is the appropriate venue for the proceedings required herein, i.e., nonforfeiture procedures.

WL 3134414, at *15 (finding Plaintiff obligated to pay towing fee because Plaintiff concedes that the Subject Vehicle was legally towed).

The parties have been unable to agree on certain facets of the post-seizure notice and hearing procedure. First, the parties do not agree which types of seizures should be covered by the proposed remedy. Plaintiff's proposed procedures appear to encompass any type of seizure by PAPD incident to an arrest. See ECF No. 70-2 at 2 ("PANYNJ POST-SEIZURE PROCEDURES"). Defendant's proposed procedures address when a vehicle is seized for forfeiture by PAPD incident to an arrest. See ECF No. 69-1 at 2 ("FORFEITURE PROCEDURE").

Second, the parties do not agree on how the hearing should be arranged. Plaintiff proposed that the notice should provide a date certain for the post-deprivation hearing within 21 days of the date of the notice letter. ECF No. 70-2 at 2. Defendant's proposed notice letter alerts the vehicle owner that the owner is entitled to a hearing and that one will be held within 10 days of receipt of such request for a hearing. ECF No. 69-1 at 4.

Third, it is unclear whether the parties agree if there should be any tolling period during which storage fees do not accrue in relation to notice that the vehicle was towed and can immediately be claimed from the storage facility. The parties appear to agree that no storage fees can be assessed before notice is mailed. See Pl.'s Memo. at 7 ("notice must be sent before the assessment of towing fees and storage charges") (emphasis in original); Def.'s Memo. at 14 (acknowledging that Plaintiff is only liable for the storage fees that accrued after notice mailed to Plaintiff). Plaintiff also suggests that storage fees cannot accrue before notice is received by the vehicle owner, and in addition, that there should be a 15-day grace period after receipt of notice to give the owner a chance to collect the vehicle or pursue a hearing with either minimal or no

7

storage fees.³  See ECF No. 70-2 at 3; see also Feb. 27, 2020 Hearing Tr. at 27:24-28:3; 30:12-20, 41:11-17; 80:2-12.  Defendant's position appears to be that there should be no explicit grace period, see ECF No. 75 at 6 (only expressing position there should be a 72-hour grace period after the issuance of a District Attorney Release Form),⁴ but Defendant also described during the June 19, 2020 Court teleconference its belief that the Port Authority's procedures already contain a built-in tolling period based on the process for mailing notice, which tends to result in some "delay in the imposition of any fee."  See June 19, 2020 Hearing Tr. at 21:11-17, 31:11-24, 33:1-13.⁵

As discussed further below, the parties have not supplied the Court with information regarding the substance of the hearing by which the vehicle owner would contest the towing and/or imposition of fees.  Plaintiff's submission does not contain details about the proposed post-deprivation hearing.  Defendant's submission to the Court describes the post-seizure hearing developed in Krimstock for vehicles retained as instrumentalities of a crime prior to forfeiture proceedings, ECF No. 69-1 at 3, 4, but as discussed below, a remedy for vehicles seized for

---

³ Plaintiff has alternatively stated its position as no storage fees should accrue before the later of: (i) 25 days after the date the Port Authority sends written notice to the vehicle owner, or (ii) three days after the District Attorney issues a release of the subject vehicle.  ECF No. 75 at 4.

⁴ As discussed below, the Court limits its review of the proposed remedies to seizures after an arrest where a vehicle is towed for safekeeping purposes, not arrest evidence or forfeiture.  What the appropriate grace period should be after the District Attorney releases a vehicle held as evidence, if any, is, therefore, beyond the Court's analysis.

⁵ The Court does note that the notice procedures to which the Port Authority refers, ECF No. 73 at 13-14, do not state storage fees are tolled at any point during the process for mailing notice to vehicle owners, and the attached letter notice exhibit seems to imply that fees are indeed continuously accruing.  See id. at 25 ("Please be aware that the person or corporation claiming this vehicle is responsible for all towing and storage fees payable to [E].  Towing charges and daily storage fees are being assessed.  Whether you claim the vehicle or not, you must pay the cost of its removal and storage, which will continue to accrue until the vehicle is claimed.")

8

arrest evidence or instrumentalities of a crime by PAPD is outside of the scope of the case before the Court.

