UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
HVT, INC.,

                Plaintiff,

         v.

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,

                Defendant.
-----------------------------------------------------------------

**ORDER**
15-CV-5867 (MKB) (VMS)

MARGO K. BRODIE, United States District Judge:

    Plaintiff HVT, Inc., commenced the above-captioned action on October 13, 2015, against Defendant Port Authority of New York and New Jersey, pursuant to 42 U.S.C. §§ 1983 and 1988, alleging deprivation of property without due process in violation of the Fourteenth Amendment and the New York State Constitution and bringing additional claims for declaratory relief, replevin, and municipal liability based on Defendant's impounding of a vehicle after the driver was arrested at John F. Kennedy International Airport. (Compl. ¶¶ 6, 8, 13, Docket Entry No. 1.) On July 14, 2017, the parties cross-moved for summary judgment, and on April 26, 2017, the Court referred the motions to Magistrate Judge Vera M. Scanlon for a report and recommendation. (Def.'s Mot. for Summ. J., Docket Entry No. 18; Pl.'s Mot. for Summ. J., Docket Entry No. 25; Order Referring Mots. dated Apr. 26, 2017.) On February 15, 2018, Judge Scanlon recommended that the Court (1) grant Plaintiff's motion except as to certain damages and payment of the towing fee and deny Defendant's cross-motion except as to the towing fee, (2) order Plaintiff's bond to be released less the $80.00 towing fee to be paid to Defendant, (3) award Plaintiff nominal damages in the amount of $1.00, and (4) order the parties to submit

for the Court's review joint proposed revised regulations or procedures consistent with the report and recommendation (the "Summary Judgment R&R"). (Summ. J. R&R, Docket Entry No. 32.) By Memorandum and Order dated March 21, 2018, the Court adopted the unopposed R&R in its entirety. (Mem. and Order, Docket Entry No. 34.) Since then, the parties have exchanged multiple drafts of proposed rules and regulations and submitted letters to the Court outlining their respective positions[1] but have been unable to agree on a complete joint submission, necessitating the Court's intervention.

Currently before the Court is Judge Scanlon's August 6, 2021 report and recommendation (the "R&R") regarding the parties' draft proposals. (R&R, Docket Entry No. 77; *see also* Def.'s Letter dated Nov. 15, 2019 ("Def.'s Draft Proposal"), Docket Entry No. 69; Pl.'s Letter dated Nov. 15, 2019 ("Pl.'s Draft Proposal"), Docket Entry No. 70.) For the reasons set forth below, the Court adopts the unopposed R&R in its entirety.

## I.   Background

Plaintiff challenges the notice and process given to the owner of a vehicle when the Port Authority seizes the vehicle incident to arrest. (R&R 5.) In the Summary Judgment R&R, Judge Scanlon examined the constitutionality of the Port Authority's Rules and Regulations, 21 NYCRR 1260.1 *et seq.*, and found that they violate the Constitution by permitting seizure and retention of vehicles without providing due process. (Summ. J. R&R 12 & n.4.) Judge Scanlon recommended that the Court direct the parties to submit joint proposed revised regulations or procedures consistent with the Summary Judgment R&R. (*Id.* at 20.) In addition, Judge Scanlon

---

[1] (*See* Letter dated Nov. 1, 2018, Docket Entry No. 53; Status Rep., Docket Entry No. 61; Mot. for Clarification, Docket Entry No. 64; Mot. for Extension of Time to File Revised Rules and Regulations, Docket Entry No. 67; Second Mot. for Extension of Time to File Proposed Revised Rules and Regulations, Docket Entry No. 68; Status Rep., Docket Entry No. 73; Status Rep., Docket Entry No. 75.)

recommended that, at a minimum, the procedures include that the notice must be sent to titled owners, registered owners, and record lienholders of the seized vehicles; that the notice must be sent promptly after the seizure; that the notice must clearly provide an opportunity for a hearing; and that the government must be responsible for arranging and conducting the hearing. (*Id.*) The Court adopted the unopposed Summary Judgment R&R, (Mem. and Order), and the parties have since filed partially competing proposed procedures, (Def.'s Draft Proposal; Pl.'s Draft Proposal).

