```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
HVT, INC.,                                                   :
                                                             :
                            Plaintiff,                       :
                                                             :        REPORT AND RECOMMENDATION
              -against-                                      :
                                                             :        15 Civ. 5867 (MKB) (VMS)
                                                             :
PORT AUTHORITY OF NEW YORK AND                               :
NEW JERSEY,                                                  :
                                                             :
                            Defendant.                       :
                                                             :
------------------------------------------------------------ X
```

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff HVT, Inc. ("Plaintiff") commenced this action against the Port Authority of New York and New Jersey ("Defendant"), asserting claims for deprivation of property without due process of law, in violation of 42 U.S.C. § 1983 and Article I, Section 6 of the New York Constitution.  See generally ECF No. 1.[1]  The core factual allegations underlying Plaintiff's claims were (1) that, on July 21, 2012, non-party B. Jean-Laurent (the "Lessee") leased a vehicle owned by Plaintiff; (2) that, on March 14, 2015, Defendant seized the vehicle in conjunction with the Lessee's arrest at the John F. Kennedy International Airport; and (3) that, on April 27, 2015, Defendant first informed Plaintiff (a) that it imposed assessments in relation to the seized vehicle and (b) that, if Plaintiff did not pay the assessments to recover the seized vehicle, Defendant would sell it.  See id. ¶¶ 6, 9, 13-16.  Defendant answered.  See generally ECF No. 10.

Plaintiff's claims were resolved on motions for summary judgment by both Plaintiff and Defendant.  See generally ECF Nos. 32 & 34.  The District Court (1) ordered Defendant to

---

[1] Plaintiff also asserted as claims requests for certain remedies, namely replevin and declaratory relief.  See generally ECF No. 1.

1

release Plaintiff's $35,000.00 bond, which it had posted to secure the release of the seized vehicle, see ECF No. 9 at 1, except as to $80.00 for the towing fee; (2) awarded Plaintiff, as against Defendant, nominal damages in the amount of $1.00; (3) granted Plaintiff leave to move for an award of compensatory damages[2] and attorneys' fees; and (4) directed Plaintiff and Defendant to submit proposed procedures to be adopted by Defendant.[3]  See ECF No. 34 at 5.

Following the resolution of Plaintiff's claims by summary judgment, this Court granted in part and denied in part Plaintiff's first motion for attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, awarding Plaintiff, as against Defendant, $190,001.00 in attorneys' fees and $548.68 in costs, resulting in a total award of $190,549.68, see ECF No. 57 at 1, judgment on which was subsequently entered, see generally ECF No. 60, and satisfied, see generally ECF No. 62.

Before the Court is Plaintiff's second motion for attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.  See generally ECF Nos. 88 & 92.  Defendant opposed.  See generally ECF No. 96.[4]  Plaintiff replied.  See generally ECF Nos. 97 & 99.  For the following reasons, this Court respectfully recommends that the motion be granted in part and denied in part, in that the Court respectfully recommends that that the District Court award Plaintiff attorneys' fees of

---

[2] Plaintiff did not move for an award of compensatory damages.

[3] Within two weeks of the date of this report and recommendation, Plaintiff and Defendant are to file a joint letter updating the Court as to the status of the pilot program, see generally ECF No. 91, and proposing a final set of procedures to be implemented by Defendant.

[4] The Court notes that, although Defendant was required to file its opposition by February 24, 2023, see 2/10/2023 Order, on that date, Defendant filed only a cover page for its memorandum of law in opposition to the motion, see generally ECF No. 95.  Then, on February 27, 2023, without leave of Court and without explanation for the failure to comply with the briefing schedule set by the Court, Defendant filed its complete opposition, a memorandum of law and a declaration of Defendant's counsel.  See generally ECF No. 96.  Despite the delay in Defendant's filing, the Court has considered Defendant's opposition.

$92,263.50, at $630.00 per hour for 146.45 hours, and costs of $121.00, for a total award of $92,384.50, and that any other request herein be denied.

