UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

HVT, INC.,

                      Plaintiff,

v.

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,

                      Defendant.

**ORDER**
15-CV-5867 (MKB) (VMS)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff HVT, Inc. commenced the above-captioned action on October 13, 2015, against Defendant Port Authority of New York and New Jersey, pursuant to 42 U.S.C. §§ 1983 and 1988, alleging deprivation of property without due process in violation of the Fourteenth Amendment and the New York State Constitution as well as claims for declaratory relief, replevin, and municipal liability due to Defendant impounding a vehicle at John F. Kennedy International Airport following the driver's arrest. (Compl., Docket Entry No. 1.) On March 21, 2018, following the parties' cross-motions for summary judgment,[1] the Court adopted an unopposed report and recommendation from Magistrate Judge Vera M. Scanlon, which, *inter alia*, awarded Plaintiff nominal damages against Defendant, permitted Plaintiff to move for compensatory damages and attorneys' fees, and required the parties to submit joint proposed revised regulations or procedures for the Court's review. (Mem. & Order, Docket Entry No. 34.) The parties then exchanged drafts of proposed rules and regulations and submitted letters to the

---

[1] (Def. Mot. for Summ. J., Docket Entry No. 18; Def. Mem. of Law in Supp. of Def. Mot. for Summ. J., Docket Entry No. 20; Pl. Mot. for Summ. J., Docket Entry No. 25; Pl. Mem. of Law in Supp. of Pl. Mot., Docket Entry No. 25-4.)

Court outlining their respective positions.[2]  On August 26, 2021, the Court adopted an unopposed report and recommendation from Judge Scanlon requiring that (1) within five business days of a vehicle seizure, the Port Authority Police Department must send notice of the seizure to titled owners, registered owners and lienholders via certified mail; (2) the notice should indicate the right to a hearing; (3) the notice should explain the hearing process; and (4) the titled owner, registered owner or lienholder is responsible for paying the towing fee when a car must be seized and towed for safekeeping after the arrest of the driver.  (Order Adopting Rep. & Recommendation, Docket Entry No. 78.)

On November 4, 2022, Plaintiff filed a motion for attorneys' fees, which Defendant opposed.  (Pl.'s Mot. for Att'ys' Fees & Costs ("Pl.'s Mot."), Docket Entry No. 88; Def.'s Mem. in Opp'n to Pl.'s Mot. ("Def.'s Mem."), Docket Entry No. 96.)  On November 10, 2022, the Court referred Plaintiff's motion to Judge Scanlon for a report and recommendation.  (Order referring Mot. dated Nov. 10, 2022.)  By report and recommendation dated August 22, 2023, ("R&R") Judge Scanlon recommended granting in part and denying in part Plaintiff's motion.  (R.&R, Docket Entry No. 101.)  Judge Scanlon recommended that the Court award Plaintiff attorneys' fees in the amount of $92,263.50 and costs of $121.00, for a total award of $92,384.50.  (*Id.*)

No objections to the R&R have been filed and the time for doing so has passed.

---

[2] (*See* Letter dated Nov. 1, 2018, Docket Entry No. 53; Status Rep., Docket Entry No. 61; Mot. for Clarification, Docket Entry No. 64; Mot. for Extension of Time to File Proposed Revised Rules and Regulations, Docket Entry No. 67; Second Mot. for Extension of Time to File Proposed Revised Rules and Regulations, Docket Entry No. 68; Status Rep., Docket Entry No. 73; Status Rep., Docket Entry No. 75.)

I. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule); *Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue."

3

(first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

Accordingly, the Court adopts the R&R and awards Plaintiff attorneys' fees in the amount of $92,263.50 and costs of $121.00, for a total award of $92,384.50.

Dated: September 15, 2023
      Brooklyn, New York

SO ORDERED:

        s/ MKB
MARGO K. BRODIE
United States District Judge