UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

HVT, INC.,

                      Plaintiff,

            v.

PORT AUTHORITY OF NEW YORK AND NEW
JERSEY,

                    Defendant.

**MEMORANDUM & ORDER**
15-CV-5867 (MKB) (JAM)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff HVT, Inc. commenced the above-captioned action on October 13, 2015, against

Defendant Port Authority of New York and New Jersey, pursuant to 42 U.S.C. §§ 1983 and

1988, alleging deprivation of property without due process in violation of the Fourteenth

Amendment and the New York State Constitution as well as claims for declaratory relief,

replevin, and municipal liability due to Defendant impounding a vehicle at John F. Kennedy

International Airport following the driver's arrest.  (Compl., Docket Entry No. 1.)  On August

26, 2021, following the resolution of the parties' cross-motions for summary judgment, the Court

adopted Magistrate Judge Vera M. Scanlon's unopposed report and recommendation regarding

the parties' respective positions on the proposed post-deprivation procedures for notice and

hearing which, among other things, directed the parties to prepare additional submissions on

proposed revised rules (the "August 2021 Order").  (August 2021 Order, Docket Entry No. 78;

*HVT, Inc. v. Port Auth. of N.Y. & N.J.*, No. 15-CV-5867, 2021 WL 3828475, at *1–2 (E.D.N.Y.

Aug. 26, 2021).  On December 16, 2024, Defendant moved for the Court to approve the

proposed notice and hearing procedures relating to vehicle towing (the "Proposed Procedures")

as consistent with constitutional due process requirements, and Plaintiff opposed the motion.[1]

The Court referred the motion to Magistrate Judge Joseph A. Marutollo for a report and

recommendation.[2]  (Order Referring Mot. dated Dec. 17, 2024.)

By report and recommendation dated February 26, 2025, Judge Marutollo recommended

that the Court approve the Proposed Procedures as consistent with the due process requirements

set forth in the Court's prior orders (the "R&R").  (R&R, Docket Entry No. 137.)  On May 23,

2025, Plaintiff objected to the R&R, and on July 2, 2025, Defendant filed its response to

Plaintiff's objections.[3]  For the reasons discussed below, the Court grants Defendant's motion

and approves the Proposed Procedures.

## I.  Background

### a.  Factual background

Plaintiff challenges whether the Proposed Procedures are consistent with the due process

requirements set forth in the Court's prior orders.  (*See generally* Pl.'s Opp'n.)  The Proposed

Procedures provide that, within five business days of a seized vehicle being delivered to a

storage location, Defendant will send a notice via certified mail (the "Notice") to any person

"whose ownership or security interest in a [v]ehicle can be determined by conducting a

reasonably thorough title/lien search" in state motor vehicle databases (the "Interested Party" or

---

[1]  (Def.'s Mot. to Approve the Proposed Notice and Due Process Procedures ("Def.'s Mot."), Docket Entry No. 134; Proposed Procedures, annexed to Def.'s Mot. as Ex. A, Docket Entry No. 134; Proposed Notice, annexed to Def.'s Mot. as Ex. B, Docket Entry No. 134; Pl.'s Opp'n to Def.'s Mot. ("Pl.'s Opp'n"), Docket Entry No. 135; Def.'s Reply in Supp. of Def.'s Mot. ("Def.'s Reply"), Docket Entry No. 136.)

[2]  On November 30, 2023, the case was reassigned from Magistrate Judge Scanlon to Magistrate Judge Marutollo.  (Order Reassigning Case dated Nov. 30, 2023.)

[3]  (Pl.'s Objs. to R&R ("Pl.'s Objs."), Docket Entry No. 141; Def.'s Resp. to Pl.'s Objs. ("Def.'s Resp."), Docket Entry No. 142.)

"Interested Parties"). (Proposed Procedures §§ 1, 3(b).) The Notice will, among other things, inform the Interested Parties that they "are entitled to a hearing regarding [Defendant's] seizure, including any continued impoundment of the[ir] vehicle" and provide additional information regarding the hearing procedure and how to request a hearing. (Proposed Notice 2; *see* Proposed Procedures §§ 3(b), (d).) In addition, the Notice will inform the Interested Parties that "the person . . . claiming the vehicle is responsible for payment of all towing fees," unpaid parking fees, and storage fees. (Proposed Notice 1–2; Proposed Procedures §§ 3(b), (d).) Storage fees will "accrue on a daily basis." (Proposed Procedures § 2(a)(ii).)

The Proposed Procedures also outline the hearing procedures, forum, and issues to be adjudicated. (*See generally id.* § 3–9.) "Each [h]earing will be conducted by a [h]earing [o]fficer who has no economic affiliation with [Defendant]" who "is selected in rotation from a list of [p]ersons identified by the General Counsel of [Defendant]" and compensated at a "uniform," "non-discriminatory rate." (*Id.* § 4(a).) Hearings will be conducted virtually "via a computer or telephone link," or "at a physical location on [Defendant's] premises," if a virtual format "reasonably creates a hardship for an Interested Party requesting a [h]earing." (*Id.* § 4(b).) In the alternative, an Interested Party "may elect to proceed by written statement and the submission of documentary evidence to a [h]earing [o]fficer in lieu of a live hearing." (*Id.* § 4(c).) At the hearing, Interested Parties will be able to contest (i) "there was no reason" for the vehicle's removal, and (ii) that the fees exceeded the established rates and charges for the vehicle's release. (*Id.* § 3(b).) Hearing officers' decisions "will be final" "[a]bsent the filing of an appeal." (*Id.* § 7(b).) The Proposed Procedures also provide for an ability to amend the Proposed Procedures after "public comment in accordance with [Defendant's] bylaws and may

in no event limit the ability of any [v]ehicle [o]wner or Interested Party to exercise due process

rights as set forth in the Order of the Court." (*Id.* § 12(a).)

### b.  Procedural background

#### i.  Cross-motions for summary judgment

On February 15, 2018, following the parties' cross-motions for summary judgment,[4]

Judge Scanlon issued a report and recommendation, which, *inter alia*, recommended awarding

Plaintiff nominal damages against Defendant, permitting Plaintiff to move for compensatory

damages and attorneys' fees, and requiring the parties to submit joint proposed revised

regulations or procedures for the Court's review (the "Summary Judgment R&R").  (Summ. J.