## II. LEGAL STANDARD

Where a plaintiff has established municipal liability under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978), "it is within the power and discretion of the court to remedy the constitutional deprivation by awarding monetary damages or equitable relief or both, depending on its assessment of what the particularities of the case require." MacIssac v. Town of Poughkeepsie, 770 F. Supp. 2d 587, 596 (S.D.N.Y. 2011) (citation omitted); see Richard D. Freer, 13D Fed. Prac. & Proc. Juris. § 3573.2 (3d ed. 2021) ("[Section 1983] allows relief 'in an action at law, suit in equity, or other proper proceeding for redress.' This permits the federal courts to use any available remedy to make good the wrong suffered."). It is up to "the district court, in consultation with the parties, to fashion appropriate procedural relief consistent with [its] opinion." Krimstock I, 306 F.3d at 69 (citing Fuentes v. Shevin, 407 U.S. 67, 97 n.33 (1972)).

## III. DISCUSSION

### a. The Procedures Must Be In Accordance With The Relief Already Awarded In This Case, And Therefore, Must Address Community Safekeeping Seizures After Driver's Arrest

To recap, this case is about circumstances in which a vehicle is seized and towed after the driver's arrest because it would otherwise be illegally parked because no one else could drive away with the car. As this Court noted in R&R II, the Court did not examine the arrest because the parties did not dispute the officer had probable cause to arrest the driver, nor did the parties dispute that the towing of the car was necessary for safekeeping purposes. See R&R II at 4; R&R I, 2018 WL 3134414, at *5; Def.'s Memo. at 6-7; Pl.'s Opp. to Def.'s Mot. for Summ. J.,

9

ECF No. 26 at 5.  The relief Plaintiff sought focused on Plaintiff's responsibility to pay the towing and storage fees in these circumstances, in which a vehicle owner was not present at the seizure, seeking declarations that: (i) Plaintiff is not liable for towing and storage fees assessed before Plaintiff had notice of the charges; (ii) Plaintiff is not liable for prospective daily storage charges where release of the Subject Vehicle was conditioned upon payment of back-charged fees; and (iii) Plaintiff is not liable for any fees assessed against the Subject Vehicle because Defendant did not provide an opportunity to be heard as to Plaintiff's responsibility for those fees.  Pl.'s Memo. at 17-18.  As such, the Court limits its review of the adequacy of the parties' proposed remedies in light of the disputes in this case—notice of the deprivation and a meaningful opportunity to challenge the fees.

As R&R II confirmed, the Court limits its review of the proposed remedies to the situation of vehicles seized incident to criminal arrests, as the Court cannot speculate as to whether a civil-incident car seizure presents the same legal questions regarding due process.  See R&R II at 4, 6.  Likewise, the Court limits its review to seizures for community safekeeping purposes only, as the parties did not dispute that this was the sole justification for the vehicle's seizure by the Port Authority.  See, supra, Section I.a.  It is commendable that the parties have proposed procedures for vehicle seizures in the arrest-context that go beyond the circumstances of this case and it may be that consistent with due-process principles, such procedures are required.  Nonetheless, the Court does not express an opinion on the adequacy of the parties' due process procedures for any other kind of seizure incident to a driver's arrest, as there are questions of fact regarding such other types of seizures unaddressed by the record, and

"[j]udicial decision-making should not occur without fixed, established points of reference." Jones v. Kelly ("Krimstock II"), 378 F.3d 198, 204 (2d Cir. 2004).

The court in Krimstock found itself in a similar situation. The parties in Krimstock agreed the vehicle at issue had been seized as an instrumentality of a crime (and therefore, subject to forfeiture), rather than as "arrest evidence". See Krimstock I, 306 F.3d at 69 n.32. Following remand to the district court to "formulate, in consultation with the parties, the appropriate injunctive relief needed to redress the constitutional violations examined in this opinion," id. at 70-71, the district court circulated a draft order for the parties' comment "that established a hearing for vehicles seized as arrest evidence or as an instrumentality of a crime." Krimstock II, 378 F.3d at 200 (emphasis added). The City of New York opposed the district court's inclusion of provisions for a hearing for vehicles seized as arrest evidence, and after the district court entered such order, the City appealed. The Second Circuit affirmed the district court's order with respect to cars held for forfeiture, but vacated and remanded the order related to cars held as arrest evidence, noting that the district court "made no findings as to the necessity of including arrest evidence in its order." Id. at 203. In this case, the Court has not made findings as to a need for procedures for notice and an opportunity to be heard regarding vehicles seized for arrest evidence or forfeiture, and it will not address procedures beyond those needed to resolve this case.