## II. Report and Recommendation

In her summary of the parties' draft proposals, Judge Scanlon noted that the parties "agree on multiple items" but disagree on "certain facets of the post-seizure notice and hearing procedure," including (1) "which types of seizures should be covered by the proposed remedy," (2) "how the hearing should be arranged," and (3) "if there should be any tolling period during which storage fees do not accrue in relation to notice that the vehicle was towed and can immediately be claimed from the storage facility." (R&R 6–7.) Judge Scanlon also noted that "the parties have not supplied the Court with information regarding the substance of the hearing by which the vehicle owner would contest the towing and/or imposition of fees." (*Id.* at 8.) Judge Scanlon reviewed the adequacy of the parties' proposed remedies (1) "in light of the disputes in this case — notice of the deprivation and a meaningful opportunity to challenge the fees," (2) with respect "to the situation of vehicles seized incident to criminal arrests, as the [c]ourt cannot speculate as to whether a civil-incident car seizure presents the same legal questions regarding due process," and (3) with respect "to seizures for community safekeeping purposes, as . . . this was the sole justification for the vehicle's seizure." (*Id.* at 10.) Judge Scanlon recommended that the Court grant in part the parties' proposed remedies "with respect

to the items upon which they agree, finding that they comport with due process," including (1) "within five business days of a vehicle seizure, the [Port Authority Police Department ('PAPD')] must send notice of the seizure to titled owners, registered owners and lienholders via certified mail," (2) "the notice should indicate the right to a hearing," (3) "the notice should explain the hearing process," and (4) "the titled owner, registered owner or lienholder is responsible for paying the towing fee when a car must be seized and towed for safekeeping after the arrest of the driver."  (*Id.* at 12.)  In addition, Judge Scanlon "accept[ed] the parties' proposal to use [the Office of Administrative Trials and Hearings ('OATH')]" as the forum for the post-deprivation proceedings," but because it was "unclear from the parties' submissions whether they only agree OATH is the proper forum to adjudicate vehicle seizures for forfeiture, or if they also agree OATH should adjudicate safekeeping tows and the imposition of fees," Judge Scanlon recommended that the Court request "further clarification on . . . the use of OATH." (*Id.* at 12–13.)  Judge Scanlon recommended that the Court "decline to approve the parties' proposed remedies with respect to all else as there is not enough information presented."  (*Id.* at 13–14.)  Accordingly, Judge Scanlon recommended that the Court "request[] additional submissions from the parties within [forty-five] days," including "a joint proposal to the Court" regarding (1) "[a] copy of the draft notice letter," (2) "[c]larification whether OATH is the proposed forum for the post-deprivation hearing, or if not, an alternative proposal," (3) "[p]rocedures regarding how the post-deprivation hearing would be arranged," (4) "[p]rocedures regarding when storage fees begin to accrue," and (5) "[t]he issues to be adjudicated in the post-deprivation hearing."  (*Id.* at 15.)

       No party has objected to the R&R and the time for doing so has passed.

4

### III. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## IV. Conclusion

Accordingly, the Court adopts the R&R and grants in part the parties' proposed remedies. The Court approves as satisfying due process the following: (1) within five business days of a vehicle seizure, the PAPD must send notice of the seizure to titled owners, registered owners and lienholders via certified mail; (2) the notice should indicate the right to a hearing; (3) the notice should explain the hearing process; and (4) the titled owner, registered owner or lienholder is responsible for paying the towing fee when a car must be seized and towed for safekeeping after the arrest of the driver. In addition, the Court directs the parties to submit, within forty-five days of the date of this Memorandum and Order, the additional information requested in a joint submission.

Dated: August 26, 2021
       Brooklyn, New York

SO ORDERED:

s/ MKB

MARGO K. BRODIE
United States District Judge