I. DISCUSSION

    A.    **Whether Plaintiff Is Entitled To An Additional Award of Attorneys' Fees And Costs**

The Court addresses the positions of the parties, identifies the applicable law, and analyzes whether Plaintiff is entitled to an additional award of attorneys' fees and costs.

        i.    **Positions Of The Parties**

Plaintiff contends that it is entitled to an additional award of attorneys' fees and costs based on (1) the District Court's Order, see generally ECF No. 34, finding that Plaintiff was the prevailing party, see ECF No. 88-1 ¶ 2; ECF No. 88-2 ¶ 2, and (2) the additional work performed in negotiating the procedures to be adopted by Defendant, which has brought the action to a close, see ECF No. 92 at 3. Defendant counters that the Court's discretionary authority to award a prevailing party attorneys' fees and costs pursuant to 42 U.S.C. § 1988 "is not unlimited" and should not be exercised here, as Plaintiff "has already been compensated adequately as the prevailing party. ECF No. 96 at 4-5 (citations omitted). In reply, Plaintiff argues (1) that the Second Circuit has held "that fees may be awarded to a prevailing party for work done in different phases of a case," ECF No. 97 ¶ 3 (citation omitted); (2) that "this Court previously determined after several conferences and submissions, that in the exercise of its discretion, it would permit Plaintiff, HVT, to make this additional application, reserving to itself the absolute authority to determine whether additional fees are warranted, and if so, what those fees would be if granted," ECF No. 97-1 ¶ 5; and (3) that, here, "Plaintiff prevailed in the initial phase of the case and since 2018 to present, has with the Court's direction, worked assiduously on the final

3

phase which involved the Defendant's establishment of due process hearing procedures," ECF No. 97 ¶ 3.

### ii.     Applicable Law

42 U.S.C. § 1988(b) provides that, "[i]n any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title . . . , the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."[5]  The principle that,

> [i]f private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court . . . applies not only to the cost of obtaining a favorable judgment but also to the cost of successfully defending that judgment, whether against postjudgment motions, or against an appeal.  A culpable defendant should not be allowed to cause the erosion of fees awarded to the plaintiff for time spent in obtaining the favorable judgment by requiring additional time to be spent thereafter without compensation.

Weyant v. Okst, 198 F.3d 311, 316-17 (2d Cir. 1999) (citations & quotations omitted) (concluding that "Larry having thus been awarded no more than what it cost him to obtain the favorable judgment, Okst should be required to pay such reasonable costs of defending that judgment as were necessitated by Okst's postjudgment motions," as "[w]e see no way in which the court could properly conclude that those postjudgment services had already been compensated").

### iii.    Analysis

The Court already held that Plaintiff is the prevailing party in its decision on Plaintiff's first motion for attorneys' fees and costs, see ECF No. 57 at 4 (citation omitted), such that it is

---

[5] As New York courts have generally treated "the due-process guarantees of the New York Constitution and the United States Constitution [as] . . . coextensive," Oneida Indian Nation of N.Y. v. Madison Cnty., 665 F.3d 408, 427 n.13 (citations omitted), the Court does not separately consider the law governing awards of attorneys' fees and costs in relation to Plaintiff's New York constitutional claim.

4

entitled to such an award. On Plaintiff's first motion for attorneys' fees and costs, the timeframe of services provided for which compensation was sought concluded on September 6, 2018. See ECF No. 47-1 at 5. The Court expressly contemplated a second motion for attorneys' fees and costs, in view of the significant post-judgment work to be conducted by Plaintiff's counsel. See 11/17/2022 Order (noting that, "[i]n its 9/19/2018 Order, the Court previously declined to consider a second interim motion for attorneys' fees and directed Plaintiff to file a second and final motion for attorneys' fees when appropriate"); 12/2/2021 Order (instructing that "Plaintiff will propose a schedule for motion practice on an attorneys' fees application, if necessary"); 9/19/2018 (stating that "Plaintiff may make a final application for attorneys' fees when appropriate"). In view of the law of the Second Circuit, this Court's prior Orders pursuant thereto and the significant amount of work represented by Plaintiff's counsel and seen on the docket, the Court respectfully recommends that the District Court find that Plaintiff is entitled to a second award of attorneys' fees and costs.[6]

### B. The Award Of Attorneys' Fees And Costs To Which Plaintiff Is Entitled

In order to determine the reasonable attorneys' fees to be awarded, courts apply the lodestar method, which requires multiplying the hourly rates deemed reasonable for each attorney performing work on the case by the number of hours reasonably expended litigating the case. See Restivo v. Hessemann, 846 F.3d 547, 589 (2d Cir. 2017) (reasoning that "[t]he Supreme Court has held that the lodestar method yields a fee that is presumptively sufficient to achieve [the] objective of Section 1988(b)" (internal citations & quotations omitted)).