R&R, Docket Entry No. 32); *HVT, Inc. v. Port Auth. of N.Y. & N.J.*, No. 15-CV-5867, 2018 WL

3134414, at *1 (E.D.N.Y. Feb. 15, 2018), *report and recommendation adopted*, 2018 WL

1409821 (E.D.N.Y. Mar. 21, 2018).  On March 21, 2018, the Court adopted the unopposed

Summary Judgment R&R (the "March 2018 Order").  (March 2018 Order, Docket Entry No.

34); *HVT, Inc. v. Port Auth. of N.Y. & N.J.*, No. 15-CV-5867, 2018 WL 1409821, at *2

(E.D.N.Y. Mar. 21, 2018).  The parties then exchanged drafts of proposed rules and regulations

and submitted letters to the Court with their proposals.[5]

#### ii.  Motion for clarification

During the drafting process, the parties moved for clarification of the Summary Judgment

R&R and the March 2018 Order.  (Mot. for Clarification, Docket Entry No. 64.)  On August 23,

2019, Judge Scanlon issued a report and recommendation recommending that the Court deny the

---

[4] (Def.'s Mot. for Summ. J., Docket Entry No. 18; Def.'s Mem. of Law in Supp. of Def.'s Mot. for Summ. J., Docket Entry No. 20; Pl.'s Mot. for Summ. J., Docket Entry No. 25; Pl.'s Mem. of Law in Supp. of Pl.'s Mot. for Summ. J., Docket Entry No. 25-4.)

[5] (*See* Ltr. dated Nov. 1, 2018, Docket Entry No. 53; Ltr. dated Nov. 14, 2018, Docket Entry No. 54; Status Rep., Docket Entry No. 61.)

motion for clarification because the Summary Judgment R&R and March 2018 Order "are clear as to their holding" (the "Clarification R&R").  (Clarification R&R 1, Docket Entry No. 66.)  In the Clarification R&R, Judge Scanlon explained "[t]he holding of the Court is limited to vehicle seizures incident to criminal arrests" and directed the parties "to submit their proposed revised rules and regulations within thirty days of the adoption of [the Clarification R&R], if it is adopted."  (Clarification R&R 4, 6.)  On September 7, 2019, the Court adopted the unopposed Clarification R&R.  (Order Adopting Clarification R&R dated Sept. 7, 2019.)

### iii.  The parties' draft proposals

Following the Court's denial of the parties' motion for clarification, (*id.*), the parties continued to exchange drafts and submit letters to the Court outlining their respective positions.[6]  On November 15, 2019, the parties filed competing drafts of the proposed post-deprivation procedures for notice and hearing.  (Ltr dated Nov. 15, 2019, Docket Entry No. 69; Ltr. dated Nov. 15, 2019, Docket Entry No. 70.)  On August 6, 2021, Judge Scanlon issued a report and recommendation recommending that the Court "approve the parties' four agreed-upon proposed remedies, and direct the parties to prepare additional submissions on proposed revised rules and regulations for post-seizure procedures for notice and opportunity for a hearing" (the "August 2021 Proposals R&R").  (Aug. 2021 Proposals R&R 1, Docket Entry No. 77.)  On August 26, 2021, the Court adopted an unopposed report and recommendation from Judge Scanlon requiring that (i) within five business days of a vehicle seizure, the Port Authority Police Department must send notice of the seizure to titled owners, registered owners and lienholders via certified mail;

---

[6]  (*See* Mot. for Extension of Time to File Proposed Revised Rules and Regulations, Docket Entry No. 67; Second Mot. for Extension of Time to File Proposed Revised Rules and Regulations, Docket Entry No. 68; Ltr. dated Nov. 15, 2019, Docket Entry No. 69; Ltr. dated Nov. 15, 2019, Docket Entry No. 70; Status Rep., Docket Entry No. 73; Status Rep., Docket Entry No. 75.)

(ii) the notice should indicate the right to a hearing; (iii) the notice should explain the hearing process; and (iv) the titled owner, registered owner or lienholder is responsible for paying the towing fee when a car must be seized and towed for safekeeping after the arrest of the driver. (August 2021 Order.)  In the August 2021 Order, the Court also directed the parties to file additional submissions regarding the revised proposed procedures, including a joint submission regarding (i) the draft notice letter; (ii) clarification regarding the proposed forum for the post-deprivation hearing; (iii) procedures for the arrangement of the post-deprivation hearing; (iv) procedures for when storage fees begin to accrue; and (v) the issues to be adjudicated in the post-deprivation hearing.  (August 2021 Order 4, 6.)

On December 16, 2024, Defendant moved for the Court to approve the Proposed Procedures as consistent with constitutional due process requirements, and Plaintiff opposed the motion.  (Def.'s Mot.; Pl.'s Opp'n.)  On December 17, 2024, the Court referred the motion to Judge Marutollo for a report and recommendation.  (Order Referring Mot. dated Dec. 17, 2024.)

### a.  Report and recommendation

Judge Marutollo recommended that the Court grant Defendant's motion to approve the Proposed Procedures.  (R&R 2.)  First, Judge Marutollo concluded that, contrary to Plaintiff's argument, approval of the Proposed Procedures does not constitute an advisory opinion because determining that the Proposed Procedures "pass constitutional muster" is necessary for the enforcement of the Court's prior order.  (*Id.* at 10–11.)  Second, Judge Marutollo found that the Proposed Procedures satisfy the due process requirements set forth in the report and recommendation adopted by the Court in the August 2021 Order.  (*Id.* at 11.)  Specifically, Judge Marutollo explained that Defendant's (i) "notice mechanism"; (ii) "proposed forum for the [post-deprivation] hearing"; (iii) post-deprivation procedures for arranging a hearing and deadline by which a claimant may seek a hearing; (iv) "procedures regarding when storage fees begin to

accrue"; and (v) "adjudication procedure," satisfy due process.  (*Id.* at 11–26.)  Judge Marutollo

also explained that "[t]he law of this Circuit allows for Defendant's proposed amendment

process."  (*Id.* at 27.)