With these considerations in mind, the Court turns to the adequacy of the parties proposed procedures for post-deprivation notice and an opportunity to be heard.

### b.    Adequacy Of The Parties' Proposed Remedies

There is no universal approach to satisfying the requirements of meaningful notice and opportunity to be heard in a situation such as this. See Fuentes, 407 U.S. at 96 (acknowledging

11

that the "nature and form of [fair hearings] are legitimately open to many potential variations"). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." Nnebe v. Daus, 644 F.3d 147, 158 (2d Cir. 2011) (citation omitted).

This Court respectfully recommends that the District Court grant in part the parties' proposed remedies with respect to the items upon which they agree, finding that they comport with due process: (i) within five business days of a vehicle seizure, the PAPD must send notice of the seizure to titled owners, registered owners and lienholders via certified mail, see Krimstock I, 306 F.3d at 68 (as to titled and registered owners); Ford Motor Credit Co. v. New York City Police Dep't, 394 F. Supp. 2d 600, 611 (S.D.N.Y. 2005) (as to lienholders), aff'd sub nom., Ford Motor Credit Co. v. NYC Police Dep't, 503 F.3d 186 (2d Cir. 2007);[6] (ii) the notice should indicate the right to a hearing, see Krimstock v. Kelly ("Krimstock IV"), 506 F. Supp. 2d 249, 251 (S.D.N.Y. 2007) (New York Police Department "must give written notice to the claimant of his or her right to a hearing"); (iii) the notice should explain the hearing process, see Krimstock I, 306 F.3d at 68-69 & n.31 (ordering that claimants be given adequate notice) (citing Butler v. Castro, 896 F.2d 698, 702 (2d Cir. 1990) ("[A] voucher must be given to an arrestee for non-contraband property seized [and] must also give notice of the procedures to be followed to recover such property.")); and (iv) the titled owner, registered owner or lienholder is responsible for paying the towing fee when a car must be seized and towed for safekeeping after the arrest of the driver, see Scofield v. City of Hillsborough, 862 F.2d 759, 765 (9th Cir. 1988) ("The district court found that even if a post-towing hearing had been held, it would not have relieved [the plaintiff] from the obligation to pay the towing charges."). The Court also accepts the parties'

---

[6] The mailed notice is in addition to the notice handed immediately to the operator of the seized vehicle, which the Court understands was already part of PAPD's practice. See ECF No. 69-1 at 2.

12

proposal to use OATH as the forum for the post-deprivation proceeding; however, it is unclear from the parties' submissions whether they only agree OATH is the proper forum to adjudicate vehicles seized for forfeiture, or if they also agree OATH should adjudicate safekeeping tows and the imposition of fees. As discussed below, further clarification on, inter alia, the use of OATH is requested of the parties.

   This Court respectfully recommends the District Court decline to approve the parties' proposed remedies with respect to all else as there is not enough information presented to the Court. See Nnebe, 644 F.3d at 160 (declining to hold whether hearing procedure satisfied minimum requirements of due process because "the evidence in the record is insufficient"). The parties have not submitted information on the substance of the hearing to challenge safekeeping seizures and assessment of fees,[7] nor have they submitted a copy of the proposed notice to registered owners, titled owners and lienholders regarding the safekeeping seizure and hearing. It is unclear to the Court whether the parties agree in practice when storage fees start accruing

---

[7] Defendant's submission describes the hearing as such: "The hearing will provide you with an opportunity to be heard, either yourself or through your attorney, with respect to three issues: (1) whether probable cause existed for the arrest of the vehicle operator; (2) whether it is likely that the PAPD will prevail in an action to forfeit the vehicle; and (3) whether it is necessary that the vehicle remain impounded in order to ensure its availability for a judgment of forfeiture. The burden of proof by a preponderance of the evidence as to [each of] these issues will be on the PAPD, and the judge may consider such hearsay and other evidence as the judge may consider reliable. . . . Additionally, a claimant who is an owner may present an 'innocent owner' defense, namely that in some instances, a vehicle may not be forfeited if its owner did not know or have reason to know that the vehicle would be used in the commission of a crime." ECF No. 69-1 at 3, 4. As the post-deprivation process here need not address vehicles seized as instrumentalities of a crime, these issues appear irrelevant to a vehicle owner contesting a road safety seizure and the imposition of fees.