---

[6] Plaintiff's position is that its motion for a second award of attorneys' fees and costs is its final one. See ECF No. 92 at 2 (stating that, "now that the necessary due process procedures are in place, including the selection of a Neutral for purposes of Hearings, both sides believe that the matter is now concluded, and as such, subject to the Court's approval, will allow the Docket to close," rendering the present motion "a 'final' application, and not an 'interim' one").

i.   **Reasonable Hourly Rate**

The Court addresses the positions of the parties, identifies the applicable law, and analyzes the hourly rate to be set for Plaintiff's counsel.

a.   **Positions Of The Parties**

Plaintiff requests that, as to each of his attorneys, Rudolph J. Meola ("Mr. Meola") and Michael A. Rosenberg ("Mr. Rosenberg"), the Court set a rate of $630.00 per hour, in view of the rate of $525.00 per hour as to each set by the Court on Plaintiff's first motion for attorneys' fees in November 2018. See ECF No. 88-1 ¶ 13; ECF No. 88-2 ¶ 10. Defendant counters that the hourly rate set "should be in line with the prevailing hourly rate in this District" and "should not be at an hourly rate that exceeds the rate used by the Court when it previously issued a fee award to HVT's attorneys." ECF No. 96 at 9 (citation omitted). In reply, Plaintiff argues that "[a]n hourly fee awarded in the past need not be frozen in time as to require the same rate over a period of several years." ECF No. 97 ¶ 5 (citation & quotations omitted).

b.   **Applicable Law**

In setting a reasonable hourly rate,

> [t]he district court, in exercising its considerable discretion, [should] bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate. The reasonable hourly rate is the rate a paying client would be willing to pay. In determining what rate a paying client would be willing to pay, the district court should consider, among others, the Johnson factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively. The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case.

Lilly v. City of New York, 934 F.3d 222, 230 (2d Cir. 2019) (citation & quotations omitted).

The Johnson factors are

6

> (1) [t]he time and labor required[;] . . . (2) [t]he novelty and difficulty of the questions[;] . . . (3) [t]he skill requisite to perform the legal service properly[;] . . . (4) [t]he preclusion of other employment by the attorney due to acceptance of the case[;] . . . (5) [t]he customary fee[;] . . . (6) [w]hether the fee is fixed or contingent[;] . . . (7) [t]ime limitations imposed by the client or the circumstances[;] . . . (8) [t]he amount involved and the results obtained[;] . . . (9) [t]he experience, reputation, and ability of the attorneys[;] . . . (10) [t]he 'undesirability' of the case[;] . . . (11) [t]he nature and length of the professional relationship with the client[;] . . . [and] (12) [a]wards in similar cases.

Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989).

In determining the reasonable hourly rate, courts may (1) take "judicial notice of the rates awarded in other cases," (2) account for "the court's own familiarity with the rates prevailing in the district," and (3) "evaluat[e] . . . evidence proffered by the parties." Farbotko v. Clinton Cnty. of N.Y., 433 F.3d 204, 209 (2d Cir. 2005) (citations omitted). Reasonable hourly "rates used by the [district] court to calculate the lodestar amount should be current rather than historic hourly rates," as "attorney's fees are often awarded long after services have been rendered" such that use of current rates "compensate[s] litigants for the delay in payment." Id. at 210 n.11 (citations & quotations omitted).

As to the import of the geographic location on the hourly rate, a reasonable hourly rate is equivalent to "the prevailing market rate, i.e., the rate prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation. The relevant community, in turn, is the district in which the court sits." Id. at 208 (citations & quotations omitted) (underline added). In Simmons v. NYCTA, 575 F.3d 170 (2d Cir. 2009), the Court of Appeals applied a gloss to the calculation of reasonable rates for attorneys' services within the two federal district courts in New York City. Although it did not require exact adherence to the forum rule, it set parameters within which one would expect the forum rule to

7

apply:

> We now hold that, when faced with a request for an award of higher out-of-district rates, a district court must first apply a presumption in favor of application of the forum rule. In order to overcome that presumption, a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result. In determining whether a litigant has established such a likelihood, the district court must consider experience-based, objective factors. Among the objective factors that may be pertinent is counsel's special expertise in litigating the particular type of case, if the case is of such nature as to benefit from special expertise. A litigant cannot overcome the presumption through mere proximity of the districts, nor can a litigant overcome the presumption by relying on the prestige or "brand name" of her selected counsel.