## II.  Discussion

### a.  Standard of review

A district court reviewing a magistrate judge's recommended ruling "may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate

judge."  28 U.S.C. § 636(b)(1)(C).  When a party submits a timely objection to a report and

recommendation, the district court reviews *de novo* the parts of the report and recommendation

to which the party objected.  *Id.*; *United States v. Romano*, No. 15-992, 2022 WL 402394, at *3

(2d Cir. Feb. 10, 2022) (citing *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015)); *see*

*also Houghtaling v. Eaton*, No. 22-638, 2023 WL 113840, at *2 n.3 (2d Cir. Jan. 5, 2023)

(noting that the district court conducted a *de novo* review of the magistrate judge's report and

recommendation and addressed the plaintiff's objections).  The district court may adopt those

portions of the recommended ruling to which no timely objections have been made, provided no

clear error is apparent from the face of the record.  *See S.J. v. N.Y.C. Dep't of Educ.*, No. 21-240,

2022 WL 1409578, at *1 n.1 (2d Cir. May 4, 2022) (noting that the district court applied the

correct legal standard in conducting *de novo* review of portions of the magistrate judge's report

to which specific objections were made and reviewing portions not objected to for clear error).

The clear error standard also applies when a "party makes only conclusory or general objections,

or simply reiterates his original arguments."  *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120

(2d Cir. 2022) (quoting *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009)); *Wu v.*

*Good Samaritan Hosp. Med. Ctr.*, 815 F. App'x 575, 579 (2d Cir. 2020) ("Merely referring the

court to previously filed papers or arguments does not constitute an adequate objection under . . .

Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))); Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations.").  Where, however, a party takes "issue with a specific legal conclusion in the report and recommendation," a district court reviews the objected-to portions of the report and recommendation *de novo*.  *Miller*, 43 F.4th at 120–21 (concluding that the plaintiff's objection, although revisiting an issue already argued, should have been reviewed *de novo* where the plaintiff objected to a "specific legal conclusion in the report and recommendation," and noting that clear error is normally applied "when the objections are nonspecific or 'merely perfunctory responses . . . argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition'" (alteration in original) (citing *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006))).

### b.   Plaintiff's objections to the R&R

Plaintiff requests that "the Court now reject the [R&R] in its entirety, or compel and require [Defendant] to re-draft new language to clarify its procedures . . ."  (Pl.'s Objs. 21.)  First, Plaintiff objects to the R&R on the basis that Judge Marutollo failed to consider relevant precedent.  (*Id.* at 2–14.)  In support, Plaintiff argues that (i) Judge Marutollo fails to apply the *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), balancing test[7] to the portion of the Proposed Procedures that affords a party neutral review only upon request, (ii) the New York Court of

---

[7]   In *Mathews v. Eldridge*, the Supreme Court provided a three-factor balancing test for determining whether an administrative procedure violates due process, which considers (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation . . . through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  424 U.S. 319, 335 (1976).

Appeals has "rejected the notion that neutral review can be limited to only situations where a person makes a request," (iii) Supreme Court and Second Circuit precedent support requiring neutral review in all cases, and (iv) the Court's March 2018 Order indicates that neutral review is required in all cases.  (*Id.*)  Second, Plaintiff argues that Judge Marutollo's recommendations exceed the scope of the Court's August 2021 Order and constitute an advisory opinion by considering (i) procedures for civil-related seizures and detention and (ii) procedures beyond the four agreed-upon remedies related to notice requirements and towing fees.  (*Id.* at 15–19.)

Defendant requests that the Court adopt the R&R in its entirety, including the portions to which Plaintiff "has not specifically objected"— namely, "Judge Marutollo's findings as to the facts and procedural history set forth in the [R&R]" — and deny Plaintiff's request to require Defendant to re-draft the Proposed Procedures.  (Def.'s Resp. 2, 11.)  First, Defendant argues that Judge Marutollo correctly considered relevant precedent, including *Mathews*, and that the legal authority Plaintiff relies upon does not provide a basis to reject the R&R.  (*Id.* at 2–8.)  Second, Defendant argues that the R&R is consistent with the Court's prior orders.  (*Id.* at 8–11.)

### c.  The Court grants Defendant's motion to approve the Proposed Procedures

As discussed below, the Court grants Defendant's motion to approve the Proposed Procedures because the Proposed Procedures satisfy due process and are consistent with the Court's prior orders.

### i.  The Proposed Procedures satisfy due process

Plaintiff argues that Defendant's "insist[ence] that no review of the decision to seize and impound the vehicle is required, absent a request from an affected person" only "confirms . . . that . . . [Defendant] does not intend to have neutral review."  (Pl.'s Objs. 2.)  First, Plaintiff argues that Judge Marutollo erred because he failed to apply the *Mathews* test to Defendant's proposal to afford Interested Parties a hearing only upon request and notes that "[t]he R&R . . .

contains no *Mathews* analysis whatsoever." (*Id.* at 2, 3 n.2.) In support, Plaintiff argues that the *Mathews* balancing test weighs in favor of finding that the Proposed Procedures violate due process because (i) Plaintiff has a substantial ownership interest in its vehicles, (ii) the Proposed Procedures create a high risk of erroneous deprivation "because everything [Defendant] does to purportedly afford due process depends upon [Defendant] properly sending an early notice to interested parties," and (iii) "Defendant's interest in not checking its actions for errors unless someone requests that [Defendant] do so" is a "minimal intrusion" in Defendant's daily operations. (*Id.* at 3–7.) In addition, Plaintiff contends that "[w]ithout a *Mathews* analysis by . . . Defendant, the court is left short-changed, and of necessity would reach an incorrect conclusion." (*Id.* at 3 n.2.) Second, Plaintiff argues that relevant authorities from the New York Court of Appeals, the Supreme Court, and the Second Circuit support rejecting the R&R. (*Id.* at 8-11.) Plaintiff argues the "singular case directly on point," *County of Nassau v. Canavan*, 1 N.Y.3d 134, 145 (2003), requires "neutral review in every case, not merely in the cases where a request is made" and that Judge Marutollo "mistakenly and inappropriately" rejects *Canavan* merely because it "was a judicial forfeiture case." (*Id.* at 8–9 (citation omitted).) Plaintiff also argues that Supreme Court precedent supports requiring neutral review in all cases to protect "[an] individual's opportunity to come forward and speak in his own defense" and "to avoid mistaken deprivation of property" by the government. (*Id.* at 9–10 (citations omitted).) Fourth, Plaintiff argues that Second Circuit precedent strongly supports requiring neutral review in all cases because the Second Circuit has found "that a municipality may properly detain and refuse to release a vehicle only if it affords a 'prompt post-seizure, pre-judgment hearing before a neutral judicial or administrative officer.'" (*Id.* at 10–11 (quoting *Krimstock v. Kelly*, 306 F.3d 40, 67 (2d Cir. 2002), *abrogated by Culley v. Marshall*, 601 U.S. 377 (2024)).) Fifth, Plaintiff