against a seized vehicle.  See, supra, Section I.b.[8, 9]  The parties have submitted competing views on how the hearing should be arranged, and because it may be the case that regardless of the timing of the hearing, the parties agree on a fee tolling mechanism, the Court seeks further clarification from the parties.  See id.  As to Plaintiff's contention that an opt-in procedure for the hearing is not permissible, see ECF No. 70-1 at 3, the process Defendant proposes—that a hearing will be arranged by OATH within 10 days of OATH's receipt of a hearing request—has previously passed constitutional muster.  See Krimstock IV, 506 F. Supp. 2d at 251-52 (describing procedure developed by district judge in consultation with parties).  It is unclear if Defendant proposes that same procedure for the type of hearing at issue here.

        c.      **The Court Requests Additional Submissions From The Parties**

        The Court is appreciative of Counsels' diligence in trying to develop mutually agreeable procedures.  The Court reminds the parties that this remedy is about Defendant offering constitutionally sufficient due process, not Plaintiff's preferred process.  See Brody v. Vill. of Port Chester, 434 F.3d 121, 128 (2d Cir. 2005) ("The issue to be decided then is . . . what

---

[8] The Court notes that it may be constitutionally permissible for some fee accrual post-seizure and prior to when the vehicle is retrieved or the hearing is held, but also notes that permissible fee accrual may be dependent upon how soon the hearing can take place.  See, e.g., City of Los Angeles v. David, 538 U.S. 715, 717-18 (2003) (finding that the private interest in maintaining the use of money between the time of paying towing fees and the time of a post-deprivation hearing minimal and mitigated by the possibility of interest payments); De Young v. City of New York, 607 F. Supp. 1040, 1044-45 (S.D.N.Y. 1985) (finding New York City's refusal to accept a bond in lieu of full payment of towing and storage charges to retrieve vehicle prior to hearing is constitutionally sound, noting hearings are available immediately on a walk-in basis).

[9] Likewise, the Court also notes Plaintiff's proposal for "return-on-demand" of the vehicle without paying any storage fees prior to the hearing, ECF No. 70-2 at 3, may not be constitutionally necessary.  See De Young, 607 F. Supp. at 1044-45; see also Goichman v. Rheuban Motors, Inc., 682 F.2d 1320, 1324 (9th Cir. 1982) ("government's interest in efficient and inexpensive towage of illegally parked automobiles is sufficient to outweigh the private interest in return-on-demand").

14

[procedures] will satisfy the minimum requirements of due process. . . ."). With that in mind, this Court respectfully requests additional submissions from the parties within 45 days of the adoption of this report and recommendation, if it is adopted. The submission should provide a joint proposal to the Court regarding the below items.

1. A copy of the draft notice letter;
2. Clarification whether OATH is the proposed forum for the post-deprivation hearing, or if not, an alternative proposal;
3. Procedures regarding how the post-deprivation hearing would be arranged;
4. Procedures regarding when storage fees begin to accrue; and
5. The issues to be adjudicated in the post-deprivation hearing.

If the parties still cannot come to an agreement on certain aspects, the submission should describe which items the parties do not agree and the due-process arguments in support of each side.

## IV. CONCLUSION

For the reasons stated above, this Court respectfully recommends that the District Court grant in part the parties' proposed remedies, and requests that, within 45 days of the adoption of this report and recommendation, if it is adopted, the parties submit the additional information requested within in a joint submission. This Court thus respectfully recommends the District Court approve as satisfying due process the following: (i) within five business days of a vehicle seizure, the PAPD must send notice of the seizure to titled owners, registered owners and lienholders via certified mail; (ii) the notice should indicate the right to a hearing; (iii) the notice should explain the hearing process; and (iv) the titled owner, registered owner or lienholder is responsible for paying the towing fee when a car must be seized and towed for safekeeping after

15

the arrest of the driver. The Court will hold a hearing within 30 days of receipt of the joint submission.

V.      **OBJECTIONS**

Written objections to this report and recommendation must be filed with the Clerk of the Court within 14 days after service of the report and recommendation, and in accordance with the Individual Rules of the District Judge. Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this report and recommendation. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see also Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008). Any request for an extension of time to file objections or respond must be directed to the District Judge.

Dated:  Brooklyn, New York
August 4, 2021

*Vera M. Scanlon*
_____
VERA M. SCANLON
United States Magistrate Judge