Id. at 175-76.

### c.   Application

As a preliminary matter, Defendant's argument that the hourly rates set for Mr. Meola and Mr. Rosenberg should remain the same as those set by the Court in November 2018, nearly five years ago, is legally unfounded, as discussed supra, Sec. I(A)(i)(b).

The Court incorporates by reference its decision on Plaintiff's first motion for attorneys' fees and costs, particularly with regard to the discussion of their respective experience, see ECF No. 57 at 5-7, in which Mr. Meola and Mr. Rosenberg, Plaintiff's attorneys, requested that the Court set a rate of $600.00 per hour as to each, but as to which the Court set a rate of $525.00 per hour as to each. See ECF No. 57 at 5-7 (citations omitted). Mr. Meola has "more than thirty years of experience in litigating in New York and a specific focus on due process in the recovery of impounded vehicles. ECF No. 88-1 ¶ 12. Mr. Rosenberg has "been an attorney and practitioner in good standing in the State of New York, and this district, in excess of 53 years," ECF No. 97-1 ¶ 28, whose practice "involves representation of innocent owners/lienholders," ECF No. 88-2 ¶ 5. The impact of inflation renders $525.00 in November 2018 to be approximately $635.55 now. See U.S. Bureau of Labor Statistics, CPI Inflation Calculator,

8

https://www.bls.gov/data/inflation_calculator.htm (last visited August 6, 2023) (using the Consumer Price Index inflation calculator available from the U.S. Bureau of Labor Statistics, which extends only through June 2023, to calculate the impact of inflation from November 2018 to June 2023).

Courts in this District have recently awarded hourly rates ranging from the "high $500s" to the "low $600s" to civil rights attorneys with similar experience. See, e.g., Agudath Israel of Am. v. Hochul, No. 20 Civ. 4834 (KAM) (RML), 2021 WL 5771841, at *9 (E.D.N.Y. Dec. 6, 2021) (awarding an hourly rate of $600.00 for two attorneys, each with more than 20 years of experience (citations omitted)), aff'd, No. 22-38, 2023 WL 2637344, at *3 (2d Cir. Mar. 27, 2023) (noting that the plaintiffs did "not dispute that the district court accurately referenced the highest prevailing market rates in complex civil-rights litigation awarded in the Eastern District," including "$600 for partners," and finding no abuse of discretion in the district court's decision to award "the highest rates to some of Plaintiffs' counsel and rates at the upper end of prevailing market rates to others," the reasoning underlying which included "that a relatively higher fee award is arguably warranted based on the importance and complexity of the case, the degree of Plaintiffs' success, and the qualifications of their attorneys," while considering "the reputational benefits that might accrue from being associated with the case" (citations & quotations omitted)); Ctr. for Popular Democracy v. Bd. of Governors of Fed. Rsrv. Sys., No. 16 Civ. 5829 (NGG) (VMS), 2021 WL 4452202, at *1, *3, *11 (E.D.N.Y. Sept. 29, 2021) (adopting a report and recommendation in its entirety, which recommended an hourly rate of $630.00 per hour for an attorney with more than 50 years of experience and an hourly rate of $575.00 for a former partner with over 25 years of experience (citations omitted)); Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay, No. 10 Civ. 2262 (DRH) (AYS), 2019 WL 2870721, at

\*10 (E.D.N.Y. June 18, 2019) (recommending an hourly rate of $600.00 for two attorneys, each with more than 50 years of experience (citations omitted)), report & recommendation adopted, No. 10 Civ. 2262 (DRH), 2019 WL 2869150 (E.D.N.Y. July 3, 2019).

In view of the hourly rate of $525.00 approved by the Court for Mr. Meola and Mr. Rosenberg in November 2018, the impact of inflation, and hourly rates set recently in this District for attorneys with similar experience in civil rights matters, the Court respectfully recommends that the District Court set an hourly rate of $630.00 for both Mr. Meola and Mr. Rosenberg.