argues that the Summary Judgment R&R indicates that neutral review is required in all cases because it stated that "[t]he days of government seizure without a hearing because of the government's need for funds are long gone" and "that the government must be responsible for arranging and conducting the [post-deprivation] hearing."  (*Id.* at 11–12 (emphasis omitted) (quoting Summ. J. R&R 1, 20).)

Defendant argues that Plaintiff's objections do not constitute a valid basis upon which the Court may reject Judge Marutollo's recommendations in the R&R.  (Def.'s Resp. 2.)  First, Defendant argues that Plaintiff's position that Judge Marutollo failed to conduct a *Mathews* analysis and that his failure to do so "stems from [Defendant's] supposed failure to conduct a *Mathews* analysis 'to justify its position'" "is patently incorrect" because (i) Judge Marutollo "expressly considers the three-part test set forth in *Mathews*" and (ii) Defendant "articulated the *Mathews* test and why the Proposed Procedures satisfied the standard" in its briefing.  (*Id.* at 3–4 (citation omitted).)  Second, Defendant argues that the Court should deny Plaintiff's objections because "the relevant authorities support the [R&R's] conclusion."  (*Id.* at 5.)  In support, Defendant argues that *Canavan* "is readily distinguishable" because "[t]he due process considerations before the *Canavan* court — the government's efforts to forfeit the property of a criminal defendant — are completely distinct from those before the Court where [Defendant] is acting in its capacity as a proprietor to ensure the safe and orderly operations of its facilities." (*Id.* at 5–6.)  Defendant argues that Plaintiff's "reading of *Fuentes v. Shevin*, 407 U.S. 67 (1972) is similarly erroneous" because "the *Fuentes* court characterized the requirements of due process as requiring only an opportunity for a hearing."  (*Id.* at 6–7.)  Defendant also argues that Plaintiff's reliance on *Krimstock* "is equally misplaced" because *Krimstock's* requirement that "interested parties . . . be given 'an opportunity to test the probable validity' of the government's

retention of the vehicle . . . was abrogated in 2024 by *Culley v. Marshall*, 601 U.S. 377 (2024)." (*Id.* at 7 (citation omitted).)  In addition, Defendant contends *Krimstock* and *Culley* are factually distinguishable because "they addressed instances in which the government was seeking, through forfeiture actions to extinguish vehicle owners' property rights."  (*Id.* at 8.)

The Constitution imposes "constraints," ordinarily in the form of notice and a pre-deprivation hearing, on "governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."  *Mathews*, 424 U.S. at 332; *Hadwan v. U.S. Dep't of State*, 139 F.4th 209, 225 (2d Cir. 2025) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" (quoting *Mathews*, 424 U.S. at 348)); *Liberian Cmty. Ass'n of Conn. v. Lamont*, 970 F.3d 174, 196 (2d Cir. 2020) (Chin, J., concurring in part and dissenting in part) (quoting *Mathews*, 424 U.S. at 332).  "The [Fourteenth Amendment's] Due Process Clause protects [persons] against deprivations of life, liberty, or property without due process of law," *Cullen v. Mello*, No. 23-413, 2024 WL 1904571, at *1 (2d Cir. May 1, 2024), and "those who seek to invoke its procedural protection must establish that one of these interests is at stake," *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016) (quoting *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012)).  "To plead a violation of procedural due process, a plaintiff must plausibly allege that [s]he was deprived of property without constitutionally adequate pre- or post-deprivation process."  *Gentleman v. State Univ. of N.Y. Stony Brook*, No. 21-CV-1102, 2022 WL 1447381, at *2 (2d Cir. May 9, 2022) (quoting *J.S. v. T'Kach*, 714 F.3d 99, 105 (2d Cir. 2013)).  "Thus, to plausibly state a claim, 'a plaintiff must first identify a property right, second show that the government has deprived h[er] of that right, and third show that the deprivation was effected without due process.'"  *Id.* (alteration in original) (internal

quotations omitted) (quoting *J.S.*, 714 F.3d at 105); *see Garland v. N.Y.C. Fire Dep't*, No. 23-663, 2024 WL 445001, at *2 (2d Cir. Feb. 6, 2024) (explaining that "[t]o determine whether a plaintiff was deprived of property without due process," the court "must first identify the property interest involved" and then "must determine whether the plaintiff received constitutionally adequate process in the course of the deprivation"), *cert. denied*, 145 S. Ct. 266 (2024); *Reyes v. Fischer*, 934 F.3d 97, 106 (2d Cir. 2019) (recognizing that a court first asks, "whether there exists a liberty or property interest of which a person has been deprived and if so . . . whether the procedures followed by the State were constitutionally sufficient" (quoting *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011))).