### ii. Reasonable Number of Hours

The Court addresses the positions of the parties, identifies the applicable law, and analyzes the number of hours reasonably expended by Plaintiff's counsel in litigating this action.

#### a. Positions Of The Parties

Plaintiff generally contends that its counsel's "time expenditure, maintained contemporaneously with the services rendered, are, an accurate representation of our work product and results, and were, in all ways then reasonable under the circumstances." ECF No. 88-2 ¶ 9. The total number of hours for which compensation is sought is 169.55. See generally ECF Nos. 88-3 & 97-13; see also ECF No. 97 at 3.

Defendant counters that Plaintiff's "campaign of disputing the scope of the Court's summary judgment ruling," despite failing to object to the report and recommendation, "caused this litigation to drag on to the current time" and led to unnecessary work; as resolution of the dispute "did not occur until August 2019," after which "the emergence of the Covid pandemic and resultant worldwide shutdown" occurred, such that, "by the time business affairs of all type resumed, OATH had reconsidered its ability to serve as the hearing forum and decided that it

10

could not." ECF No. 96 at 5-6 (citations omitted). As such, in Defendant's view, "[g]iven that a substantial number of the[] hours [for which compensation is sought] relate to HVT engaging in an unnecessary dispute about the scope of the Court's ruling which was plainly spelled out in the Order, the claimed hours are excessive and should be reduced to reflect that fact." Id. at 7.

In reply, Plaintiff argues that "Defendant's attempt to blame Plaintiff for its own inefficiency is not a creditable position," as "[t]he obligation to establish due process procedures was on Defendant" and as Plaintiff's counsel "worked diligently to ensure that Defendant kept working towards a solution that would be viable." ECF No. 97 ¶ 4; ECF No. 97-1 ¶ 11 (stating that "[o]ne might think, inasmuch as the Defendant, PANYNJ, knew quite some time ago that OATH was not going to be its tribunal of choice for due process hearings, the concept of going 'in-house' would have occurred long before now," which "would have . . . mitigated" the delay, for which Plaintiff and its counsel "cannot be blamed"); id. ¶ 12 (characterizing Defendant's argument as to clarification of the Court's initial Report and Recommendation" as "a 'red herring'" and an attempt to "avoid . . . acceptance of responsibility and accountability" (citation omitted)). Plaintiff also states that "Defendant's bald and conclusory statement that the fees sought are excessive is so vague it is impossible to respond to." ECF No. 97 ¶ 6. Plaintiff also seeks compensation for an additional 23.9 hours expended on this motion. See id. ¶ 8; ECF No. 97-13 at 2.

### b. Applicable Law

As is made clear below with the Court's careful review of Plaintiff's timesheet submissions, "[i]n determining the number of hours reasonably expended for purposes of calculating the lodestar, the district court should exclude excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." Quaratino v.

11

Tiffany Co., 166 F.3d 422, 425 (2d Cir. 1997). Courts may also consider the degree of success obtained in comparison to the time expended when determining the reasonableness of the hours incurred in litigation. See Hensley v. Eckerhart, 461 U.S. 424, 436-37 (1983).

**c.    Analysis**

The total number of hours expended on each category of task is as follows: 60.0 hours preparing proposed procedures, comprised of 30.0 hours for Mr. Meola and 30.0 hours for Mr. Rosenberg; 25.1 hours communicating among Plaintiff's counsel, comprised of 0.2 hours for Mr. Meola and 24.9 hours for Mr. Rosenberg; 14.8 hours corresponding with opposing counsel, comprised of 0.2 hours for Mr. Meola and 14.6 hours for Mr. Rosenberg; 2.1 hours meeting and corresponding with Plaintiff, comprised of 2.0 hours for Mr. Meola and 0.1 hours for Mr. Rosenberg; 3.4 hours corresponding with others, all by Mr. Rosenberg; 14.75 hours preparing for and attending conferences before and corresponding with the Court, comprised of 0.5 hours for Mr. Meola and 14.25 hours for Mr. Rosenberg; 0.7 hours seeking clarification of the Court's decision on summary judgment, all by Mr. Rosenberg; 0.8 hours preparing and reviewing Mr. Meola's motion for pro hac vice admission and notice of appearance, all by Mr. Rosenberg; 0.9 hours conducting administrative tasks, all by Mr. Rosenberg; 7.5 hours on the first motion for attorneys' fees, all by Mr. Rosenberg; and 21.5 hours on this second motion for attorney's fees, including related negotiations, comprised of 6.8 hours by Mr. Meola and 14.7 hours by Mr. Rosenberg.