"The touchstone of due process . . . is 'the requirement that a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it.'" *Spinelli v. City of New York*, 579 F.3d 160, 169 (2d Cir. 2009) (second alteration in original) (quoting *Mathews*, 424 U.S. at 348–49); *see also Mathews*, 424 U.S. at 333 ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965))); *Eaton v. Estabrook*, 144 F.4th 80, 91 (2d Cir. 2025) (explaining that the "'touchstone of due process' . . . 'is protection of the individual against arbitrary action of [the] government'" (quoting *Edrei v. Maguire*, 892 F.3d 525, 533 (2d Cir. 2018))). "In determining 'what process is due,' we recognize that 'due process is flexible and calls for such procedural protections as the particular situation demands.'" *Francis v. Fiacco*, 942 F.3d 126, 142–43 (2d Cir. 2019) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)); *see Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 434 (1982) (recognizing that the process due in any given situation "will depend on appropriate accommodation of the competing interests involved" (quoting *Goss v. Lopez*, 419

U.S. 565, 579 (1975))); *Black v. Decker*, 103 F.4th 133, 148 (2d Cir. 2024) ("[D]ue process is flexible,' . . . and . . . 'calls for such procedural protections as the particular situation demands." (citation omitted)); *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) ("[D]ue process is flexible and calls for such procedural protections as the particular situation demands." (quoting *Brody v. Vill. of Port Chester*, 434 F.3d 121, 134 (2d Cir. 2005))).  Ultimately, however, "[t]here is no universal approach to satisfying the requirements of meaningful notice and opportunity to be heard in a situation such as this."  *Krimstock*, 306 F.3d at 69 (citations omitted); *see Fuentes*, 407 U.S. at 96 (acknowledging that the "nature and form of [fair hearings] . . . are legitimately open to many potential variations"); *DeMichele v. Greenburgh Cent. Sch. Dist. No. 7*, 167 F.3d 784, 791 (2d Cir. 1999) ("There is no rigid formula that determines the constitutional sufficiency of the process employed in connection with any given deprivation of a protected interest.").

### 1.  Judge Marutollo did conduct a *Mathews* analysis

As a preliminary matter, the Court concludes that Judge Marutollo analyzed whether the Proposed Procedures satisfied due process under the *Mathews* framework.  Judge Marutollo relies on *Mathews* throughout the R&R, (R&R 10, 19–20, 23), and, at the outset, explained that satisfying due process requires the court to weigh the private interests, risk of erroneous deprivation, and the government's interests, (*id.* at 8–9 (quoting *Cullen*, 2024 WL 1904571, at *2)).  In addition, in analyzing the Proposed Procedures' provision for providing a hearing only upon request, Judge Marutollo explained that the court "maintains a flexible and multifaceted approach tailored to the particular situation's demands" when "determining whether the burdens between the government and interested parties" in initiating review "have been allocated in a way that comports with due process," (*id.* at 19 (first citing *Liberian Cmty. Ass'n*, 970 F.3d at 191–92; then citing *Mathews*, 424 U.S. at 346; and then citing *Bowers v. City of Herrin*, No. 6-

CV-4012, 2006 WL 3147707, at 3 (S.D. Ill. Nov. 1, 2006))).  Judge Marutollo then found that "[d]ue process 'requires an *opportunity for a hearing* before the State authorizes its agents to seize property in the possession of a person upon the application of another,'" (*id.* at 20 (citations omitted)), and that "controlling precedent" supports weighing "the government's interest, including the function involved and the fiscal burdens that the additional or substitute procedural requirement would entail," (*id.* (citing *Mathews*, 424 U.S. at 335)).  After determining that due process requires only the *opportunity* for a hearing, Judge Marutollo concluded that "the proposed mechanisms for arranging the post-deprivation hearing satisf[y] the minimum standards of due process" because "the notice mechanisms are reasonably calculated to give a claimant an opportunity to avail herself of a procedure to contest the seizure." (*Id.* at 21–22.) Accordingly, because Judge Marutollo weighed the parties' burdens against the risk that the notice would not permit claimants to avail themselves of a post-deprivation hearing, Judge Marutollo appropriately conducted a *Mathews* analysis in determining that the Proposed Procedures satisfy due process.  *See Mathews*, 424 U.S. at 335 (explaining that courts must consider (1) "the private interest that will be affected," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards" and (3) "the [g]overnment's interest").[8]

---

[8]  Plaintiff also argues that "[w]ithout a *Mathews* analysis by . . . Defendant, the [C]ourt is left short-changed, and of necessity would reach an incorrect conclusion." (Pls.' Objs. at 3 n.2.)  Defendant argues that its motion "expressly considers the three-part test set forth in *Mathews*" and why the Proposed Procedures satisfy due process. (Def.'s Resp. 3–4.)  As Defendant explains, the Court finds that Defendant's motion "expressly considers the three-part test set forth in *Mathews*" and also explains why the Proposed Procedures satisfy due process. (Def.'s Resp. 3–4; Def.'s Mot. 3–4 (explaining that "courts rely on the test in *Mathews v. Eldridge*" in order "[t]o determine whether there have been sufficient procedural protections" before arguing that the Proposed Procedures "meet the requirements of procedural due process").)

## 2. Providing a hearing only upon request does not violate due process

The Court finds that providing a hearing only upon request does not violate due process. First, as discussed in the Summary Judgment R&R, Plaintiff, as the owner of a vehicle, had a "protected possessory interest" in the vehicle impounded by Defendant. (R&R 14.) *See Krimstock*, 306 F.3d at 61 ("An 'individual has an important interest in the possession of his [or her] motor vehicle,' which is 'often his [or her] most valuable possession.'" (alterations in original) (citations omitted)); *Alexandre v. Cortes*, 140 F.3d 406, 411 (2d Cir. 1998) ("[I]t is clear that the substantial sums that [the plaintiff] paid for the [vehicle] gave him a protected possessory interest in the car."); *see also Harrell v. City of New York*, 138 F. Supp. 3d 479, 493 (S.D.N.Y. 2015) ("The private interest affected here — possession of the vehicle — is significant."). Second, the Proposed Procedures' provision requiring Interested Parties to request a post-deprivation hearing does not violate due process because due process only requires the government to provide an *opportunity* for a hearing "at a meaningful time and in a meaningful manner." *See Hadwan*, 139 F.4th at 225 ("The fundamental requirement of due process is *the opportunity to be heard* 'at a meaningful time and in a meaningful manner.'" (emphasis added) (quoting *Mathews*, 424 U.S. at 333)); *see also Viaids Lab'ys, Inc. v. U.S. Postal Serv.*, 464 F. Supp. 976, 981 (S.D.N.Y. 1979) ("Due process requires not that the plaintiffs be given a hearing, but rather merely that they be given the opportunity for a hearing." (citing *Nat'l Indep. Coal Operators' Ass'n v. Kleppe*, 423 U.S. 388, 398–402 (1976))). The Proposed Procedures provide "that a hearing may be obtained by each of the Interested Parties," (Proposed Procedures § 3(b)), and the Notice sent to Interested Parties, including owners and lienholders, explains that they "are entitled to a hearing regarding [Defendant's] seizure, including any continued impoundment of the[ir] vehicle" and directs them to "[a]dditional information regarding the hearing