Plaintiff's counsel's expenditure of 60.0 hours preparing proposed procedures for Defendant, a task that entailed much negotiation and many submissions, see generally ECF Nos. 53, 54, 61, 69, 70, 73, 75, 80, 85, 86, 87 & 91, over the course of more than four years, is reasonable. The Court respectfully recommends that 60.0 hours, the full amount of time

12

expended preparing proposed due process procedures required by the Court's summary judgment decision, see generally ECF Nos. 32 & 34, be deemed compensable.

Plaintiff's counsel's expenditure of 25.1 hours communicating among one another, as well as 14.8 hours communicating with opposing counsel, over the course of more than four years, is reasonable and likely assisted in efficiently and effectively coordinating efforts among counsel. See C.D. v. Minisink Valley Cent. Sch. Dist., 17 Civ. 7632 (PAE), 2018 WL 3769972, at *9 (S.D.N.Y. Aug. 9, 2018) (rejecting argument that "there was excessive communication" among attorneys where most communications were around hearing dates and were "targeted to specific tasks at which latitude is properly given for strategic communication among counsel"). These communications were undertaken in the furtherance of the primary tasks in which Plaintiff's counsel engaged during the time period for which compensation is sought: designing a notice to the owners of seized vehicles, ascertaining the appropriate forum for hearings as to the seized vehicles, and designing procedures to be employed by Defendant as to the seized vehicles. The Court appreciates that, as to communications between Mr. Meola and Mr Rosenberg, Plaintiff seeks compensation largely for only "one side" of the communications. The Court respectfully recommends that 39.9 hours, the full amount of time given over to counsel communications, be deemed compensable.

Plaintiff's counsel's expenditure of 2.1 hours meeting and corresponding with Plaintiff is very minimal and reasonable over the course of more than four years. The Court respectfully recommends that 2.1 hours, the full amount of time expended meeting and corresponding with Plaintiff, be deemed compensable.

Plaintiff's counsel's expenditure of 3.4 hours corresponding with others is not reasonable, as the time entries submitted do not sufficiently describe the correspondence and identify the

13

persons with whom Plaintiff's counsel corresponded to assess the propriety of the time entries. The Court respectfully recommends that 3.4 hours, the full amount of time expended corresponding with others, be deemed non-compensable.

Plaintiff's counsel's expenditure of 14.75 hours preparing for and attending conferences before and corresponding with the Court is reasonable. Subsequent to this Court's decision on Plaintiff's first motion for attorneys' fees and costs, see generally ECF No. 57, the Court held seven conferences, see 2/27/2020 Dkt. Entry; 6/19/2020 Dkt. Entry; 9/17/2020 Dkt. Entry; 12/2/2021 Dkt. Entry; 3/4/2022 Dkt. Entry; 7/14/2022 Dkt. Entry; 10/28/2022 Dkt. Entry. The Court respectfully recommends that 14.75 hours, the full amount of time expended preparing for and attending conferences before and corresponding with the Court, be deemed compensable.

Plaintiff's counsel's expenditure of 0.7 hours seeking clarification of the Court's decision on summary judgment was reasonable. As to Defendant's assertion that Plaintiff unnecessarily sought clarification in relation to the Court's decisions on summary judgment, see generally ECF Nos. 32 & 34, both Plaintiff and Defendant requested such relief. See ECF No. 58, 11/20/2018 Conf. Tr. at 3:14-24 (the Court stating "[s]o where we're leaving this is that we have a joint motion on the record from the parties for the Court to clarify whether the decision from the R&R and the district judge is adopting that decision is - - applies only to seizures arising from criminal-related activities or if it applies to civil and criminal-related seizures and while the Court is looking at, counsel is going to focus on drafting related to the criminal-related seizures which looks like what the path will be is to use the services of OATH to have the hearings"); ECF No. 64 at 2 (both Plaintiff and Defendant stating that "we are jointly requesting that the Court schedule a further conference, either by personal appearance or by telephone, in an effort to gain further guidance from the Court" as to the "interpretation of the Court's Order" adopting