16

procedure," (Proposed Notice 2).  The Notice also explains that Defendant will "schedule a hearing and provide notice of the date, time and place of the hearing" after an Interested Party "submit[s] the completed Hearing Request Form" attached to the Notice.  (*Id.*)  Following the hearing, a hearing officer issues a written decision.  (Proposed Procedures § 7(b).)  Weighed against the government's interest in ensuring road safety, (Proposed Procedures § 1), this process is reasonably calculated to provide owners and lienholders notice of seizure and an opportunity to challenge the seizure of their vehicle.  *See Toyota Lease Tr. v. Vill. of Freeport*, No. 20-CV-2207, 2023 WL 4443992, at *9 (E.D.N.Y. Jan. 24, 2023) ("[P]rocedures relating to vehicle seizures should include that 'notice must be sent to titled owners, registered owners and record lienholders of the seized vehicles . . . ; that notice must be sent promptly after the seizure; that notice must clearly provide an opportunity for a hearing; and that the government must be responsible for arranging and conducting the hearing . . .'" (citations omitted)), *report and recommendation adopted*, 2023 WL 4449333 (E.D.N.Y. Mar. 30, 2023); *Crown Castle NG E. LLC v. Town of Oyster Bay*, No. 17-CV-3445, 2020 WL 4587653, at *17 (E.D.N.Y. Feb. 21, 2020) ("Notice and an opportunity to be heard are the hallmarks of due process." (citation omitted)), *report and recommendation adopted,* 2020 WL 2393915 (E.D.N.Y. May 12, 2020); *Rios v. Town of Huntington Hous. Auth.*, 853 F. Supp. 2d 330, 333, 340–44 (E.D.N.Y. 2012) (finding "that an Article 78 proceeding provides adequate post-deprivation process" where the onus was on plaintiff to "initiate an Article 78 proceeding . . . to challenge the [public housing authority]'s determination" that she was ineligible for a voucher program).  In addition, the risk of erroneous deprivation to Interested Parties is low because the Notice is sent to "any [p]erson whose ownership or security interest in a [v]ehicle can be determined by conducting a reasonably thorough title/lien search for the [v]ehicle" within five days of the vehicle's delivery at a storage

location.  (Proposed Procedures §§ 1, 3(b)); *see United States v. Brome*, 942 F.3d 550, 553 (2d Cir. 2019) (explaining that, in the civil forfeiture context, "the [g]overnment does not need to 'provide actual notice,'" rather "it is enough that it '*attempt to provide* actual notice'" (quoting *Dusenbery v. United States*, 534 U.S. 161, 170 (2002))); *Dusenbery*, 534 U.S. at 170 (explaining that the government "*must attempt to provide* actual notice").

Plaintiff relies primarily on *Canavan*, 1 N.Y.3d at 145, *Krimstock*, 306 F.3d at 49, and *Fuentes*, 407 U.S. at 97 to argue that the Proposed Procedures' provision for a hearing only upon request violates due process.  (*See* Pl.'s Objs. 8–11.)  However, Plaintiff's reliance on these cases is misplaced.  In *Canavan*, the New York Court of Appeals concluded that "prompt post-seizure hearings be provided to all defendants whose vehicles are seized and held for forfeiture, not merely those who request them," where the defendant challenged the "validity of [a county] civil forfeiture statute, pursuant to which [her] car was seized." 1 N.Y.3d at 137, 145.  Similarly, in *Krimstock*, the Second Circuit addressed "[t]he government's seizure and retention of property under civil forfeiture statutes" and determined that due process "requires that plaintiffs be afforded a prompt post-seizure, pre-judgment hearing before a neutral judicial or administrative officer." 306 F.3d at 51, 67.  In contrast to civil forfeiture cases, where "the [g]overnment has a direct pecuniary interest in the outcome of the proceeding," *Canavan*, 1 N.Y.3d at 143, Defendant's interest in seizing the vehicle is based on its "reasonable judgment" that "the [v]ehicle is likely to cause safety, security or operational concerns," (Proposed Procedures § 1). In *Fuentes*, the Supreme Court found that Florida's and Pennsylvania's prejudgment replevin statutes violated due process "insofar as they deny the right to a prior opportunity to be heard before chattels are taken from their possessor." 407 U.S. at 96.  The *Fuentes* Court explained that due process is afforded by hearings "aimed at establishing . . . the probable validity . . . of

18

the underlying claim against the alleged debtor" and emphasized that its holding was "a narrow one." *Id.* at 96–97. As discussed above, the Proposed Procedures, which allow Interested Parties to contest the validity of a vehicle's removal at a post-deprivation hearing, provide a meaningful opportunity to be heard. In addition, as the August 2021 Proposals R&R acknowledged, "the nature and form of [fair hearings] are legitimately open to many potential variations," and "[t]here is no universal approach to satisfying the requirements of meaningful notice and opportunity to be heard in a situation such as this." (*See* Aug. 2021 Proposals R&R 11–12 (internal quotation marks omitted) (citing *Fuentes*, 407 U.S. at 96)); *see also United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 57 (1993) (explaining that the Supreme Court has found post-deprivation notice and hearing sufficient where "the [property] might have disappeared had the [g]overnment given advance warning of the forfeiture action" (citing *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 679 (1974))); *Spinelli*, 579 F.3d at 170 ("The 'timing and nature of the required hearing will depend on appropriate accommodation of the competing interests involved.'" (citation omitted)). Lastly, the Court finds unpersuasive Plaintiff's arguments that the Summary Judgment R&R indicated that neutral review was required in all cases. Although that Summary Judgment R&R provided that "[t]he days of government seizure without a hearing . . . are long gone" and "that the government must be responsible for arranging and conducting the [post-deprivation] hearing," (Summ. J. R&R 1, 20), the Proposed Procedures explain that Defendant will arrange a hearing at an Interested Party's request. (Proposed Procedures §§ 3(d)–(f), 4.) Thus, because the Proposed Procedures require the government to be responsible for arranging and conducting the hearing, the Proposed Procedures are consistent with the Summary Judgment R&R.