14

the report and recommendation on summary judgment (citations omitted)).  Further, the record does not support Defendant's unsubstantiated contention that seeking this clarification, now approximately four years ago, caused the remaining duration of this action to be overly lengthy.  As such, although the joint motion was denied, see generally ECF No. 66; 9/7/2019 Order, the Court respectfully recommends that 0.7 hours, the full amount of time expended seeking clarification of the Court's decision on summary judgment, be deemed compensable.  The Court notes that, although Defendant is critical of the pace at which this action proceeded, in view of the intervening years of the COVID-19 pandemic, as well as the significant need for internal and inter-agency coordination by Defendant, the Court believes that the action progressed at a sufficient pace and that any delay was not meaningfully attributable to Plaintiff.

Plaintiff's counsel's expenditure of 0.8 hours preparing and reviewing Mr. Meola's motion for pro hac vice admission and notice of appearance is not compensable, as Mr. Meola bears the burden to be admitted to practice before this Court if he wishes to represent a client here.  The Court respectfully recommends that 0.8 hours, the full amount of time expended preparing and reviewing Mr. Meola's motion for pro hac vice admission and notice of appearance, be deemed non-compensable.

Plaintiff's counsel's expenditure of 0.9 hours conducting administrative tasks is not reasonable, particularly given that Plaintiff's counsel had the services of paraprofessionals available to them.  See ECF No. 88-3 at 2; ECF No. 97-13 at 2.  The Court respectfully recommends that 0.9 hours, the full amount of time expended conducting administrative tasks, be deemed non-compensable.

Plaintiff's counsel's outstanding expenditure of 7.5 hours on the first motion for attorneys' fees and costs, as well as the 21.5 hours on this second motion for attorneys' fees and

costs, is reasonable. See M.H. v. N.Y.C. Dep't of Ed., No. 20 Civ. 1923 (LJL), 2021 WL 4804031, at *24 (S.D.N.Y. Oct. 13, 2021) (allowing 55.275 hours for summary judgment motion requesting an award of fees); Luessenhop v. Clinton Cnty., N.Y., 558 F. Supp. 2d 247, 271 (N.D.N.Y. 2008) (noting that 62 hours expended to research and prepare a motion for attorneys' fees under § 1988 was unreasonable, warranting a reduction to 30 hours), aff'd, 324 F. App'x 125 (2d Cir. 2009); Fink v. City of N.Y., 154 F. Supp. 2d 403, 412-13 (E.D.N.Y. 2001) (reducing time spent preparing a motion for attorneys' fees from 46 hours and 36 minutes to 30 hours was warranted). The Court respectfully recommends that 29.0 hours, the full amount of time expended on these tasks, be deemed compensable.

Additional hours listed, which the Court does not find compensable, are (1) 0.1 hours for a telephone conference with opposing counsel billed to paraprofessional Denise Green, as to whom Plaintiff has provided no information; (2) 4.8 hours for entries billed to both Mr. Meola and Mr. Rosenberg; (3) 11.8 hours for entries billed to "RD," as to whom the Court has no information; (4) 0.5 hours for an entry on August 4, 2021, for which no attorney is listed; (5) 0.5 hours for an entry on July 13, 2022 billed to Mr. Rosenberg to review an opposition and draft a reply for an unidentified motion; (6) 0.1 hours for an entry on October 20, 2023, in an apparent error as to the year, billed to Mr. Rosenberg to review an Order that was entered subsequently on October 28, 2022; and (7) 0.2 hours for a September 20, 2019 entry for Mr. Rosenberg to email himself. See generally ECF No. 88-3; ECF No. 97-13.

### iii.  Enhancement

The Court addresses the positions of the parties, identifies the applicable law, and analyzes whether an enhancement is warranted.

16

### a. Positions Of The Parties

Plaintiff contends that its "[c]ounsel verily believes that they have well-satisfied all of the additional requirements warranting not just a more substantial hourly rate, but also an enhanced fee, based upon the risk/result."  ECF No. 88-2 ¶ 12.