Accordingly, the Court finds that the Proposed Procedures satisfy due process.[9]

### ii.    The Proposed Procedures are consistent with the Court's prior orders

Plaintiff argues that the Proposed Procedures exceed the scope of the Court's prior orders because (1) "the Court ordered that the subject matter of this case [be] limited to procedures pertaining to only vehicles seized incident to criminal arrest," (Pl.'s Objs. 15 (citing Clarification R&R 4)), and (2) the Court directed the Proposed Procedures to "specifically address" the parties' four agreed-upon remedies: (i) "notice," (ii) "the fact that notice must indicate the right to a neutral review," (iii) "the requirement that notice must explain the neutral review process," and (iv) "the observation that a tow fee must be paid," (*id.* at 17).  In support, Plaintiff argues that Judge Marutollo, "notwithstanding the . . . 'law of the case,'" improperly reviewed the portions of the Proposed Procedures which contained proposals for civil-related seizures despite the Court limiting "the subject matter of this case" to "vehicles seized incident to criminal arrest."  (*Id.* at 15–16.)  Second, Plaintiff argues that "Judge Marutollo . . . offer[ed] an advisory opinion" by declining to limit his review to the four agreed-upon remedies because the Proposed Procedures "went far beyond this Court's directive" by seeking review of a "myriad of other matters," such as "a provision that allows [Defendant] to deem a vehicle abandoned" and auction the seized, abandoned vehicle.  (*Id.* at 17–18 (footnote omitted).)

Defendant argues that the R&R is consistent with the Court's prior orders.  First, Defendant argues that Judge Marutollo's finding that it was appropriate to determine whether the Proposed Procedures "complied with due process requirements" and that such a determination did not constitute an advisory opinion "is consistent with Magistrate Judge Scanlon and this

---

[9]  Because Plaintiff only challenges whether Defendant's proposal for a hearing only upon an Interested Party's request provides sufficient due process under *Mathews*, (*see generally* Pl.'s Objs.), the Court only addresses this argument.

Court's prior rulings in this case and the *Santander* [*Consumer USA, Inc. v. Port Auth. of N.Y. and N.J.*, No. 20-CV-1997, 2022 WL 3099239, at *11 (E.D.N.Y. Aug. 4, 2022)] matter, in which the Court declined to impose specific policies and instead directed [Defendant] to revise its policies in a manner that comported with the Courts findings."[10] (Def.'s Resp. 8 (citations omitted).) Second, Defendant argues that Plaintiff "ignore[s] the fact that while this matter arose from a seizure incident to criminal arrests, additional litigation has addressed the towing practices of the Port Authority more broadly" and that the Proposed Procedures "are designed to address the due process issues" identified "in those parallel litigations." (*Id.* at 9.) Third, Defendant argues that Plaintiff's "reliance on the law-of-the-case doctrine . . . is similarly misplaced" because Plaintiff has "not provide[d] a 'cogent' or 'compelling' basis" for "th[e] Court to ignore its rulings here and in the *Santander* cases and limit the Proposed Procedures to arrest-related vehicle seizures." (*Id.* at 10.) Defendant argues that the protections provided to interested parties in their vehicles "apply whether the impound occurred incident to arrest or not." (*Id.*)

---

[10] In *Santander*, the Court found "Defendant's policy of towing and impounding vehicles it deems abandoned, denying the release of the [v]ehicles until the owner pays towing and storage fees, and acquiring the vehicle if the owner does not claim it in ten days — without a hearing . . . unconstitutional" under the Fourteenth Amendment. *Santander Consumer USA, Inc. v. Port Auth. of N.Y. & N.J.*, No. 20-CV-1997, 2022 WL 3099239, at *10 (E.D.N.Y. Aug. 4, 2022) (quoting *HVT, Inc. v. Port Auth. of N.Y. & N.J.*, No. 15-CV-5867, 2018 WL 3134414, at *9 (E.D.N.Y. Feb. 15, 2018), *report and recommendation adopted*, 2018 WL 1409821 (E.D.N.Y. Mar. 21, 2018))). The Court acknowledged that it had, in *HVT, Inc. v. Port Auth. of N.Y. & N.J*, "previously directed Defendant to submit proposed revised regulations or procedures related to vehicle seizures incident to criminal arrests" and directed Defendant to also "submit revised regulations related to civil incident car seizures to the Court for review." *Id.* at *13 (first citing *HVT, Inc. v. Port Auth. of N.Y. & N.J.*, No. 15-CV-5867, 2021 WL 3828475, at *2 (E.D.N.Y. Aug. 26, 2021); and then citing *HVT, Inc. v. Port Auth. of N.Y. & N.J.*, No. 15-CV-5867, 2019 WL 9828488, at *2 (E.D.N.Y. Aug. 23, 2019)).