Defendant counters (1) that "the Supreme Court has held that things such as case novelty and complexity, counsel special skill and experience, and results obtained from the litigation are fully taken into consideration and reflected in the lodestar amount, thus cannot serve as independent reasons for increasing the fee award"; (2) that "it is well settled in the Second Circuit that enhancements of the lodestar amount of attorneys' fees are not permissible under fee-shifting statutes like 42 U.S.C. § 1988"; and (3) that "there are no special circumstances to warrant fee enhancement."  ECF No. 96 at 8 (citations & quotations omitted).

In reply, Plaintiff argues that, "based upon the constitutional due process concept and the procedures arrived at with [its counsel's] . . . input, . . . there can be no doubt that both Mr. Meola and [Mr. Rosenberg] . . . qualify for an enhancement."  ECF No. 97-1 ¶ 7 (capitalization altered).

### b. Applicable Law

Calculating "an attorney's fee, under federal fee-shifting statutes, based upon the 'lodestar,' i.e., the number of hours worked multiplied by the prevailing hourly rates, may be increased due to superior performance and results" only "in extraordinary circumstances, given that

> there is a strong presumption that the lodestar is sufficient; factors subsumed in the lodestar calculation cannot be used as a ground for increasing an award above the lodestar; and a party seeking fees has the burden of identifying a factor that

17

>  the lodestar does not adequately take into account and proving with specificity that an enhanced fee is justified.

Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546 (2010).

### c.  Application

The Court respectfully recommends that the District Court find that Plaintiff is not entitled to an enhancement. Without diminishing Plaintiff's counsel's efforts, the factors that they cite purportedly substantiating an enhancement, see ECF No. 88-2 ¶ 12 (noting the "significant legal issue," the "favorable outcome," the "built-in risk," and the benefit to the public), have already been considered by the Court in previously establishing the hourly rate of $525.00, see ECF No. 57 at 5-7 (citations omitted), and now respectfully recommending the hourly rate of $630.00, see supra, Sec. I(B)(i)(c). The Court does not consider this action to be the "extraordinary" case warranting an enhancement in contravention of the strong presumption of the sufficiency of the lodestar. Given that this stage of the case was more concerned with implementation of the Court's Order, the laboring oar of which was rowed by Defendant's counsel and came with almost no risk to Plaintiff, there is absent a notable justification for an enhancement.

### iv.  Costs

The costs sought are $121.00 for the cost of a transcript of the February 27, 2020 conference, during which counsel for Plaintiff and Defendant extensively discussed with the Court the proposed procedures to be implemented by Defendant, see generally ECF No. 72, and $150.00 for the filing of a motion for pro hac vice admission for Mr. Meola, see generally ECF No. 81. See ECF No. 88-3 at 26. Defendant argues that, "[i]nasmuch as [Mr.] Meola was one of the attorneys previously awarded fees although he had not appeared in the action up to that point, it is unclear that at this stage this was a necessary and reasonable out-of-pocket expense," ECF

No. 96 at 7 n.3, and does not take a position on costs for the transcript, see generally id. Plaintiff counters that Mr. Meola "obtained pro hac vice admission as the Court directed, and thus, the expense thereof was necessary and reasonable." ECF No. 97 ¶ 7. The Court respectfully recommends that costs of $121.00 be awarded to Plaintiff, as the transcript cost was a reasonably incurred expense in the furtherance of establishing procedures to be adopted by Defendant, but that costs be denied as to the motion for pro hac vice admission, which was not a reasonably incurred expense by Plaintiff or for which Defendant should be responsible, as Mr. Meola's admission to practice before this Court is his obligation alone.

## II.   CONCLUSION

The Court respectfully recommends that that the District Court award Plaintiff attorneys' fees of $92,263.50, at $630.00 per hour for 146.45 hours, and costs of $121.00, for a total award of $92,384.50.

### III. OBJECTIONS

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen days of service. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen-day period for filing objections. Failure to file objections within fourteen days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals. See Miller v. Brightstar Asia, Ltd., 43 F. 4th 112, 120 (2d Cir. 2022) (reasoning that, "although Rule 72 applies only to the *district court's* review of a report and recommendation, this court has adopted the rule that when a party fails to object timely to a magistrate's recommended decision, it waives any right to further review of that decision") (internal citation & quotations omitted).

Dated: Brooklyn, New York
August 22, 2023

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

20