Once a plaintiff has proven municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), "it is within the power and discretion of the court to remedy the constitutional deprivation by awarding monetary damages or equitable relief or both, depending on its assessment of what the particularities of the case require." *MacIssac v. Town of Poughkeepsie*, 770 F. Supp. 2d 587, 596 (S.D.N.Y. 2011) (citing Richard D. Freer, Fed. Prac. & Proc. Juris. § 3573.2 (3d ed. 2010)); Richard D. Freer, Fed. Prac. & Proc. Juris. § 3573.2 (3d ed. 2025) ("[Section 1983] allows relief 'in an action at law, suit in equity, or other proper proceeding for redress.' This permits the federal courts to use any available remedy to make good the wrong suffered."). It is up to "the district court, in consultation with the parties, to fashion appropriate procedural relief consistent with [its] opinion." *Krimstock*, 306 F.3d at 69; *see also Fuentes*, 407 U.S. at 97 n.33 ("Leeway remains to develop a form of hearing that will minimize unnecessary cost and delay while preserving the fairness and effectiveness of the hearing . . . ."); *Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 496 (2d Cir. 2009) ("As a general matter, federal courts have leeway to fashion appropriate relief, and '[a]ppellate tribunals have accorded district courts broad discretion to frame equitable remedies [for constitutional violations] so long as the relief granted is commensurate with the scope of the constitutional infraction.'" (alterations in original) (quoting *Todaro v. Ward*, 565 F.2d 48, 54 n.7 (2d Cir. 1977))).

Neither Judge Marutollo's recommendations in the R&R nor the Proposed Procedures exceed the scope of the Court's prior orders. First, although the Court adopted Judge Scanlon's report and recommendation explaining that "[t]he holding of the Court is limited to vehicle seizures incident to criminal arrests" in September of 2019, (Clarification R&R 4; Order dated Sept. 7, 2019), the Court subsequently directed Defendant "to submit revised regulations related

to civil-incident car seizures to the Court for review" in August of 2022. *Santander Consumer USA, Inc.*, 2022 WL 3099239, at *13. In view of this Court's decision in *Santander*, it was appropriate for Defendant to propose regulations addressing "seizure[s], whether by towing or otherwise, of a [v]ehicle from a facility" where "the [v]ehicle is likely to cause safety, security or operational concerns." (Proposed Procedures § 1); *Headd v. Parts Auth., LLC*, No. 21-CV-6219, 2021 WL 4482152, at *1 (S.D.N.Y. Sept. 30, 2021) ("The law-of-the-case doctrine 'applies as much to the decisions of a coordinate court in the same case as to a court's own decisions' . . . ." (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 802 (1988))).

Second, the Proposed Procedures are consistent with the agreed-upon remedies and the additional submissions requested by Judge Scanlon in the August 2021 Proposals R&R and the Court in the August 2021 Order. In the August 2021 Proposals R&R, Judge Scanlon requested additional submissions and recommended that the Court, among other things, "approve as satisfying due process" several procedures addressing notice and towing fees "when a car must be seized and towed for safekeeping . . ." (Aug. 2021 Proposals R&R 12–16.) The Court adopted the August 2021 Proposals R&R and directed the parties to file additional submissions regarding (1) the draft notice letter; (2) the proposed forum for the post-deprivation hearing; (3) procedures for arranging the post-deprivation hearing; (4) procedures accrual of storage fees; and (5) the issues to be adjudicated in the post-deprivation hearing. (August 2021 Order 4, 6.) As discussed above, (*see supra* section I.a.), the Proposed Procedures, address the topics and issues that the Court previously directed the parties to address, (*see generally* Proposed Notice; Proposed Procedures), and provide a proposed amendment process, (Proposed Procedures § 12). To the extent the proposed amendment process is not expressly covered in the Court's prior orders, it is a "logical outgrowth of the rule proposed." *See Lab. Council for Latin Am.*

*Advancement v. U.S. Env't Prot. Agency*, 12 F.4th 234, 247 (2d Cir. 2021) ("[A]n agency may modify a rule through the notice-and-comment process so long as the agency's modification is rational and 'the agency's path may reasonably be discerned.'" (quoting *Cooling Water Intake Structure Coal. v. EPA*, 905 F.3d 49, 71 (2d Cir. 2018))); *see also Santander Consumer USA, Inc. v. City of Yonkers*, No. 22-CV-8870, 2024 WL 4817649, at *14 (S.D.N.Y. Nov. 18, 2024) (granting the plaintiff's request for declaratory judgment and allowing the defendant to "revise its policies, practices, and customs consistent with th[e] [court's] decision . . . . to ensure that appropriate due process protections are extended to all interested parties at every relevant stage").  In view of the Court's "broad discretion to frame equitable remedies," *Cooper*, 577 F.3d at 496, the Court finds that the Proposed Procedures are within the scope of the agreed-upon remedies and additional submissions requested in prior orders.  *Krimstock*, 306 F.3d at 69 ("[T]he cost of additional procedures and the details of their implementation are matters peculiarly suited to the experience of the district court and the knowledge of the parties."); *Toyota Lease Tr.*, 2023 WL 4443992, at *12 (E.D.N.Y. Jan. 24, 2023) (explaining that "it is up to 'the district court . . . to fashion appropriate procedural relief consistent with [its] opinion" (quoting *Krimstock*, 306 F.3d at 68–69)).  In addition, because the Proposed Procedures fall within the scope of the agreed-upon remedies and additional submissions requested by the Court, Judge Marutollo's consideration of the Proposed Procedures in the R&R did not exceed the scope of the Court's prior orders and therefore the R&R was not an advisory opinion.  *See Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, No. 11-CV-6746, 2012 WL 4791804, at *6 (S.D.N.Y. Oct. 9, 2012) (explaining that "a preliminar[y] ruling" on the scope of depositions, without a dispute before the court, "would be in the nature of an advisory opinion"); *cf. Azrelyant v. B. Manischewitz Co.*, No. 98-CV-2502, 1999 WL 1129619, at *3 (E.D.N.Y. Oct. 27, 1999)

(finding that the court's determination of the recusal motion "before it was properly filed was not an inappropriate advisory opinion" because it was "useful in settling the legal predicate for further actions by the parties" (citation omitted)).

Accordingly, the Proposed Procedures and Judge Marutollo's recommendations in the R&R are consistent with the Court's prior orders.

## III. Conclusion

For the foregoing reasons, the Court grants Defendant's motion to approve the Proposed Procedures and approves same.  The Court directs Defendant to file a status report within ninety days to confirm that the Proposed Procedures have been implemented as Defendant's policy.

Dated:  September 5, 2025
Brooklyn, New York

SO ORDERED:

s/ MKB
_____
MARGO K. BRODIE
United States District Judge